UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED HEALTHCARE INSURANCE COMPANY and AARP,

Plaintiffs,

CIVIL NO. 01-2320 (RHK/JMM)

v.

ORDER

ADVANCEPCS,

Defendant.

The above matter came on for hearing before the undersigned on February 25, 2002 upon the following Motions:

- Defendant's Motion for Expedited Discovery [Docket No. 9];
- Defendant's Motion to Exclude the Causation Opinion Testimony of Plaintiffs' Expert Claude Martin Jr. Ph.D. [Docket No. 22];
- Plaintiffs' Motion to Strike Affidavit of H. Kirby Bessant [Docket No. 26];
- Defendant's Motion for Entry of Prehearing Order and Request for Evidentiary Hearing [Docket No. 28];
- Defendant's Motion for Leave to File Surreply Brief and Exhibits [Docket No. 30]; and
- Plaintiffs' Amended Motion to Strike Affidavits of H. Kirby Bessant and Don Johnson and to Strike Defendant's Motions [Docket No. 37].

David B. Potter, Esq., Maureen Testoni, Esq., Michael J. Lyle, Esq., Christine P. Hsu, Esq. and Gaye Adams-Massey, Esq. appeared on behalf of Plaintiff United Healthcare Insurance Company; Mark J. Briol, Esq. and Vicki J. Bitner, Esq. appeared on behalf of Plaintiff AARP; Scott G. Knudson, Esq., Mary J. Hackett, Esq. and W. Thomas McGough, Jr., Esq. appeared on behalf of Defendant Advancepcs.

MAR 04 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED:

1. Defendant's Motion for Expedited Discovery [Docket No. 9] is denied.

2. Defendant's Motion to Exclude the Causation Opinion Testimony of Plaintiffs' Expert Claude Martin Jr. Ph.D. [Docket No. 22] is denied.

3. Plaintiffs' Motion to Strike Affidavit of H. Kirby Bessant [Docket No. 26] is denied.

4. Defendant's Motion for Entry of Prehearing Order and Request for Evidentiary Hearing [Docket No. 28] is denied.

5. Defendant's Motion for Leave to File Surreply Brief and Exhibits [Docket No. 30] is denied.

6. Plaintiffs' Amended Motion to Strike Affidavits of H. Kirby Bessant and Don Johnson and to Strike Defendant's Motions [Docket No. 37] is denied.

7. Pursuant to the provisions of Local Rule 72.1(b)(2), any appeal from this Order shall be delivered and filed no later than March 6, 2002.

8. It is recommended that oral argument be heard before the District Court with one hour permitted for Plaintiffs, and one hour for Defendant, commencing at 8:30 a.m. on March 13, 2002.

Dated: March 1, 2002

JOHN M. MASON
United States Magistrate Judge

## MEMORANDUM

This matter was commenced by the filing of the Complaint on December 17, 2001. The Complaint was served on December 21, 2001. Defendant failed to file a response to the Complaint in the time allowed by the Rules of this Court. Prior to Answer by Defendant, Plaintiff served an Amended Complaint on January 15, 2002, as allowed by the provisions of Rule 15(a) of the Federal Rules of Civil Procedure. [Docket No. 4]. On February 4, 2002, Defendant filed a Motion to Dismiss in response to the Amended Complaint. This response also was not timely. Plaintiffs agreed to permit Defendant's untimely responses, but the approval of this Court was not sought or obtained. Given the present procedural status of the matter, we conclude that the District Court should treat the Defendant's Motion to Dismiss as if it were timely filed. We caution the parties that strict compliance with the requirements of the Rules of this Court is required.

## CHRONOLOGY OF MOTIONS AND RELATED PLEADINGS

It is helpful to have in mind the chronological sequence of the Motions under consideration:

**2001**

| | |
|---|---|
| December 17 - | Plaintiffs' Motion for Preliminary Injunction |
| December 26 - | Plaintiffs' letter re Preliminary Injunction Motion filed, Local Rule 7.1(b)(2)(A) |

**2002**

| | |
|---|---|
| January 3 - | Plaintiffs' Memorandum, four Affidavits, and proposed Order in support of Preliminary Injunction delivered |
| January 24 - | Defendant's Memorandum in Opposition (full 35 pages), and Exhibits delivered; no Affidavits |

| | | |
|---|---|---|
| February 6 | - | Defendant writes letter to District Court: (1) Letter "hereby requests that the Court schedule an evidentiary hearing for this matter in early April 2002" and presents argument in support of that relief. (2) Letter transmits Affidavit of Kirby Bessant in opposition to the Preliminary Injunction "so that Advance PCS' factual statements are of record." |
| February 6 | - | Plaintiffs' Reply served - and two Affidavits |
| February 7 | - | Defendant files Affidavit of Kirby Bessant [Docket No. 12] |
| February 7 | - | Parties are advised that the District Court will hear one hour of oral argument on the Motion for Preliminary Injunction on February 15, 2002 |
| February 7 | - | Plaintiffs' Motion for Expedited Discovery [Docket No. 9] |
| February 11 | - | Plaintiffs' Motion to Strike Affidavit of H. Kirby Bessant [Docket No. 26] |
| February 13 | - | Defendant's Motions filed:<br>for Evidentiary Hearing [Docket No. 28]<br>to Exclude Martin Affidavit [Docket No. 22]<br>to file Surreply Brief and Exhibits [Docket No. 30] |
| February 13 | - | Defendant files Affidavit of Don Johnson [Docket No. 25] |
| February 19[1] | - | Plaintiffs' Motion to Strike Defendant's Motions, and to Strike the Affidavits of Bessant and Johnson [Docket No. 37] |

## I. PLAINTIFFS' MOTIONS TO STRIKE DEFENDANT'S AFFIDAVITS [DOCKET NOS. 26 AND 37]

Plaintiffs seek to strike two Affidavits filed by Defendant in Opposition to the Motion for Preliminary Injunction. Defendant filed the Affidavit of Kirby Bessant on February 7, 2002, and directly transmitted a copy to the District Court by letter dated

---

1

Although the pleadings related to this Motion are dated February 15, 2002, they were not served until February 19, and when served, it was by mail, so Defendant did not receive it until the day of the hearing. As a result, Defendant was unable to provide a written response to the Motion, since the hearing on all motions was expedited at the request of the parties.

February 6, 2002. This was improper for a number of reasons. No Rule permitted the filing of this Affidavit, nor does any Rule permit direct communication with the District Court by letter as to a substantive matter.[2] Moreover, the Affidavit was not timely. If it was the desire of Defendant to submit an Affidavit in opposition to the Motion for Preliminary Injunction, the time to have done so was on January 24, 2002, when it filed its Memorandum in Opposition.

Defendant has not offered any credible explanation or excuse for its failure to file this Affidavit at the time it was due, nor for its conduct in delivering the Affidavit and a letter to the District Court. It contends that the Affidavit was filed only after they learned that Plaintiffs would oppose its desire to take discovery and have an evidentiary hearing, and suggests that parties are free to file Affidavits at any time.[3] This argument overlooks the express provisions of Local Rule 7, and the holding of the Court of Appeals in Jetton v. McDonnell Douglas Corp., 121 F.3d 423 (8th Cir. 1997).

Local Rule 7 specifies what materials which are to be served by each party, and when they are to be delivered. If Defendant were to be believed, this Rule would be no more than a suggestion to the parties of the deadlines. In Jetton, the Court of Appeals rejected this point of view, and went even farther. It held that a Local Rule specifying the dates for filing Affidavits in opposition to a Motion took precedence over ("supplements")

---

2

Indeed, the transmittal of the Affidavit directly to the District Court is expressly forbidden by Local Rule 7.1(b)(2): "Counsel are required to file dispositive motions and supporting documents **ONLY AFTER** the motion is fully briefed by all parties pursuant to the time limitations as set forth in Local Rule 7.1(b)(1)." (Emphasis in original). See also Rule 7.1(b)(2)(D).

3

Defendant argues: "Nothing in the rules precludes the filing of this Affidavit, and nothing in the rules mandates that all affidavits must be filed with the parties' principal briefs."

the deadline established in the Federal Rule.[4] The Court reached its conclusion not just because it was settled law that Local Rules may be enforced, but for the common-sense reason that a party asserting the existence of a factual question must substantiate that point of view by presenting Affidavits which substantiate the claim.

Defendant's other argument in support of the filing of the Bessant Affidavit has to do with its view that an evidentiary hearing is required.[5] But even if it were reasonable for Defendant to have concluded that an evidentiary hearing was going to be held, we fail to see how that would warrant their conclusion that the Affidavit of Kirby Bessant could be filed. Indeed, the filing of the Affidavit would seem to contradict Defendant's claim that it thought an evidentiary hearing was to be held. After all, if an evidentiary hearing were going to be held, there would be no need for the Affidavit.

Even were we to credit Defendant's claim that when it filed the Affidavit of Kirby Bessant on February 7, 2002, and it thought that an evidentiary hearing was going to be held, it would seem clear that this expectation was not reasonable or warranted. First of all, there is a presumption under Local Rule 7.1(b)(2) that Motions for a Preliminary Injunction and other dispositive motions will be determined on the written pleadings of the parties. When Defendant filed the Bessant Affidavit on February 7, it was presumably aware of this Rule, and also was aware that it had only made the request for an evidentiary

---

4

In Jetton, the Court enforced the Local Rule which required Affidavits to be filed 20 days after the Motion for Summary Judgment, notwithstanding the provision in Rule 56(c) that the "adverse party prior to the day of hearing may serve opposing affidavits."

5

Defendant argues: "Accordingly, upon presentation of disputing [sic] facts in its Memorandum of Law and confirmation that if requested a hearing would be held, it was reasonable for AdvancePCS to believe that the Court would indeed hear all of the evidence during an evidentiary hearing."

hearing the day before, in a letter which would not be delivered until February 7.[6] It is difficult to imagine how Defendant would conclude on February 7 that its request for an evidentiary hearing had been granted.

Finally, the February 6, 2002, letter sent by Defendant to the District Court which "hereby requests . . . an evidentiary hearing" is a nullity, and may not be considered. No Rule permits such correspondence, and Rule 7(b)(1) of the Federal Rules of Civil Procedure expressly states: "An application to the court for an order shall be by motion which . .. shall state with particularity the grounds therefor, and shall set forth the relief or order sought."

Based upon the above analysis, we find that it was improper for Defendant to file the Affidavit of Kirby Bessant. The Affidavit of Don Johnson was filed even later, and is also not warranted by the Rules. In spite of this finding, we are not confident that the proper response of the Court should be to strike the Affidavits, under the circumstance where Plaintiffs have filed Affidavits with their Reply Memorandum. The notes of the Local Rules Advisory Committee are instructive on this point:

> "Rule 7.1(b)(2) specifically contemplates that the factual basis for a dispositive motion will be established with affidavits and exhibits served and filed in conjunction with the initial motion and the responding party's memorandum of law. Although the rule makes provision for a Reply Memorandum, it neither permits nor prohibits the moving party from filing affidavits or other factual material therewith. . . . <u>Reply affidavits are</u>

---

6

At oral argument, counsel for Defendant stated that the request for an evidentiary hearing was also made on the face of the Memorandum in Opposition to Plaintiffs' Motion for Preliminary Injunction. We have reviewed that document [Docket No. 17], and find only this reference at the bottom of the cover page: "ORAL ARGUMENT/HEARING REQUESTED." This appears to be nothing more than compliance with Local Rule 7.1(b)(2)(E) which requires that a party requesting oral argument make the request "on the cover of the moving, opposition, or reply brief."

> appropriate only when necessary to address factual claims of the responding party that were not reasonably anticipated. It is improper to withhold information either from discovery or from initial moving papers - in order to gain an advantage."

1999 Advisory Committee's Note to LR 7.1(b)(2).

We are not persuaded that the Affidavits submitted by Plaintiffs address issues which could not be reasonably anticipated. The Affidavits submitted by Plaintiffs with their Reply Memorandum [Docket Nos. 20 and 21] thus also are not authorized by the Rules of this Court. Defendant has not sought an Order of this Court which would strike these Affidavits, acquiescing in the Court's consideration of them.

Under these procedural circumstances, the Court is left with two choices: It could Order that all of the Affidavits be excluded by reason of the failure to comply with the Rules, or it could permit the filing and consideration of all of them. This requires balancing the desire that the District Court be fully advised of the facts which have been presented for consideration, with a need to enforce the rules which establish the fair process for a consideration of legal disputes.

We are troubled by the fact that Defendant has made no Motion seeking the permission of the Court to file the disputed Affidavits, even though it saw the need to file a Motion to be permitted to file a Surreply Brief and Exhibits. Nonetheless, we conclude that the better result in this case is to deny the Motions to Strike, with the result that the District Court will consider all of the Affidavits filed to date in this matter when it hears oral argument on Plaintiffs' Motion for an Injunction. To whatever extent it may be argued that Plaintiffs were warranted in filing Affidavits with their Reply Memorandum, it is appropriate that Defendant then be given a chance to respond, even though we are skeptical that either the Johnson Affidavit or the Bessant Affidavit may truly be said to have been filed

in response to the Affidavits filed with Plaintiffs' Reply Memorandum. Striking all of the Affidavits would have the effect of requiring the District Court to consider the Preliminary Injunction issues on the basis of less evidence than is desired by any of the parties.

Although we have considerably extended the opportunity for the parties to present Affidavits beyond the time and out of the sequence specified in the Rules of our Court, we expressly note that the time for submitting evidence and written argument on the Motion for Preliminary Injunction has concluded. Ample sanctions are available to this Court to enforce this proposition.

## II. DEFENDANT'S MOTION TO FILE SURREPLY AND EXHIBITS [DOCKET NO. 30]

A party is allowed to file memoranda not exceeding 35 pages. Local Rule 7.1(c). Defendant's Responsive Memorandum used all of these pages. In addition, a Reply Memorandum is not permitted to raise new issues, but only to Reply to arguments made in the Response. It will be the unusual case where a Surreply is permitted, and we conclude that Defendant has not substantiated reasons why it should be permitted in this case.

Even if we were inclined to permit the filing of a Surreply, we would not authorize it under the circumstances of this case. Plaintiffs delivered their Reply Memorandum on February 4, 2002, and filed it on February 8, 2002. Defendant has not yet prepared a Surreply to that Memorandum, but it asks leave of the Court "to file a surreply brief [of 10 pages] within seven days of the Order of Court." We see no reason why any additional time should be granted. The hearing on Plaintiffs' Motion for a Preliminary Injunction has already been delayed by the procedural maneuvers of Defendant, and no further delays are warranted.

## III. DEFENDANT'S MOTION FOR EXPEDITED DISCOVERY [DOCKET NO. 9]

Defendant has prepared Interrogatories and Document Requests. It asks leave of Court to serve these upon Plaintiffs, to require expedited responses (within 10 days), to allow additional time for Defendant to consider the information, and to postpone the hearing on Plaintiffs' Motion for a Preliminary Injunction until after this process is completed.

The proposed discovery asks questions which would be impermissibly broad if presented in the context of the entire case, rather than the more limited issues involved in a Motion for a Preliminary Injunction. [7] We are not persuaded that this or any discovery is needed prior to the hearing on Plaintiffs' Motion for a Preliminary Injunction. There is thus no need to permit expedited discovery. By separate Order, we are scheduling a Pretrial Conference following which a Pretrial Scheduling Order will be issued.

The Motion seeking discovery was made well after Defendant had already served its complete response to Plaintiffs' Motion for a Preliminary Injunction. It was made four days before Defendant made a Motion for an Evidentiary Hearing. Plaintiffs reasonably argue that if there had been a genuine need for early discovery, the discovery would have been prepared, and permission of the court to serve it would have been sought at a much earlier time. The presentation of this Motion does not warrant the postponement of the hearing on Plaintiffs' Motion for Preliminary Injunction.

---

[7] As illustrative examples of the over breadth of the discovery, Document Request No. 2 would require Plaintiffs to provide "all documents which support or do not support the allegations made in the Complaint." No. 4 asks for "a copy of all enrollment forms for the AARP Program and the Express AARP Program." No. 7 asks for "All documents which reflect or refer to the AdvancePCS Plan."

## IV. DEFENDANT'S MOTION TO EXCLUDE THE CAUSATION OPINION TESTIMONY OF PLAINTIFFS' EXPERT CLAUDE MARTIN JR. PH.D. [DOCKET NO. 22]

Plaintiffs seek a preliminary injunction against Defendant. In support of their motion, Plaintiffs submitted the Affidavit of Claude R. Martin, Jr., Ph.D., a professor of marketing at the University of Michigan. Defendant seeks to exclude Professor Martin's testimony on the grounds that such testimony is irrelevant and unreliable. Defendant relies on Daubert v. Merrill Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137 (1999) and Federal Rule of Evidence 702 to support its claim.

The Motion is denied, because the principles of Daubert and Kumho do not apply to judicial determinations. The concerns expressed in these cases have to do with jury misunderstanding, not judicial misunderstanding. The United States Supreme Court defines the trial court's role when faced with a proffer of expert testimony in a jury trial as that of "gatekeeper." Kumho, 526 U.S. at 141. Underlying the trial court's role as gatekeeper is a presumption that the court itself is qualified to conduct such an analysis. Daubert, 509 U.S. at 593 ("We are confident that federal judges possess the capacity to undertake this review."). In conducting such a review, "[t]he trial court must have the same kind of latitude in deciding *how* to test an expert's reliability, and to decide whether or when special briefing or other proceedings are needed to investigate reliability, as it enjoys when it decides *whether* that expert's relevant testimony is reliable." Kumho, 526 U.S. at 152. In light of that discretion, "whether Daubert's specific factors are, or are not, reasonable measures of reliability in a particular case is a matter that the law grants the trial judge broad latitude to determine." Id. at 153.

In the context of hearings on Motions for a Preliminary Injunction, it is even more apparent that Daubert, Kumho, and Rule 702 do not require the striking of this Affidavit. The "purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." University of Tex. v. Camenisch, 451 U.S. 390, 395 (1981). In consideration of this limited purpose, and "given the haste that is often necessary if those positions are to be preserved, a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits." Id. Therefore, the Federal Rules of Evidence are not strictly applied in preliminary injunction proceedings. See, e.g., S.E.C. v. Cherif, 933 F.2d 403, 412 n.8 (7th Cir. 1991) ("hearsay can be considered in entering a preliminary injunction"); Welker v. Ciceroone, 174 F. Supp. 1055, 1059 n.2 (C.D. Ca. 2001) (declarations and evidence supporting a motion for preliminary injunction need not conform to the Federal Rules of Evidence).

A court may even consider generally inadmissible evidence in the context of a preliminary injunction hearing. See, e.g., Sierra Club, Lone Star Chapter v. Federal Deposit Insurance Corp., 992 F.2d 545 (5th Cir. 1993) (considering hearsay while deciding whether an injunction should issue); American Angus Ass'n v. Sysco Corp., 829 F. Supp. 807 (D.C.N.Y. 1992) (plaintiff's use of affidavits and other alleged hearsay was appropriate in preliminary injunction proceeding); 9 Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 2949 ("the trial court should be allowed to give even inadmissible evidence some weight when it is thought advisable to do so in order to serve the primary purpose of preventing irreparable harm before a trial can be had").

## V. DEFENDANT'S MOTION FOR AN EVIDENTIARY HEARING [DOCKET NO. 28]

Defendant seeks an evidentiary hearing. In its February 13, 2002 Motion, it asserts that "the broad, conclusory and, in parts, conflicting affidavits and briefs presented by the plaintiffs do not present the complete factual picture of this case." We are in agreement with this general proposition cited by Defendant in support of its Motion from Consolidation Coal Co. v. Disabled Miners of Southern W. Va., 442 F.2d 1261, 1269-70 (4th Cir. 1971): "The conclusion is inescapable that since a district court is required by the rule to make findings of fact, the findings must be based on something more than a one-sided presentation of the evidence." The means of obtaining that evidence are described in the Local Rules of this Court.

At first, Defendant elected to offer no evidence in opposition to the Motion. A party may not unilaterally create the need for a hearing by declining to file Affidavits at the time they are called for by the Rules. In any event, Defendant has now been permitted to have the District Court consider the untimely Affidavits which it filed. If it should come to pass that the District Court concludes that it is unable to reach a conclusion on the Motion without the taking of evidence, it may prescribe the method by which it will obtain that information.

We deny the Motion for additional reasons. The Motion is timed in such a way as to warrant the suspicion that it is presented for the purpose of delaying the hearing on Plaintiffs' Motion. A party which views an evidentiary hearing as being necessary may be expected to make that fact emphatically known at least by the time that it submits its Response to the Motion. Here, Defendant did not make its desire for a hearing known until February 6, well after it had filed its Response to the Motion, and it did so by informal letter, not by Motion. (We are not unmindful of the notation on the cover of Plaintiffs'

Memorandum in Opposition. See footnote 6). The Motion is not only tardy, it is not at all specific about the witnesses who would be expected to be called, the testimony they would be expected to give, nor the reason why such evidence could not be presented by way of Affidavit rather than in person.

J.M.M.