**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

United HealthCare Insurance Co.
and AARP,

Plaintiffs,

Civil No. 01-2320 (RHK/JMM)
**ORDER**

v.

AdvancePCS,

Defendant.

---

On March 26, 2002, Defendant AdvancePCS filed a Notice of Appeal with the Clerk of Court, thereby taking its appeal from the Court's March 18, 2002, Memorandum Opinion and Order (as modified by the March 22, 2002, Memorandum Opinion and Order) granting the Plaintiffs preliminary injunctive relief. Currently before the Court is the Defendant's Motion to Dismiss, scheduled to be heard by the undersigned on Monday, April 8, 2002. In its Motion, the Defendant seeks dismissal with prejudice of the Amended Complaint in its entirety on the grounds that it fails to state a claim upon which relief can be granted.

Generally speaking, "the filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the circuit court and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982); see also Harmon v. U.S. through Farmers Home Admin., 101 F.3d 574, 587 (8th Cir. 1996). Therefore, after a notice of appeal has been timely filed, the district court cannot take any substantive step that would "alter the status of the case as it rests



FILED MAR 27 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

before the Court of Appeals." Royal Ins. Co. of Am. v. Quinn-L Capital Corp., 3 F.3d 877, 883 (5th Cir. 1993).

The Defendant is appealing from an interlocutory Order granting a preliminary injunction. Among the factors relevant to determining whether the preliminary injunction was properly issued is the likelihood that the Plaintiffs will succeed on the merits of their claims. Dataphase Sys., Inc. v. C.L. Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981). Thus, the merits of the Plaintiffs' claims are "an aspect of the case involved in the appeal." The Defendant's motion to dismiss asks this Court to evaluate the merits of the Plaintiffs' claims and to rule that none states a claim upon which relief can be granted. Thus, the Court concludes that the Defendant's motion to dismiss would alter the status of the case as presented to the Eighth Circuit by the Defendant's Notice of Appeal.

Accordingly, based on all of the files, records, and proceedings herein, **IT IS ORDERED** that the Defendant's Motion to Dismiss (Doc. No. 54) is **STRICKEN** from the Court's calendar, without prejudice to the Defendant's right to file a renewed motion to dismiss after resolution of the appeal before the Eighth Circuit.

Dated: March 27, 2002

RICHARD H. KYLE
United States District Judge