**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

United HealthCare Insurance Co.
and AARP,

Plaintiffs,

v.

Civil No. 01-2320 (RHK/JMM)

**MEMORANDUM OPINION AND ORDER**

AdvancePCS,

Defendant.

---

David B. Potter and Bret. A. Puls, Oppenheimer, Wolff & Donnelly L.L.P., Minneapolis Minnesota, and Michael J. Lyle, Christine P. Hsu, Maureen Testoni, and George J. Hazel, Weil, Gotshal & Manges, L.L.P., Washington, D.C., for Plaintiff United HealthCare Insurance Company.

Mark J. Briol and Vicki J. Bitner, Briol & Associates, P.L.L.C., Minneapolis, Minnesota, for Plaintiff AARP.

Scott G. Knudson, Briggs and Morgan, St. Paul, Minnesota, and W. Thomas McGough, Jr., Mary J. Hackett, and Christopher J. Soller, Reed Smith L.L.P., Pittsburgh, Pennsylvania, for Defendant.

---

**Introduction**

On March 18, 2002, the Court entered a Memorandum Opinion and Order, as modified on March 22, 2002, enjoining Defendant AdvancePCS from, inter alia,

> (a) approving prescription discount claims containing or otherwise using the carrier number "H020," including but not limited to prescription discount claims using the carrier number "H020" in combination with any of the following group numbers -- 2100, 2200, 2300, 2400, and 3001-3051;



APR 03 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

(b) continuing to approve prescription discount claims for any AARP Program participant because AdvancePCS "enrolled" that AARP Program participant in an AdvancePCS plan through the adjudication of a claim using the former AARP Program carrier-group numbers;

(c) treating prescription discount claims containing or otherwise using the unique carrier and group numbers that AdvancePCS had utilized as PBM for the AARP Program, including but not limited to the carrier number "H020" in combination with any of the following group numbers -- 2100, 2200, 2300, 2400, and 3001-3051 -- as claims intended for submission to an AdvancePCS prescription discount plan; and

(d) using any identifying information for any AARP Program participants for the purpose of soliciting those participants or encouraging them to enroll in an AdvancePCS prescription discount plan.

Before the Court is Plaintiffs United HealthCare Insurance Company and AARP Expedited Motion for an Order to Show Cause why AdvancePCS should not be held in contempt for failing to comply with the Court's preliminary injunction Order. The Court has received briefing from the parties and, for the reasons set forth below, will deny the motion.

## Background

On March 19, 2002, pursuant to the Court's March 18 Memorandum Opinion and Order, Plaintiffs filed a one million dollar injunction bond with the Court. (Doc. No. 60.) AdvancePCS sent out a notice advising pharmacies that "effective March 21, 2002, AdvancePCS carrier number H020 has been discontinued." (Puls Aff. Ex. B (AdvancePCS RxSavings Plan Notice).) The notice stated that claims submitted under

the H020 carrier number would be rejected, and that pharmacists would receive the following message: "If AARP Member Contact AARP. If Not, Change Carrier to CAR1." (Id.) The notice also provided pharmacists with the following instructions:

1. Ask the patient if he/she is a member of the AARP pharmacy service program.

2. If yes, refer the patient to his/her card administrator.

3. If not, change the carrier number (first 4 digits of the RxGRP number) from H020 to CAR1. The group number (last 4 digits of the RxGRP number) and the patient identification number remain the same.

(Id.) AdvancePCS avers that, before it transmits to pharmacists the "If AARP Member Contact AARP. If Not, Change Carrier to CAR1" message, it first transmits the message "Filed After Coverage Terminated." (Apr. 2, 2002, Bessant Aff. ¶ 9.)

On March 28, 2002, Plaintiffs' counsel faxed a letter dated March 28 to AdvancePCS's counsel complaining that AdvancePCS apparently did not begin rejecting claims using the H020 carrier number on March 19 (the date the injunction bond was filed), but rather waited until the start of business on March 21 to begin rejecting claims. (Puls Aff. Ex. C. (Mar. 28, 2002 letter to W. Thomas McGough).) Plaintiffs' counsel also objected that the "If AARP Member Contact AARP . . ." message being electronically transmitted to pharmacies was misleading and confusing. Plaintiffs' counsel demanded that AdvancePCS "immediately cease and desist from including confusing and misleading messaging with the rejections, and that AdvancePCS issue additional notices

to pharmacies to clarify the confusion." (Id.) Specifically, Plaintiffs demanded that AdvancePCS (1) provide pharmacies with information on how to submit claims for AARP Program participants to ESI, the current prescription benefit management company, (2) provide pharmacists with images of both the AARP and the AdvancePCS cards, and (3) include telephone numbers for the AARP Program as well as the AdvancePCS program so that pharmacists or patients with questions could call a representative of the AARP program for answers.

By a letter dated March 29, 2002, AdvancePCS declined to make the changes demanded by Plaintiffs. (Puls Aff. Ex. D (Mar. 29, 2002 letter to Michael J. Lyle).) AdvancePCS did, however, offer to modify the message electronically transmitted to pharmacies when H020 claims are rejected to read: "If AARP Participant, Ask for Card. If Not, Change Carrier to CAR1." (Id.) That proposed modification was not acceptable to Plaintiffs, and this motion followed.

**Analysis**

The use of a show cause order is within the discretion of the district court. See Sumler v. Secretary of Health and Human Servs., 834 F.2d 711, 713 (8th Cir. 1987) (citing 28 U.S.C. § 1651(b)). District courts have inherent remedial powers to ensure that their orders are obeyed. Mahers v. Hedgepeth, 32 F.3d 1273, 1275 (8th Cir. 1994); see also Travelhost, Inc. v. Blandford, 68 F.3d 958, 961 (5th Cir. 1995). Civil contempt may

be employed either to coerce a party into compliance with a court order or to compensate the complainant for losses sustained, or both. Chicago Truck Drivers v. Brotherhood Labor Leasing, 207 F.3d 500, 505 (8th Cir. 2000). A party seeking contempt sanctions must prove facts warranting a civil contempt order by clear and convincing evidence. Independent Fed'n of Flight Attendants v. Cooper, 134 F.3d 918, 920 (8th Cir. 1998); see also Mahers, 32 F.3d at 1274.

Plaintiffs complain that AdvancePCS's "current messaging provides full information to allow pharmacists to re-route claims to AdvancePCS, [but] it fails to provide any comparable information for the AARP Program, even though AARP Program participants are submitting the vast majority of the claims." (Pls.' Reply Mem. at 4.) Plainly, the issue of how AdvancePCS would handle the rejection of AARP Program participants' discount claims could have been addressed in the context of the Plaintiffs' preliminary injunction motion. As part of their preliminary injunction, Plaintiffs could have asked that AdvancePCS be directed to communicate certain information to pharmacists when rejecting claims bearing the H020 carrier number. They did not.

Perhaps accordingly, Plaintiffs couch their current motion as presenting a situation in which AdvancePCS's conduct is "undermining" the relief afforded by the preliminary injunction Order. Plaintiffs contend that, through the messages sent to pharmacies,

AdvancePCS is "seek[ing] ways to circumvent the injunction and improperly exploit the patient profile information embedded in thousands of pharmacy computers." (Pls.' Reply Br. at 2.) In support of this allegation, Plaintiffs assert that "it is standard in the industry for a PBM that has been terminated to either include no messaging with rejections or include messaging that lists the new PBM's name and phone number." (Pls.' Mem. Supp. Mot. at 7.) Plaintiffs also contend that it is contrary to industry standard to do as AdvancePCS has done and direct pharmacists to contact the plan sponsor (in this case, AARP) directly as opposed to the plan's PBM. (Id. at 4.) These contentions, however, have no factual support in the record before the Court.

There is also no evidence before the Court establishing that the messages AdvancePCS is sending in connection with the rejection of discount claims bearing carrier number H020 are either actually confusing pharmacists or likely to confuse them. Nor is there evidence to support the assertion that "directing pharmacists to call the AARP organization will dramatically increase confusion at the pharmacy level." (Id. at 5.) Based on the record before the Court, Plaintiffs' contention that pharmacists will, "in the interests of processing a customer's claim quickly," switch the carrier number in the patient's profile to AdvancePCS's new carrier number rather than call someone at AARP or ESI to proceed with the claim under the AARP Program is speculative.

Ultimately, nothing precludes the Plaintiffs from communicating with pharmacies

or AARP Program participants regarding the processing of AARP Program discount claims. There is no indication in the record that Plaintiffs have communicated at all with either pharmacies or AARP Program participants in the two weeks that have passed since the Court entered its preliminary injunction. Given Plaintiffs' assertion that additional information would remedy the danger of confusion that AdvancePCS's conduct allegedly presents, it stands to reason that Plaintiffs themselves can address their concern by communicating with pharmacists and patients (either directly or through ESI) about the handling of AARP Program prescription discount claims.

For its part, AdvancePCS has presented evidence that it is not engaging in any of the activities that they are enjoined from engaging in.[1] (Apr. 2, 2002 Bessant Aff. ¶¶ 4-7.) AdvancePCS also avers that, upon compliance with the Court's preliminary injunction Order, the claims volume for its RxSavings Program has dropped to 5% of what it was prior to the injunction. (Apr. 2, 2002 Bessant Aff. ¶ 13.) This decrease is not surprising, given the evidence presented in connection with the preliminary injunction motion showing that AdvancePCS had "enrolled" scores of thousands of AARP Program participants in the AdvancePCS discount program, apparently without their knowledge or consent, by treating claims electronically submitted by pharmacies under the old AARP

[1] Plaintiffs complain that AdvancePCS apparently continued to process discount claims using the H020 carrier number for one full business day after Plaintiffs filed their bond. This fact, in and of itself, does not warrant the issuance of an Order to Show Cause.

Program carrier and group numbers as "requests" to become enrolled in and receive discounts under AdvancePCS's program. Entering the injunction serves the public interest because it prompts a dialogue between pharmacists and patients about the pharmacy discount program they intend to participate in. AdvancePCS's messaging to pharmacists, directing them to ask the patient whether he or she is an AARP Program participant is consistent with that objective.

**Conclusion**

Based on the foregoing, and all of the files, records, and proceedings herein **IT IS ORDERED** that the Plaintiffs' Expedited Motion for an Order to Show Cause is **DENIED**.

Dated: April 3, 2002

RICHARD H. KYLE
United States District Judge