IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED HEALTHCARE INSURANCE CO. and AARP,<br>Plaintiffs,<br>v.<br>ADVANCEPCS,<br>Defendants. | ) | Case No. 01-CV-2320 RHK/AJB |

**STIPULATION AND PROTECTIVE ORDER**

This stipulation is entered into by and between the parties to the within action, through their respective attorneys, for the purpose of facilitating mutual discovery, and expressly applies to any information obtained pursuant to a valid subpoena served on any third parties, in addition to that information to be exchanged pursuant hereto.

Whereas the parties have served or will, in the future, serve requests for production of documents and things and interrogatories, and will notice and take depositions, which may require the disclosure of material which is confidential and proprietary to a party or non-party; and

Whereas the parties, by their counsel, have agreed to produce such information for inspection, copying and use in the present action, and agreed to certain depositions, subject to the terms and provisions of this Stipulation and Order;

Now, therefore, it is hereby stipulated that:

AUG 2 7 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

1. Each party to this litigation, and each non-party served with a valid subpoena, who produces or discloses any document or documents (as defined by the Federal Rules of Civil Procedure and including computer data), things, interrogatory answers, deposition transcripts, or information that the producing party or non-party wishes to be subject to this Protective Order may designate the same as "CONFIDENTIAL," "CONFIDENTIAL - COUNSEL'S EYES ONLY," or "CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY." Under this Stipulation and Protective Order, the term "Confidential Information" shall mean and include documents (including computer data), portions of documents, answers to interrogatories, responses to requests for admissions of fact, trial or hearing testimony, depositions, transcripts of depositions, and technical or commercial information derived therefrom deemed by any party or non-party to be confidential information belonging to it.

2. All Confidential Information designated as "CONFIDENTIAL," "CONFIDENTIAL - COUNSEL'S EYES ONLY," or "CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," shall not be disclosed by the receiving party to anyone other than those persons designated herein and shall be handled in the manner set forth below and, in any event, shall not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of Counsel for the parties or by order of the Court.

3. Information designated "CONFIDENTIAL" shall be subject to this Stipulation and Protective Order; and disclosure by a party of documents or things (or any portion thereof) marked " CONFIDENTIAL", shall be limited: (a) to the attorneys involved in the litigation of this matter, including in-house counsel, and to such other personnel employed by said attorneys at their respective law firms for the purpose of comparison and collation in the prosecution and defense of the claims in the above case; (b) to stenographic personnel and independent experts,

provided each such independent expert has read this Protective Order in advance of disclosure, and has agreed in writing to be bound by its terms; and (c) to the parties in the above case, provided each such individual has read this Protective Order in advance of disclosure and has agreed to be bound by its terms. For purposes of this Protective Order, the term "independent expert" is defined to mean a testifying or consulting expert retained by a party for purposes of assisting in this litigation.

4. Information designated "CONFIDENTIAL - COUNSEL'S EYES ONLY" shall be subject to this Stipulation and Protective Order; and disclosure by a party of documents or things (or any portion thereof) marked " CONFIDENTIAL - COUNSEL'S EYES ONLY", shall be limited: (a) to the attorneys involved in the litigation of this matter, including in-house counsel, and to such other personnel employed by said attorneys at their respective law firms for the purpose of comparison and collation in the prosecution and defense of the claims in the above case; and (b) to stenographic personnel and independent experts (as defined in paragraph 3 above), provided each such independent expert has read this Protective Order in advance of disclosure, and has agreed in writing to be bound by its terms.

5. Information designated "CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" shall be subject to this Stipulation and Protective Order; and disclosure by a party of documents or things (or any portion thereof) marked " CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY", shall be limited: (a) to the outside counsel involved in the litigation of this matter, specifically excluding in-house counsel, and to such other personnel employed by said outside counsel at their respective law firms for the purpose of comparison and collation in the prosecution and defense of the claims in the above case; and (b) to stenographic personnel and independent experts (as defined in paragraph 3 above), provided each such

independent expert has read this Protective Order in advance of disclosure, and has agreed in writing to be bound by its terms.

6. Independent experts receiving information designated "CONFIDENTIAL," "CONFIDENTIAL - COUNSEL'S EYES ONLY" and/or "CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" shall read this Protective Order in advance of disclosure and agree in writing to be bound by its terms. A Certification Regarding Confidentiality to be executed by each such independent expert is attached hereto at Exhibit A.

7. Information designated "CONFIDENTIAL - COUNSEL'S EYES ONLY" and/or "CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" will be limited to information which the producing party or non-party in good faith believes to comprise trade secrets or other confidential and/or proprietary research, development, or commercial business information. All originals and copies of documents or things and portions thereof designated under this Stipulation and Protective Order shall be either: (i) returned to the party or non-party producing them at the conclusion of the above case and notes made thereon or about such documents or things shall be destroyed by the attorneys for the receiving party; or (ii) destroyed by the party in possession of said documents. If the receiving party chooses to destroy the documents, it must do so immediately upon the conclusion of the case, and after destruction, it shall send a confirmation letter to the producing party or non-party that the documents have been destroyed.

8. The persons identified in paragraphs 3-5 shall be prohibited from using any information contained in any documents, things, deposition transcripts, answers to interrogatories, answers to requests for admissions, or other discovery, which is designated "CONFIDENTIAL," "CONFIDENTIAL - COUNSEL'S EYES ONLY," or "CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" in any way outside the scope of this litigation or from

disclosing the contents of the documents, things, discovery, or information so designated (or portions thereof) to any other person, entity, board or agency, except as otherwise agreed upon in writing by the party or non-parties producing the document, thing or information; or except as permitted by subsequent Order of this Court. Any person, entity, board or agency shall agree, through the appropriate individual or representative, to be bound by the terms and conditions of this Stipulation and Protective Order and to subject himself, herself and/or the entity or agency he or she represents to the jurisdiction of this Court solely for the enforcement of this Stipulation and Protective Order. Any person to whom the documents or things or portions thereof are disclosed pursuant to this Protective Order, shall be provided a copy of this Order and directed not to reveal the contents thereof for any purpose other than as permitted in this Order or a subsequent Order of this Court.

9. Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party or non-party:

(a) said deposition or portions thereof shall be designated as containing Confidential Information subject to the provisions of this Order; such designation shall be made on the record whenever possible, but a party or non-party may designate portions of depositions as containing Confidential Information after transcription; a party or non-party shall have until twenty (20) days after receipt of the deposition transcript within which to inform the other parties to the action of the portions of the transcript designated "CONFIDENTIAL," "CONFIDENTIAL - COUNSEL'S EYES ONLY," or "CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" and the right to make such designation shall be waived unless made within the twenty (20) day period;

(b) The disclosing party or non-party shall have the right to exclude from attendance at said deposition during such time as the Confidential Information is to be disclosed, any person other than the deponent, counsel of record (including their staff and associates), and the Court reporter; and

(c) the originals of said deposition transcripts and all copies thereof shall bear the legend "CONFIDENTIAL," "CONFIDENTIAL - COUNSEL'S EYES ONLY," or "CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" as appropriate, and the original shall at the time of filing with the Court be sealed, identified as being subject to this Order, and not opened except by order of this Court.

10. If either party desires to file with the Court any information produced or supplied pursuant to the terms of this Stipulation and Protective Order, including documents, things, deposition testimony, answers to interrogatories, answers to requests for admissions, or portions thereof, designated as "CONFIDENTIAL," "CONFIDENTIAL - COUNSEL'S EYES ONLY," or "CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" in support of any submission, that party or non-party shall notify the other parties of its intent to so use the information and shall seek leave from the Court to file the materials under seal. Any documents or things produced in discovery, answers to interrogatories, deposition transcripts, or other documents which are filed with the Court for any purpose and that are designated as "CONFIDENTIAL," "CONFIDENTIAL - COUNSEL'S EYES ONLY," or "CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" shall be filed in a sealed envelope marked on the outside with the title of the action, and identification of each document or thing within and a statement substantially in the following form:

**"CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER"**

> **"This envelope (or container) containing the above-identified papers filed by (name of party), is not to be opened nor the contents thereof displayed or revealed except by Court Order or by agreement of the parties."**

Any information produced or supplied pursuant to the terms of this Stipulation and Protective Order may be used at all hearings and trials in the above case and if a party or non-party seeks protection of Confidential Information during a hearing or trial (including removal of non-parties, parties, and/or in-house counsel from the courtroom during presentation of such Confidential Information) and if a stipulation cannot be reached between the parties, the party or non-party seeking protection is directed to seek relief directly from the Court.

11. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or

defense in this action or any other action or proceeding. Moreover, neither the failure to designate information in accordance with this Order nor the failure to object to a designation at a given time shall preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. In the event that a party disagrees at any stage of these proceedings with the designation by the producing party or non-party of any information as "CONFIDENTIAL," "CONFIDENTIAL - COUNSEL'S EYES ONLY," or "CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," the parties or non-parties involved shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party or non-party may seek appropriate relief from this Court. The entry of this Order shall be without prejudice to the right of either party or non-party to bring before the Court at any time the question of whether particular information is or is not in fact appropriately designated. Also, this Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery or to object to a requested inspection of documents or things. Nothing in this Order shall in any way affect the admissibility or use at trial or hearings in this action of the Confidential Information produced pursuant to this Order. The inadvertent or unintentional disclosure by the producing party or non-party of Confidential Information regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or part of a party or non-party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.

12. All Confidential Information which has been designated as "CONFIDENTIAL," "CONFIDENTIAL - COUNSEL'S EYES ONLY," or "CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," by the producing or disclosing party or non-party, and any and all reproductions thereof, shall be retained in the custody of counsel of record for the receiving party, except that independent experts authorized to view such information under the

terms of this Protective Order may retain custody of such copies as are necessary for their participation in this litigation.

13. In the event anyone shall violate or threaten to violate the terms of this Order, the parties agree that the aggrieved party or non-party may immediately apply to obtain injunctive relief against any such violation or threatened violation, and in the event the aggrieved party shall do so, the respondent, subject to the provisions of this Order, shall not employ as a defense thereto any claim that the aggrieved party possesses an adequate remedy at law. In the event that a party files a motion, claim or action seeking to prevent the violation of this Stipulation and Protective Order, to enforce the terms of this Stipulation or Protective Order or to sanction a party for the alleged violation or threatened violation of this Stipulation and Protective Order, the party initiating the motion, claim or action shall be entitled to reimbursement of all costs, including reasonable attorneys' fees, in instituting and/or prosecuting the motion, claim or action from the alleged violating party; provided, that the alleged violating party is found by the Court to have improperly threatened to violate or has violated the terms of this Stipulation and Protective Order. The parties and any other person subject to the terms of this Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Order, notwithstanding any subsequent dispositions of this action.

14. The use of the documents, things, information, interrogatory answers, and portions thereof, and deposition transcripts, and the contents thereof, produced, provided or prepared in connection with this case for any purpose other than the preparation and trial of the above case is prohibited, except as modified by subsequent Order of this Court.

This 13th day of August, 2002

UNITED HEALTHCARE INSURANCE CO.

By Counsel

WEIL, GOTSHAL & MANGES LLP
Michael J. Lyle
Christine P. Hsu
Maureen Testoni
George J. Hazel
1501 K. Street NW, Suite 100
Washington, D.C. 2005

OPPENHEIMER WOLFF & DONNELLY LLP
David B. Potter
Bret A. Puls
Bray M. Dohrwardt
Plaza VII, Suite 3300
45 South Seventh Street
Minneapolis, MN 55402

This 12th day of August, 2002

AARP
By Counsel

BRIOL & ASSOCIATES, PLLC
Mark J. Briol
Vicki J. Bitner
William G. Carpenter
3700 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

This 21st day of August, 2002

ADVANCEPCS
By Counsel

REED SMITH LLP
W. Thomas McGough, Jr.
Mary J. Hackett
Christopher J. Soller
435 Sixth Avenue
Pittsburgh, PA 15219

BASSFORD, LOCKHART, TRUESDELL & BRIGGS, P.A.
Lewis A. Remele, Jr.
3550 Multifoods Tower
Minneapolis, MN 55402-3787

SO ORDERED:

UNITED STATES ~~DISTRICT~~ JUDGE
MAGISTRATE

**EXHIBIT A**

UNITED HEALTHCARE INS. CO. and AARP v. ADVANCEPCS

Certification Regarding Confidentiality

I, ______________________________, hereby state and certify that I have been provided with a copy of and have read the terms of the Stipulation and Protective Order attached hereto, agree to be bound by the terms of that Stipulation and Protective Order, and subject myself to the jurisdiction of the United States District Court for the District of Minnesota for purposes of enforcement of the terms of that Stipulation and Protective Order.

NAME: ______________________________

TITLE: ______________________________

DATE: ______________________________

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## ***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.