**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

---

UNITED HEALTHCARE INSURANCE COMPANY AND AARP,

Civil No. 01-2320 RHK/AJB

Plaintiffs,

v.

**ORDER ON PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

ADVANCEPCS,

Defendants,

---

The above matter came before the Court on Plaintiff's Motion for Protective Order to Quash Subpoena. [Docket No. 131]. A hearing was held on January 8, 2004, at the U. S. Courthouse, 316 Robert St., St. Paul, Minnesota. Christine P. Hsu, Esq., appeared on behalf of Plaintiff United Healthcare; Vickie J. Bitner, Esq., appeared on behalf of Plaintiff AARP; and W. Thomas McGough, Jr., Esq., appeared on behalf of Defendant AdvancePCS. Based on the file, affidavits, memoranda and arguments of counsel,

**IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion for Protective Order to Quash Subpoena is **granted** in part and **denied** in part, as provided herein. [Docket No. 131].
2. Plaintiff's Motion for a Protective Order is **denied**.
3. Defendant may depose Lois Quam for one seven-hour day.
4. Defendant may use one day to further depose Mark Lindsay, Thomas Erickson and Kristin Johnson. The three depositions need not be on the same day, but the sum time of the three depositions shall not exceed 7 hours. These depositions are limited

JAN 2 0 2004
FILED ____
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ____
DEPUTY CLERK ____

in scope to the material produced after each individual's initial deposition.

Dated: 1/20/04

Arthur J. Boylan
United States Magistrate Judge

## MEMORANDUM

Defendant seeks to depose Lois Quam. Defendant also wants to reopen the depositions of Mark Lindsay, Thomas Erickson and Kristin Johnson. Plaintiff United Healthcare has asked this Court for a protective order to prevent all of these depositions from occurring.

Pursuant to Federal Rule of Civil Procedure 26(c), "Upon a motion by a party" and "for good cause shown," a Court may make an order protecting a party from discovery or allowing it only upon specified terms and conditions. "Good cause" exists when justice requires protection of "a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c).

Parties seeking a protective order carry the burden of showing that good cause exists to justify the issuance of such and order. A showing of good cause contemplates "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." General Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204, 1212 (8th Cir. 1973). The issuance of a protective order is generally left to the district court's discretion. Id.

"Because of the liberal approach taken by the federal rules allowing broad discovery, and because of the Court's power to protect deponents and parties from abuse of discovery, an order to vacate notice to take depositions is viewed by the Court as unusual and unfavorable." U.S. v.

Miracle Recreation Equipment Co., 118 F.R.D. 100, 104 (S.D. Iowa 1987). "Generally, one is required to show both that there is a likelihood of harassment and that the information sought is fully irrelevant before a party is altogether denied the right to take an individual's deposition." Id.

**Lois Quam**

Lois Quam is the Chief Executive Officer of Ovations, a business division of United Healthcare. She was an active participant and decision maker throughout negotiations with AARP, the choice of ESI as the PBM for the new AARP prescription benefits plan and the transition to the new plan. She continues to be a busy, hands-on executive at Ovations. United maintains that Quam should be protected from a deposition because she has no superior or unique knowledge of issues relating to this case, because it alleges that AdvancePCS wants to question her about irrelevant matters and because a day of deposition would have a negative impact at Ovations and disrupt business.

"Good cause" has not been demonstrated to preclude Quam's deposition. There has been no showing of "a likelihood of harassment" or "that the information sought is fully irrelevant." See Miracle Recreation, 118 F.R.D. at 104. It is clear that Quam is a decision maker at Ovations and was actively involved in the decisions and facts relating to this case.

Nevertheless, there is a higher standard for depositions of CEOs. In order to depose the CEO of a corporation, the opposing party must establish that: (1) the CEO possesses "unique or superior" personal knowledge of discoverable information and (2) the discoverable information is not available through "less intrusive means." Cardenas v. The Prudential Ins. Co., 2003 WL 21293757, *1 (D.Minn.2003) (denying motion to compel depositions because plaintiffs'

affidavits failed to demonstrate that the executives possessed any information that could not be obtained from lower level employees or other sources).

United argues that Quam does not have unique and superior knowledge on any matters that are relevant to this lawsuit. It alleges that the topics on which Quam has unique and superior knowledge, such as the choice of ESI as the PBM and the negotiation of contracts with AARP, are irrelevant.

However, "discovery rules are to be broadly and liberally construed in order to fulfill discovery's purposes of providing both parties with information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement." Rolscreen Co. v. Pella Products of St. Louis, Inc., 145 F.R.D. 92, 94 (S.D. Iowa 1992) (internal quotations omitted). Liberal construction ensures that discovery "together with pretrial procedures make a trial less a game of blind man's bluff and more a fair contests with the basic issues and facts disclosed to the fullest practicable extent." U.S. v. Procter & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983, 986-987 (1958).

The test of relevance in the discovery context is very broad. Rolscreen, 145 F.R.D. at 94. More precise evidentiary rulings should await trial, when the issues are more clearly defined, and be made then or in limine. Id.

> The boundaries defining information that is relevant to the subject matter involved in the action are necessarily vague and it is practically impossible to state a general rule by which they can be drawn. Certainly the requirement of relevancy should be construed liberally and with common sense, rather than in terms of narrow legalisms. No one would suggest that discovery should be allowed of information that has no conceivable bearing on the case. But it is not too strong to say that a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action."

8 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE, Civil § 2008 (1994).

Here, the evidence is not clear enough to make a determination that issues relating to the choice of ESI and the negotiations of royalties are irrelevant. Such issues are therefore relevant and subject to discovery. It is clear that Quam, as the decision maker and negotiator, has superior and unique knowledge not possessed by anyone else and therefore not available through less intrusive means. In addition, witnesses already deposed, such as Lindsay and Roberta Millman, repeatedly answered that they did not know the answers to specific questions, but suggested that Quam would have the answers. One day of deposition will not be an undue burden or expense to Quam or Ovations.

**Continued Depositions**

AdvancePCS also wants to further depose Mark Lindsay, Tom Erickson and Kristin Johnson. It has agreed to limit its questioning of all three deponents to a total of one seven-hour day.

There has been no showing of "good cause" for a protective order. See Miracle Recreation, 118 F.R.D. at 104. There has been no showing of "a likelihood of harassment" or "that the information sought is fully irrelevant." Id. Although two of the three deponents no longer work for United, all reside in Minnesota. Also, the time requested for the depositions in minimal.

Further, the production after first deposition of documents containing statements by a witness warrants a second deposition. Dixon v. The Certainteed Corp., et al., 164 F.R.D. 685, 692 (D. Kan. 1996). The propriety of deposing someone a second time addresses the discretion of the court. Id. at 690. Absent some showing of a need or good reason for doing so, the court

will generally not require a deponent to appear for a second deposition. Id. Courts generally disfavor repeat depositions. Id.

The Court in Dixon concluded:

> Plaintiff has shown good reason, nevertheless, to redepose Mr. Hall. While conducting the first deposition, all parties were apparently unaware of his statements to Precision Constructors, Inc. regarding the railing in question. Had plaintiff known of such statements, he probably would have inquired about them at the first deposition. Redeposing him for the limited purpose of inquiring about these statements does not violate Fed.R.Civ.P. 26(b)(2) in this instance. Plaintiff may redepose him for that limited purpose.

Dixon, 164 F.R.D. at 692.

Here, the situation is analogous. AdvancePCS took the depositions of Lindsay, Erickson and Johnson. After the depositions, United produced a new group of documents, including minutes and agendas from AARP Pharmacy Services Management Team meetings. Although United contends that the newly produced material does not raise new issues, AdvancePCS is entitled to explore the issues raised in these documents. AdvancePCS argues that the documents "dispel United's myth that AdvancePCS was responsible for the alleged damage caused to them." AdvancePCS should be able to question those who made statements at meetings about their statements rather than having to rely only on the agendas and minutes or on others who may have been in attendance. It did not have an opportunity to do so because the documents were not produced until after depositions had begun. Therefore, AdvancePCS may redepose Lindsay, Erickson and Johnson, subject to the limitations set forth above.

AJB