**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

UNITED HEALTHCARE INSURANCE COMPANY AND AARP,

Civil No. 01-2320 RHK/AJB

Plaintiffs,

v.

**ORDER ON DEFENDANT'S MOTION TO COMPEL**

ADVANCEPCS,

Defendant,

---

The above matter came before the Court on Defendant's Motion to Compel. [Docket No. 143]. A hearing was held on February 26, 2004, at the U. S. Courthouse, 316 Robert St., St. Paul, Minnesota. Christine P. Hsu, Esq., appeared on behalf of Plaintiff United Healthcare; Scott A. Benson, Esq., appeared on behalf of Plaintiff AARP; and Mary J. Hackett, Esq., appeared on behalf of Defendant AdvancePCS. Based on the file, affidavits, memoranda and arguments of counsel,

**IT IS HEREBY ORDERED THAT:**

1. Defendant's Motion to Compel is **granted** in part and **denied** in part, as provided herein. [Docket No. 143].

2. Plaintiff AARP shall produce the following documents, to the extent they exist, within 10 days of this Order:

   a. Documents relevant to the claim of damages, responsive to Document Request Nos. 44-46 and 53.

   b. Customer satisfaction surveys responsive to Document Request Nos. 26 and 49-52. AARP shall produce all customer satisfaction surveys.

c. Documents related to the transition plans, or documents reflecting any steps taken to implement the transition of the Pharmacy Benefit Management on the AARP and/or Express Program, responsive to Document Request No. 35.

3. Plaintiff United shall produce the following documents, to the extent they exist, within 10 days of this Order::

a. Electronic readable tape of the claims for all individuals submitted from June 1, 2001, through and including Aril 1, 2003, for the retail portion of the Member Choice and Prescription Saving Service non-funded A-G plans of the AARP Program regardless of who was the PBM for the AARP Program, responsive to Document Request No. 1.

b. Electronic readable tape of the claims processed under the H020 carrier number for all individuals submitted from June 2001 through and including March 2002, for the retail portion of the Member Choice and Prescription Savings Service non-funded A-G plans of the AARP Program, responsive to Document Request No. 2.

c. Documents related to DUR and alleged irreparable injury, responsive to Document Request No. 3.

d. Documents related to the payments made and reports provided under the agreement between AARP and United, responsive to Document Request No. 4.

e. Documents related to the damages claimed by United and United's calculation

of damages, responsive to Document Request Nos. 6 -10, 13-15, 18-30, 32, 39, 57 and 58.

f. Documents related to contributions by third parties to the damages that United has claimed in this case, including payments by and agreements with ESI and other third parties, responsive to Document Request Nos. 5 and 31.

g. Other documents relevant to the claims and the defenses in this case, including meeting minutes and reports for the program at issue, e-mail, business plans for the program, comparisons of benefits between AARP Plan and other plans, attachments to e-mails, severance agreements, customer satisfaction surveys and work plans, audits and reports regarding the program, responsive to Document Request Nos. 33-35, 37-38, 40-45, 48-49, 51, 54, and 59-61.

h. To the extent that they are not included in the above categories, those documents identified by Sandra Mead in her deposition and not yet produced.

4. Plaintiff United has not abused the privilege designations under the Protective Order. All designations made by the parties throughout discovery shall stand. A numerical analysis does not reflect the nature of the document produced. Further, all parties will be able to share documents with their experts. There is therefore no need for in-house business people to view privileged documents.

5. Plaintiff United shall produce the following categories of documents for in camera review within ten days of this Order:

a. Documents in dispute regarding communications with ESI; and

b. Documents in Dispute regarding factual investigations requested or supervised by Plaintiff's counsel

Defendant represented that this would be approximately thirty documents. After the Plaintiff submits the documents, the Court will determine whether these documents constitute work product or are protected by the attorney-client privilege.

Dated: March 9, 2004

s/Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge