**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

UNITED HEALTHCARE INSURANCE COMPANY AND AARP,

Civil No. 01-2320 RHK/AJB

Plaintiffs,

v.

**ORDER ON DEFENDANT'S MOTION FOR A PROTECTIVE ORDER AND MOTION TO QUASH DEPOSITION**

ADVANCEPCS,

Defendant,

---

The above matter came before the Court on Defendant's Motion for a Protective Order and Motion to Quash Deposition. [Docket No. 152]. A hearing was held on March 9, 2004, at the U. S. Courthouse, 316 Robert St., St. Paul, Minnesota. W. Thomas McGough, Jr., Esq., argued on behalf of Defendant AdvancePCS. Holly E. Loiseau, Esq., argued on behalf of Plaintiff United Healthcare. Vicki J. Bitner, Esq., appeared on behalf of Plaintiff AARP. Based on the file, affidavits, memoranda and arguments of counsel,

**IT IS HEREBY ORDERED THAT:** Defendant's Motion for a Protective Order and Motion to Quash Subpoena is **granted**. [Docket No. 152].

Dated: March 11, 2004

s/Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge

**MEMORANDUM**

Plaintiffs subpoenaed David Halbert, the Chairman, President and Chief Executive Officer of Defendant AdvancePCS, to testify at a deposition. Defendant moves to quash the subpoena for Halbert's deposition and seeks a protective order shielding Halbert from a subpoena.

Pursuant to Federal Rule of Civil Procedure 26(c), "Upon a motion by a party" and "for good cause shown," a Court may make an order protecting a party from discovery or allowing it only upon specified terms and conditions. "Good cause" exists when justice requires protection of "a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c). Parties seeking a protective order carry the burden of showing that good cause exists to justify the issuance of such and order. A showing of good cause contemplates "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." General Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204, 1212 (8th Cir. 1973). The issuance of a protective order is generally left to the district court's discretion. Id.

There is a higher standard for depositions of CEOs. In order to depose the CEO of a corporation, the opposing party must establish that: (1) the CEO possesses "unique or superior" personal knowledge of discoverable information and (2) the discoverable information is not available through "less intrusive means." Cardenas v. The Prudential Ins. Co., 2003 WL 21293757, *1 (D.Minn.2003) (denying motion to compel depositions because plaintiffs' affidavits failed to demonstrate that the executives possessed any information that could not be obtained from lower level employees or other sources).

Plaintiffs argue that Halbert has "superior and unique knowledge, particularly as the person who

gave final approval to launch the prescription drug program at issue in this litigation, outweighs any heightened protection afforded him." However, this Court concludes that Plaintiffs have failed to show that Halbert has unique or superior knowledge that is not available through less intrusive means.

It is undisputed that Halbert approved the AdvancePCS program, including the use of the H020 carrier number, and that he was the signatory on an e-mail message announcing the program to all AdvancePCS employees. There is no need to delve into the approval process. It is significant merely that Halbert approved the plan and the use of H020. Regarding the e-mail, it is likely that someone else drafted the message and would have more knowledge about its creation.

Former AdvancePCS Senior Vice President for Strategic Initiatives Jeffrey Sanders led the development of the prescription drug program. Sanders testified that Halbert "approved of the launch of the entire program, including many of the technical details," which could have included the use of the H020 carrier number for the new program. When asked about Halbert's knowledge of the program, Sanders responded: "It depends on your interpretation of what an approval is. I believe he understood, in general, what we were doing and approved it." Sanders does not remember specifically telling Halbert that AdvancePCS did not intend to reject claims that were submitted under the H020 carrier number after September 1, 2001. Plaintiffs had the opportunity to depose Sanders, who was both a more knowledgeable source and a less intrusive means to any information about the AdvancePCS program.

Plaintiffs also cite deposition testimony from Howard Kirby Bessant and Lois Quam to suggest that Halbert has information it is entitled to discover. Yet Bessant identified Sanders as the head of the

program and was not sure whether it was Halbert or David George, the COO of AdvancePCS, to whom Sanders would have reported. The primary telephone conversation Quam had with Halbert also included David George. Quam also mentioned specific things George said, but did not testify to specific comments made by Halbert. Therefore, any corroboration about that conversation could be obtained by deposing George, which would be less intrusive than deposing Halbert.

The above-referenced testimony and documents do not show that Halbert had any unique or superior knowledge. In fact, in each instance, they indicate that someone else would be better able to testify on the subject. There has been no showing that Halbert possesses any other knowledge that is unique or superior or that cannot be obtained through less intrusive means. See Cardenas, 2003 WL 21293757 at *1.

AJB