**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

UNITED HEALTHCARE INSURANCE COMPANY AND AARP,

Civil No. 01-2320 RHK/AJB

Plaintiffs,

v.

**ORDER ON IN CAMERA DOCUMENTS**

ADVANCEPCS,

Defendant,

---

In an Order dated March 9, 2004, the Court directed United to produce for in camera review: (1) documents in dispute regarding communications with ESI; and (2) documents in dispute regarding factual investigations requested or supervised by Plaintiff's counsel. [Docket No. 160]. The Court has had an opportunity to review the documents and makes the following findings:

**IT IS HEREBY ORDERED THAT:**

A. With the exception of those documents specifically addressed below, the rest of the documents presented as Tab A (within Tab 1) are protected by the work product doctrine. FEDERAL RULE OF PROCEDURE 26(b)(3). They relate to the factual investigation requested by United's Counsel in preparation for seeking a preliminary injunction against AdvancePCS. Although the documents are not all to or from attorneys, they nevertheless were written in anticipation of litigation and at the direction of attorneys. Defendant has not shown a substantial need for these documents. See id. Nor has it shown that it is unable to obtain the information the documents contain by other means without undue hardship. See id. United need not produce documents

from Tab A, except as detailed below.

1. An e-mail to Michelle Renaud containing e-mails between Patrick Byrne and Christina Palme-Krizak in May 2001 predates the plan benefit manager transfer and therefore could not have been prepared in anticipation of litigation and is not protected by the work product doctrine. The messages deal with the implementation of the transfer. They do not contain legal advice and are not protected by attorney-client privilege. United shall produce these e-mails within ten days of this Order.

2. The minutes of a meeting on November 29, 2001, appear to have been produced with a section entitled "Pharmacy License" redacted. The last sentence refers to legal research done by United's counsel and may properly be redacted. The first sentence of the "Pharmacy License" section does not contain legal advice and should be left showing when this document is produced within ten days of this Order.

B. With the exception of those documents specifically addressed below, the rest of the documents presented as Tab B (within Tab 1) are protected by Federal Rule of Civil Procedure 26(b)(3) as work product or attorney client privilege. They were prepared after the transfer from AdvancePCS to ESI as plan benefit manager and in anticipation of litigation for an injunction against AdvancePCS, as well as this litigation. Pursuant to the work product doctrine, a party may obtain discovery of documents "prepared in anticipation of litigation or for trial" only upon a showing that the party seeking

discovery has a substantial need for the materials and is unable to obtain the information by other means without undue hardship. FED.R.CIV.P. 26(b)(3). A "communication may be immune from discovery even if it was not made to or by a 'client' of an attorney." Diversified Industries, Inc. v. Meredith, 572 F.2d 596, 603 (8th Cir.1977). Defendant has not shown a substantial need for these documents. FED.R.CIV.P. 26(b)(3). Nor has it shown that it is unable to obtain the information the documents contain by other means without undue hardship. See id. United need not produce these documents, except to the extent that they are specifically ruled on below.

1. One document produced under Tab B was an "e-mail from P.Byrne to counsel with ESI's S. Hoff copied." It was sent on May 8, 2001, and was described as an "e-mail reviewing Command Center meeting regarding review of contracts & the RPS Schedule 4.07 Agreements." This e-mail could not have been prepared in anticipation of litigation because it predates the plan benefit manager switch. Also, although the two main recipients of the e-mail were attorneys, it is not protected by attorney-client privilege. The distribution of the e-mail destroyed the privilege. Though one could argue that all of the United employees copied on the message were clients, along with Byrne, the e-mail was also sent to Sandy Hoff at ESI. The text of the message indicates that Hoff will route portions of the e-mail to others there. As a result of this dissemination, the e-mail is not entitled to privilege. United shall produce the document within ten days of this Order.

2. The court received two redacted copies of e-mails between Thomas Erickson and Gaye Massey dated December 3, 2001. Because they were redacted, the court is unable to make a determination on whether they are discoverable. United shall provide the court with the unredacted version for in camera review within ten days of this Order.

3. The September 12, 2001, e-mail from Patrick Byrne with the subject, "FW: AdvancePCS - Bascomb Memo to Quam" does not constitute work product because it was not prepared in anticipation of litigation. It was prepared in response to the plan benefit manager transfer, but Byrne says, "in the event that we need to take legal action," showing that it has not yet begun. Byrne is not an attorney and while his e-mail is addressed to counsel, as well as some business people at United, it does not seek legal advice and is not protected by attorney-client privilege.

4. There is also a document attached to the September 12, 2001, e-mail from Patrick Byrne with the subject, "FW: AdvancePCS - Bascomb Memo to Quam" that has not been provided for in camera review. United shall produce that document for in camera review within ten days of this Order.

5. An October 15, 2001, draft of a letter to be sent to pharmacies by Elizabeth S. Wingate is not entitled to protection. The letter cannot be said to be prepared in anticipation of litigation. While it appears to have been sent to Gaye Massey, counsel for United, because her name is hand-written at the top of the

document, there is nothing that reflects attorney thought processes or merits the protection of attorney client privilege.

6. While e-mails between Edwin Hedblom and Gaye Massey October 4, 2001, discuss legal strategy and were prepared in anticipation of litigation, the attached October 1, 2001, e-mail from Tom Luft regarding "AARP Pharmacy Notification regarding PCS issue" deals simply with mitigation and is not protected by the work product doctrine or attorney client privilege. United shall produce the October 1, 2001 Luft e-mail within ten days of this Order.

7. The e-mail from Michelle Wolf to Tom Luft, dated March 29, 2002, with an attachment entitled "Pharmacy Talking Points for AARP Alert" shall be produced within ten days of this Order. Although the revisions were done "with input from ... legal," the e-mail and document are not protected.

8. The e-mail from Inez Montgomery dated June 19, 2001, deals merely with the upcoming PBM transfer from AdvancePCS to ESI. The memorandum was not prepared by an attorney, and it was prepared several months before the transfer so it could not have been created in anticipation of litigation. Although Michele Renaud forwarded the e-mail to Cheryl A. Gargano on February 25, 2002, that does not make the e-mail work product. Therefore, the document is not protected and United shall produce it within ten days of this Order.

9. A September 25, 2001, e-mail from Tom Luft to Gaye Massey (an attorney) is not protected. It deals with the handling of the transfer problems rather than the

anticipation of litigation. Although it is written to an attorney, we need not resolve the issue of whether communications between Luft of ESI and United's counsel are privileged because this message does not contain or request legal advice and any privilege would be destroyed by the other individuals, non-lawyers, who were copied on the message. United shall produce the e-mail within ten of this Order.

10. The September 25, 2001, e-mail from Tom Luft to Gaye Massey also had an attachment entitled "AARP Pharmacy Notification with BIN change," which was not provided for in camera inspection. Therefore, the court is unable to rule on the discoverability of the document. United shall submit the attachment to the court for in camera inspection within ten days of this Order.

11. An e-mail from Cathy McDougle dated November 29, 2001, with the subject "Meeting at Target Pharmacy - Please Forward" is not protected. It refers to a sales and marketing meeting with Target and was not prepared in anticipation of litigation. United shall produce the e-mail within ten days of this Order.

12. Handwritten notes of an interview with Cathy McDougle, dated September 18, 2001, identified as being written by United's counsel, are not protected by the work product doctrine because they deal with United's response to the transfer issues, not the anticipation of litigation against AdvancePCS. Even though the notes were written by an attorney, they are not about legal matters, just what United and ESI will do to work on the problem. We therefore need not

address the arguments that an ESI employee may or may not be able to have attorney client privilege protected conversations with United's counsel. United shall produce these notes within ten days of this Order.

13. The fax from Cathy McDougle to Kris Swedberg and Tom Luft, dated September 19, 2001, is a business record about the problems with the transfer. It talks about the problems and ways to fix them. The document was not prepared in anticipation of litigation. It does not involve counsel and is business information that is discoverable. United shall produce the fax within ten days of this Order.

C. The documents produced for in camera review under Tab 2, documents regarding the drafting of the affidavit of Marjorie Simos, are not protected by the work product doctrine. They shall be produced within ten days of this Order. United may, however, redact any attorney notes on the drafts before production. Milwaukee Concrete Studios, 140 F.R.D. at 379.

D. Plaintiff United has represented that ESI would be comfortable with the production of the document produced for in camera review under Tab 3. The Court will construe that as no objection to the document's production and therefore order it produced within ten days of this Order.

E. The court will retain the records submitted for in camera for thirty days. Unless otherwise advised by United, the documents will be destroyed after thirty days.

Dated: May 3, 2004

s/Athur J. Boylan
Arthur J. Boylan
United States Magistrate Judge

## MEMORANDUM

**Work Product**

In Baker v. General Motors, 209 F.3d 1051, 1054 (8th Cir. 2000), the Eighth Circuit determined that six documents, including handwritten notes of attorneys and a non-attorney, prepared in anticipation of litigation, constituted opinion work product and were therefore entitled to almost absolute immunity.

Baker was addressed in a case note in the February 2001 issue of the Creighton Law Review. Amy L. Pinkerton, *Baker v. General Motors: The Work Product Doctrine in the Eighth Circuit*, 34 CREIGHTON L. REV. 475 (2001). The note reviewed the treatment of the work product doctrine by the U.S. Supreme Court and the Eighth Circuit and specifically discussed the facts and holding of Baker. Id. The note addressed the dissent and its reasoning and concluded that Baker follows the precedent and appropriately shields opinion work product from discovery. Id.

E-mail messages are, in some respects, the modern equivalent of hand-written notes. The documents produced here under Tab 1, with the exception of the "e-mail from P.Byrne to counsel with ESI's S. Hoff copied," discussed above, reflect the factual investigation process undertaken by United in anticipation of litigation with AdvancePCS. Baker encompassed the notes of both attorneys and a non-attorney conducting the factual investigation. 209 F.3d at 1053. Because the investigation reflects

the thought processes of United's counsel, the e-mails and document making up the investigation constitute opinion work product and are entitled to nearly absolute protection. Id. at 1054.

**Draft Affidavits**

In Milwaukee Concrete Studios v. Greeley Ornamental Concrete Products, 140 F.R.D. 373, 378-379 (E.D.Wis.1991), the court dealt specifically with the issue of draft affidavits. It found that "draft affidavits" are "entirely factual in nature and content." Id. at 378. Although Milwaukee Concrete secured the affidavits in anticipation of litigation, they are factual in nature. Id. at 379. To suggest that work product doctrine applies because a party put words in the mouths of third-party affiants misconstrues the nature of the doctrine. Id. The court allowed Milwaukee Concrete Studios to redact any attorney notes on the drafts. Id.

More recently, another court adopted the Milwaukee Concrete Studios reasoning and also declined to grant work-product protection to affidavits. Infosystems, Inc. v. Ceridian Corp., 197 F.R.D. 303, 306-307 (E.D.Mich.2000). The court noted that an affidavit cannot be true attorney work product because it "purports to be a statement of facts within the personal knowledge of the *witness*, and not an expression of the opinion of counsel." Id. at 306 (emphasis in original).

The reasoning of the above cases, while not binding in this Court, is persuasive. Because draft affidavits are statements of facts known to the affiant, and not the opinions of counsel, they are not protected by the work product doctrine.

AJB