IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED HEALTHCARE INSURANCE CO. and AARP, Plaintiffs, | ) | CASE NO. 01-CV-2320 RHK/AJB |
| v. | ) | |
| ADVANCEPCS, Defendant. | ) | |

**DEFENDANT ADVANCEPCS' MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL IDENTIFICATION OF EXPERTS WHO WILL BE CALLED TO TESTIFY AT TRIAL BY PLAINTIFFS**

Defendant AdvancePCS, by its counsel, submits this Memorandum in Support of its Motion to Compel Identification of Experts Who Will Be Called to Testify at Trial by Plaintiffs.

The Second Amended Pretrial Scheduling Order in this case requires: (1) the disclosure of testifying experts by April 1, 2004; (2) that each side is permitted to call no more than five expert witnesses at trial; and (3) that all expert discovery must be completed by July 3, 2004. As such, the Scheduling Order contemplated that the parties would disclose their testifying experts to one another by April 1, 2004 so that expert discovery could properly proceed. Despite the plain wording of the Scheduling Order, Plaintiffs disclosed nine potential testifying experts and have refused to identify their five experts who will testify at trial. Plaintiffs' conduct is in contravention of Plaintiffs' ongoing duty to supplement their responses to AdvancePCS' interrogatory that directly inquires as to which experts will testify at trial. Further, Plaintiffs' refusal to identify their experts inhibits AdvancePCS' ability to conduct proper and efficient discovery of Plaintiffs' proposed expert testimony.

## FACTUAL BACKGROUND

Pursuant to the Second Amended Pretrial Scheduling Order entered by this Court on February 15, 2003, the parties exchanged Rule 26(a)(2) Expert Testimony Disclosures on April 1, 2004. See Second Amended Pretrial Scheduling Order, attached to Affidavit of Christopher J. Soller ("Soller Affidavit") as Exhibit 1. Specifically, the Second Amended Pretrial Scheduling Order states as follows:

> 3. Disclosure of the identity of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B), accompanied by the written report prepared and signed by the expert witness, shall be made as follows:
>
> a. By the party bearing the burden of proof as to a particular issue on or before April 1, 2004.
>
> Expert reports shall be disclosed by the party bearing the burden of proof as to a particular issue on or before April 1, 2004.

See id.

The Second Amended Pretrial Scheduling Order also states that "each side shall take no more than 5 expert depositions. Expert discovery including depositions, shall be completed by July 3, 2004." See id. Additionally, at trial, "each side may call no more than 5 expert witnesses." See id.

In accordance with the Scheduling Order, on April 1, 2004, Plaintiffs served their Rule 26(a)(2) Expert Testimony Disclosure, which listed nine individuals as Rule 26 experts, despite the fact that only five experts may be called to testify at trial. See correspondence dated April 1, 2001, attached to Soller Affidavit as Exhibit 2. Specifically, Plaintiffs' expert disclosure listed the following nine experts: Arthur H. Cobb, C.P.A., Bob Dufour, R.Ph., Edwin C. Hedblom, Pharm.D., Charles G. Kneese, P.D., Claude R. Martin, Jr., Ph.D., John W. Maxwell, M.S., R.Ph., Mary Ellen Mitchell, Thomas E. Morrison, and Marjorie K. Simos. See id.

Plaintiffs' Rule 26(a)(2) Expert Testimony Disclosure was accompanied by the reports of Messrs. Cobb, Martin, and Maxwell. See id.

In response to the disproportionate number of experts listed on Plaintiffs' Rule 26(a)(2) Expert Testimony Disclosure, counsel for AdvancePCS wrote to Plaintiffs' counsel on April 12, 2004 asking Plaintiffs to identify "which of the nine experts will be testifying at trial so that we are aware of which experts are subject to rebuttal." See letter dated April 12, 2004, attached to Soller Affidavit as Exhibit 3. On behalf of both United and AARP, counsel for United responded, "we are not required by either the Federal Rules or the Scheduling Order, to specify which of the individuals disclosed pursuant to Rule 26(a)(2)(A) will be called to give expert testimony." See letter dated April 15, 2004, attached to Soller Affidavit as Exhibit 4. Plaintiffs' counsel stated that, "Plaintiffs will not be submitting any expert reports on behalf of [the other individuals disclosed as experts]," and that the experts for whom no expert reports were submitted had "all been deposed in this case and AdvancePCS had a full and fair opportunity to examine them with regard to any lay or opinion testimony they may offer at trial." See id.

It is true that Messrs. Dufour, Hedblom, Kneese, Mitchell, Morrison, and Simos were deposed in this litigation prior to the close of fact discovery on March 1, 2004; however, those individuals were deposed as fact witnesses - not experts. AdvancePCS did not and could not have inquired as to areas of expertise for Messrs. Dufour, Hedblom, Kneese, Mitchell, Morrison, or Simos because AdvancePCS was not informed until April 1, 2004 (well after the close of fact discovery) that Plaintiffs intended to categorize Messrs. Dufour, Hedblom, Kneese, Mitchell, Morrison, and Simos as Rule 26 experts. Plaintiffs have failed to identify which five of their nine experts will be called to offer expert testimony at trial, and as to Messrs. Dufour, Hedblom, Kneese, Mitchell, Morrison, and Simos, experts for whom no reports were submitted,

Plaintiffs have provided no indication of said individuals' areas of expertise or the proposed subjects of their expert testimony at trial.

Counsel for AdvancePCS wrote to Plaintiffs again on April 16, 2004 regarding Plaintiffs' Rule 26(a)(2) Expert Testimony Disclosure. See letter dated April 16, 2004, attached to Soller Affidavit as Exhibit 5. AdvancePCS' letter advised Plaintiffs that AdvancePCS disagreed with Plaintiffs' assertion that they had no obligation to provide information as to which of the nine individuals will be called to provide expert testimony at trial. See id. As stated in AdvancePCS' letter, in Defendant's First Set of Interrogatories Directed to United and AARP, which were served on May 15, 2002, AdvancePCS asked Plaintiffs to "identify each person whom you expect to call as an expert witness at trial." See Interrogatory No. 21 directed to United, attached to Soller Affidavit as Exhibit 6; see Interrogatory No. 13 directed to AARP, attached to Soller Affidavit as Exhibit 7. On August 9, 2002, United responded to Interrogatory No. 21 as follows:

> United further objects to this Interrogatory on the grounds that it purports to impose obligations on United that are beyond those required under the Federal Rules of Civil Procedure and/or the Local Rules of this Court. A witness list will be provided to Defendant at the appropriate time pursuant to the Local Rules.

See Interrogatory No. 21 directed to United, attached to Soller Affidavit as Exhibit 6. Similarly, on August 9, 2002, AARP responded as follows to Interrogatory Number 13:

> AARP objects to this request as premature. AARP has not yet selected its testifying experts and will supplement this request at a later date, in accordance with the Federal Rules of Civil Procedure, the Local Rules, and the Court's scheduling orders in this case.

See Interrogatory No. 13 directed to AARP, attached to Soller Affidavit as Exhibit 7.

Neither United nor AARP have amended or supplemented their above responses since initially filing them on August 9, 2002. As such, on April 16, 2004, counsel for AdvancePCS further advised Plaintiffs that Federal Rule of Civil Procedure 26(e)(2) imposes a

duty to supplement interrogatory responses, and that AdvancePCS' First Set of Interrogatories directed to Plaintiffs specifically inquired as to which experts would be called to testify at trial. See letter dated April 16, 2004, attached to Soller Affidavit as Exhibit 5.

On April 20, 2004, counsel for United (on behalf of both United and AARP) again stated that Plaintiffs were not obligated, "at this stage of the litigation and beyond the disclosures already made," to inform AdvancePCS whom Plaintiffs will call to testify as expert witnesses at trial. See letter dated April 20, 2004, attached to Soller Affidavit as Exhibit 8. In the spirit of cooperation, on May 18, 2004, counsel for AdvancePCS made a final attempt to inquire as to Plaintiffs' testifying experts. See letter dated May 18, 2004, attached to Soller Affidavit as Exhibit 9. In her letter to Plaintiffs' counsel, counsel for AdvancePCS stated that if Plaintiffs' position remained the same, AdvancePCS would have no choice but to seek the Court's assistance in resolving this matter.

The present motion results from Plaintiffs' refusal to identify the individuals Plaintiffs expect to call as expert witnesses at trial. Given that expert discovery must be completed by July 3, 2004 and that Plaintiffs have thus far refused to identify which experts are expected to testify at trial, AdvancePCS respectfully requests that this Court enter an Order compelling a response to AdvancePCS' Interrogatory Nos. 13 and 21 directed to AARP and United, respectively, so that expert discovery may proceed in a timely and fair manner.

## ARGUMENT

Pursuant to Federal Rule of Civil Procedure 26, and Local Rule 26 of the United States District Court for the District of Minnesota, and the Second Amended Pretrial Scheduling Order, Plaintiffs have an ongoing obligation to disclose individuals who will provide expert testimony at trial. Federal Rule of Civil Procedure 26(e)(2) states that the party responding to discovery "is under a duty seasonably to amend a prior response to an interrogatory, request for

production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect…." Moreover, the Advisory Committee's Notes to Local Rule 26.3 emphasize the underlying purpose of both Federal and Local Rule 26. In 1996, the Advisory Committee recognized that newly amended Federal Rule of Civil Procedure 26 promoted the "timely exchange of detailed [expert] reports . . . [to] discourage parties from 'bluffing' about their claims or defenses until the eleventh hour." See 1996 Advisory Committee's Note to Local Rule 26.3.

In Sylla-Sawdon v. Uniroyal Goodrich Tire Co., 47 F.3d 277 (8th Cir. 1995), the Eighth Circuit upheld the trial court's decision to limit the testimony of plaintiff's expert witness where plaintiff failed to comply with a discovery order regarding disclosure of experts. The court recognized that, "the commentary to [Fed. R. Civ. P. 26] echoes the district court's stated rationale for requiring expert reports: the elimination of unfair surprise to the opposing party and the conservation of resources." Sylla-Sawdon, 47 F.3d at 284. The court added, "Revised Rule 37(c)(1) provides an incentive for full disclosure; namely, that a party will not ordinarily be permitted to use on direct examination any expert testimony not so disclosed…." Id. In Sylla-Sawdon, the court held that the "sketchy and vague" nature of the affidavit submitted on behalf of plaintiff's expert "forced" defendant to depose the expert to determine his qualifications and the basis of his opinion. Id. The court stated, "consequently, the necessity of the depositions frustrated the purposes of the district court's Scheduling Order and …the purposes of Rule 26(a)(2)(B)." Id.

Here, Sylla-Sawdon is instructive on the underlying purpose of Rule 26. In Sylla-Sawdon, even where plaintiff disclosed a "vague" summary affidavit that provided the general direction of the expert's opinion, the court held that defendants were "forced" to depose the expert in advance of trial as to his expert opinion and qualifications. In this case, where Plaintiffs refuse to provide any guidance as to the areas of specialized knowledge, proposed

expert testimony at trial, and/or qualifications of Messrs. Dufour, Hedblom, Kneese, Mitchell, Morrison, and Simos, the "necessity of depositions" is even more pronounced. At this stage of the litigation, where expert discovery is underway, Plaintiffs' position that "out of an abundance of caution" it is proper to disclose nine potential experts instead of identifying Plaintiffs' five testifying experts, undermines the goals of Federal and Local Rule 26. See letter dated April 15, 2004, attached to Soller Affidavit as Exhibit 4. It is critical that Plaintiffs identify the five experts whom Plaintiffs will call to provide expert testimony at trial so that *during expert discovery* AdvancePCS may thoroughly inquire as to each expert's area of expertise, proposed testimony at trial, the basis of his/her opinion, the qualifications of each expert, and other factors. Faced with nine potential testifying experts, four of which cannot possibly testify on Plaintiffs' behalf per the Scheduling Order, AdvancePCS cannot adequately determine how to allocate its resources or efficiently depose the proper experts during expert discovery. Moreover, without knowing which of Plaintiffs' experts for whom no reports were provided will be called to provide expert testimony at trial or their alleged areas of specialized knowledge, AdvancePCS cannot ascertain whether it is necessary to retain additional experts for rebuttal. As such, it is essential that Plaintiffs identify their five testifying experts at this time, so that AdvancePCS may engage in proper and meaningful expert discovery and introduce rebuttal experts prior to July 3, 2004.

Further, AdvancePCS' interrogatories directed to United and AARP specifically inquired as to the identity of each person that Plaintiffs expect to call as an expert witness at trial. Plaintiffs' interrogatory responses filed on August 9, 2002, provided only generic objections to AdvancePCS' inquiries regarding testifying experts, and Plaintiffs refuse to supplement their interrogatory responses "at this stage of the litigation." See letter dated April 20, 2004, attached to Soller Affidavit at Exhibit 8. Plaintiffs' Rule 26(a)(2) Expert Testimony Disclosure is of no consequence, as it identifies nine potential experts and only five experts may testify at trial

pursuant to the Second Amended Pretrial Scheduling Order. Thus, Plaintiffs have failed to satisfy their duty to supplement interrogatory responses.

In Evanson v. Union Oil Co. of California, 85 F.R.D. 274 (D. Minn. 1979), the United States District Court for the District of Minnesota emphasized the importance of providing complete and honest answers to interrogatories. Where the defendant had been ordered to answer interrogatories because its prior answers were incomplete, the court stated, "evasive or incomplete answers justify an Order under Rule 37(a). […] An implicit condition in any order to answer an interrogatory is that the answer be true, responsive and complete." Evanson, 85 F.R.D. at 277. The court cautioned against misleading or confusing the other party by providing false or no answers to interrogatories and expressed its desire and expectation that "all parties to this action conduct the litigation so as to procure a just and speedy result." Id. at 278.

Here, as in Evanson, the need for complete and responsive interrogatory answers is evident. In light of the fact that expert discovery must be completed by July 3, 2004 and that no expert depositions have been taken at this point, it is critical that Plaintiffs provide a truthful and complete interrogatory response to the question of which experts Plaintiffs intend to call to testify at trial. Moreover, Plaintiffs' position that AdvancePCS has already had the opportunity to depose Messrs. Dufour, Hedblom, Kneese, Mitchell, Morrison, and Simos and has "had a full and fair opportunity to examine them with regard to any lay or opinion testimony they may offer at trial," is without merit. See letter dated April 15, 2004, attached to Soller Affidavit as Exhibit 4. The Scheduling Order clearly contemplates expert discovery as being separate and apart from fact discovery in both time and substance. As such, Plaintiffs' disclosure of nine witnesses "out of an abundance of caution," and Plaintiffs' single-handed determination that AdvancePCS has already had the opportunity to thoroughly depose Messrs. Dufour, Hedblom, Kneese, Mitchell, Morrison, and Simos on their area of "expertise" and opinion testimony, is prejudicial and

unsupported by both the Scheduling Order and the Rules of Civil Procedure regarding expert testimony. Plaintiffs are engaging in the exact type of "bluffing" and game-playing that the Rules seek to avoid. See 1996 Advisory Committee's Note to LR 26.3. Requiring Plaintiffs to supplement their responses to AdvancePCS' First Set of Interrogatories regarding which experts will testify at trial will promote the timely and fair exchange of expert reports and discovery as contemplated by this Court's Scheduling Order and the Rules of Civil Procedure.

## CONCLUSION

For the foregoing reasons, AdvancePCS respectfully requests that this Court grant its Motion to Compel Identification of Experts Who Will Be Called to Testify at Trial by Plaintiffs.

Dated: May 24, 2004

Respectfully submitted,

/s Kevin P. Hickey for

REED SMITH LLP
W. Thomas McGough, Jr.
Mary J. Hackett
Christopher J. Soller
435 Sixth Avenue
Pittsburgh, PA 15219-1886
(412) 288-3088

BASSFORD REMLE, P.A.
Lewis A. Remele, Jr.
Kevin P. Hickey
33 South Sixth Street
Suite 3800
Minneapolis, MN 55402-3787
(612) 333-3000

Counsel to Defendant, AdvancePCS