**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| UNITED HEALTHCARE INSURANCE CO. and AARP,<br><br>Plaintiffs,<br><br>v.<br><br>ADVANCEPCS,<br><br>Defendant. | ) | Civil Action No. 01-CV-2320 RHK/AJB |

**OPPOSITION TO DEFENDANT ADVANCEPCS' MOTION TO COMPEL IDENTIFICATION OF EXPERTS WHO WILL BE CALLED TO TESTIFY AT TRIAL BY PLAINTIFFS**

Plaintiffs United HealthCare Insurance Co. ("United") and AARP hereby oppose Defendant AdvancePCS' Motion to Compel Identification of Experts Who Will be Called to Testify at Trial by Plaintiffs (the "Motion"). As discussed more fully below, neither the Second Amended Pretrial Scheduling Order (the "Scheduling Order") nor the Federal Rules of Civil Procedure require disclosure of the type demanded by Defendant.

In demanding the immediate identification of the individuals who will (rather than may) be called at a trial on this matter, AdvancePCS misrepresents the Plaintiffs' expert disclosure obligations under the applicable rules and the Scheduling Order. The Plaintiffs have made full disclosure of the three experts they retained pursuant to FRCP 26(a)(2)(B), including expert reports, curriculum vitae, and detailed lists of materials relied upon in preparing the submitted reports. In addition, AdvancePCS will have the opportunity to depose all of these individuals. Out of an abundance of caution, the Plaintiffs have also disclosed six additional pharmacists pursuant to FRCP 26(a)(2)(A) – despite the fact that each is competent to offer lay opinion testimony under Federal Rule of Evidence 701 and despite the fact that each was

deposed at length already in this matter. Neither FRE 701 nor Rule 26(a)(2)(A) require submission of an expert reports from these individuals.

The Plaintiffs intend to abide by the Scheduling Order and call no more than five individuals to offer expert opinion testimony at trial, but nothing in the Scheduling Order or the applicable rules requires the Plaintiffs to specify, at this time, which of the disclosed individuals will actually be called to testify as an expert at trial. Indeed, AdvancePCS apparently agrees with the Plaintiffs' reading of the Scheduling Order and Federal Rules, because it has identified and designated ten potential experts under FRCP 26(a)(2) – four retained experts (with their accompanying reports), and six additional individuals who may be called to give testimony under Federal Rules 702, 703 or 705. See AdvancePCS Rule 26(a)(2) Disclosures, dated April 1, 2004 and May 4, 2004, provided herewith as Exs. A and B to the Affidavit of Bret A. Puls ("Puls Aff."). In view of this, the positions and arguments asserted by AdvancePCS in this motion are puzzling at best.

The fact is, with more than six months to go before trial, the Plaintiffs have not determined, nor should they be required to determine, exactly who they will call at trial. With respect to the six pharmacists identified and deposed as fact witnesses, the nature of their educational and professional experience is well-known to all parties, and the metes and bounds of their possible testimony relative to this case has been explored at length through depositions taken by AdvancePCS. Since their depositions, these pharmacists have not submitted any additional reports or affidavits that AdvancePCS need now test by deposition. AdvancePCS's Motion should be denied.

## ARGUMENT

### A. Fed. R. Civ. P. 26(a)(2) Does Not Require the Plaintiffs to Make the Expert Disclosures Demanded by AdvancePCS

FRCP 26(a)(2) governs the disclosure of expert witnesses and is comprised of two separate parts: FRCP 26(a)(2)(A) requires the disclosure of the identity of persons who may be used at trial to present expert testimony, and FRCP 26(a)(2)(B) states that, "with respect to a witness who is retained or specially employed to provide expert testimony in the case," such disclosure must be accompanied by an expert report. FED. R. CIV. P. 26(a)(2). The Plaintiffs timely complied with these requirements in their Rule 26(a)(2) Expert Testimony Disclosure, listing all individuals that might be called to provide expert testimony at trial, if the need arose, and attaching expert reports for their retained experts. See Motion Ex. 2. The Plaintiffs disclosed the six pharmacists in addition to the retained experts, despite the fact that each of these pharmacists is competent to offer lay opinion testimony pursuant to FRE 701, based on his or her personal knowledge and experience in the industry.[1]

Nothing about this disclosure allows the Plaintiffs to engage in "'bluffing' about their claims and defenses until the eleventh hour," as AdvancePCS suggests. See Motion at 6. To the contrary, the Plaintiffs have provided full and complete disclosure. The six witnesses for which no expert reports were required are all pharmacists who have been deposed at length in this case because they are also fact witnesses. Through their depositions, each of these pharmacists has described his or her educational and professional background, relevant experience, and testimony regarding the subject matter in this case. There is no risk of "unfair

---

[1] See Duluth Lighthouse for the Blind v. C.G. Bretting Mfg. Co., Inc., 199 F.R.D. 320, 323 (D. Minn. 2000) (concluding that a lay expert witness need not be disclosed pursuant to FRCP 26(a)(2)(A) in order to provide opinion testimony based on industry experience).

surprise" to AdvancePCS, as these pharmacists' positions on the facts of this case have been explored by the parties and are well-known to all.

Sylla-Sawdon v. Uniroyal Goodrich Tire Co., 47 F.3d 277 (8th Cir. 1995), cited in AdvancePCS' Motion, does not support AdvancePCS's arguments. Sylla-Sawdon concerned a party's disclosure obligation with regard to an expert who was retained, and who therefore was required by FRCP 26(a)(2)(B) to submit an expert report. The witnesses about which AdvancePCS complains in its Motion are not retained experts, but rather were disclosed pursuant to FRCP 26(a)(2)(A), and thus the Plaintiffs were not obligated to provide expert reports. Even without the submission of expert reports, discovery to date has given AdvancePCS more than enough information about the six pharmacists in question to satisfy Sylla-Sawdon. In that case, the Eighth Circuit affirmed the decision not to qualify an expert who had submitted a "sketchy and vague" affidavit that did not adequately set forth the expert's qualifications and the basis of his opinion. 47 F.3d at 284. In sharp contrast, the pharmacist witnesses disclosed by the Plaintiffs have all been deposed extensively, and, with regard to Marge Simos, Charles Kneese, and Thomas Morrison, AdvancePCS is also in possession of detailed affidavits of the testimony that they would be prepared to give at trial.[2] In this way, these pharmacists have already provided AdvancePCS the functional equivalent of expert reports. The Federal Rules of Civil Procedure do not require more.[3]

---

[2] Sylla-Sawdon suggests that this would be more than enough to satisfy FRCP 26(a)(2). The defendant's complaint in that case was that it was "forced" to take the expert's deposition because the affidavit did not contain sufficient detail, which presumes that depositions are not otherwise necessary or desired as trial preparation.

[3] Even the pretrial disclosure requirements of FRCP 26(a)(3)(A) do not mandate the kind of disclosure demanded by AdvancePCS. This rule notes only that, 30 days before trial, the parties must disclose "the name and, if not previously provided, the address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises." Fed. R. Civ. P. 26(a)(3)(A) (emphasis added).

**B. The Scheduling Order Does Not Require the Plaintiffs to Make the Expert Disclosures Demanded by AdvancePCS**

The Scheduling Order similarly does not require that the Plaintiffs disclose, at this time, exactly which of the disclosed potential witnesses will actually be called at trial. Under the heading, "Discovery Plan," the Scheduling Order echoes the Federal Rules in its direction that, by April 1, 2004, the parties make "[d]isclosure of the identity of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B), accompanied by the written report prepared and signed by the expert witness." In setting forth the timeline for making such disclosures, the Scheduling Order notes that "[e]ach side shall take no more than 5 expert depositions," but does not put a limit on the number of experts to be disclosed. Although the Scheduling Order later specifies, under the heading "Trial," that "[e]ach side may call no more than 5 expert witnesses," it is silent on whether the parties are also limited to designating no more than five expert witnesses. It is also silent on when or whether those witnesses who will actually be called (as opposed to those who may be called) should be disclosed at this stage of proceedings.

There simply is no support for AdvancePCS's demand that the Plaintiffs decide and disclose, today, what witnesses it will call to provide expert testimony at trial. Based on the applicable rules and the Scheduling Order, the Plaintiffs are within their rights to call any of these disclosed individuals at trial, provided that they call no more than five. This is also true for AdvancePCS, which, as noted above, has disclosed four retained experts and six additional potential experts (one of which, Ren Elder, has never submitted an affidavit or been deposed in the case). See Puls Aff. Exs. A and B.

**C. The Plaintiffs' Obligation to Supplement Interrogatory Responses Does Not Require the Plaintiffs to Make the Expert Disclosures Demanded by AdvancePCS**

Lastly, AdvancePCS's assertion that its interrogatory requests provide an independent basis for making its demand is without merit. FRCP 26(e) provides no timeline for supplementation, and, as the Plaintiffs have not yet determined who they will actually call as expert witnesses at trial, the Plaintiffs have no supplemental information to provide. In addition, although AdvancePCS did not provide the Court with complete copies of the Plaintiffs' interrogatory responses, United and AARP objected to AdvancePCS's requests to the extent that they seek to impose obligations beyond what is required by the federal or local rules. See Interrogatory Responses of United and AARP, attached hereto as Exs. C and D to Puls Aff.

**CONCLUSION**

For the foregoing reasons, AdvancePCS's Motion should be denied.

Dated: June 1, 2004

Respectfully submitted,

s/ Bret A. Puls for

David B. Potter (MN #121642)
Bret A. Puls (MN #305157)
OPPENHEIMER WOLFF & DONNELLY LLP
Plaza VII, Suite 3300
45 South Seventh Street
Minneapolis, MN 55402
(612) 607-7000
(612) 607-7100 (fax)
E-Mail: dpotter@oppenheimer.com
bpuls@oppenheimer.com

and

Michael J. Lyle
Holly E. Loiseau
Christine P. Hsu
WEIL, GOTSHAL & MANGES LLP
1501 K Street NW, Suite 100
Washington, D.C. 20005
(202) 682-7000
(202) 857-0940 (fax)

Attorneys for Plaintiff United HealthCare Insurance Co.

s/ William G. Carpenter (for Vicki J. Bitner) for

Mark J. Briol (MN #126731)
Vicki J. Bitner (MN #213998)
BRIOL & ASSOCIATES, PLLC
3700 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 337-8410
(612) 337-5151 (fax)

Attorneys for Plaintiff AARP