**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| UNITED HEALTHCARE INSURANCE CO. and AARP,<br><br>Plaintiffs,<br><br>v.<br><br>ADVANCEPCS,<br><br>Defendant. | Case No. 01-CV-2320 RHK/AJB<br><br>**AFFIDAVIT OF BRET A. PULS** |

STATE OF MINNESOTA )
) ss.
COUNTY OF HENNEPIN )

Bret A. Puls, being first duly sworn upon oath, deposes and states as follows:

1. I am an attorney with Oppenheimer Wolff & Donnelly, LLP, representing Plaintiff United HealthCare Insurance Co. in the above-captioned matter. I make this affidavit of my own personal knowledge and in support of Plaintiff United HealthCare Insurance Co.'s Memorandum of Law in Support of Their Renewed Motion for Leave to Amend Their Complaint.

2. Attached to this affidavit as Exhibit A is a true and correct copy of AdvancePCS Rule 26(a)(2) Disclosures, dated April 1, 2004.

3. Attached to this affidavit as Exhibit B is a true and correct copy of AdvancePCS Rule 26(a)(2) Disclosures, dated May 4, 2004.

4. Attached to this affidavit as Exhibit C is a true and correct copy of United HealthCare Insurance Company's Responses to Defendant's Interrogatories dated August 9, 2002.

5. Attached to this affidavit as Exhibit D is a true and correct copy of AARP's Responses to Defendant's Interrogatories dated August 9, 2002.

FURTHER YOUR AFFIANT SAITH NOT.

s/ Bret A. Puls
Bret A. Puls

Subscribed and sworn to before me

this 1st day of June, 2004.

s/ Julie Ann Turbeville
Notary Public

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| UNITED HEALTHCARE INSURANCE CO. and AARP, | ) | |
| Plaintiffs, | ) | Case No. 01-CV-2320 RHK/AJB |
| v. | ) | **EXHIBIT LIST TO AFFIDAVIT OF BRET A. PULS** |
| ADVANCEPCS, | ) | |
| Defendant. | ) | |

**Exhibits**

1. Exhibit A is a copy of AdvancePCS Rule 26(a)(2) Disclosures, dated April 1, 2004.

2. Exhibit B is a copy of AdvancePCS Rule 26(a)(2) Disclosures dated May 4, 2004.

3. Exhibit C is a copy of United HealthCare Insurance Company's Responses to Defendant's Interrogatories dated August 9, 2002.

3. Exhibit D is a copy of AARP's Responses to Defendant's Interrogatories dated August 9, 2002.

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED HEALTHCARE INSURANCE CO. and AARP,<br><br>Plaintiffs,<br><br>v.<br><br>ADVANCEPCS,<br><br>Defendant. | ) | Civil Action No. 01-2320 RHK/AJB |

**RULE 26(a)(2) DISCLOSURE**

Pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure and the Case Management Order in effect in this matter, AdvancePCS discloses the following individuals who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence: Arlin M. Adams, Debi A. Reissman, and Jeffrey H. Kinrich. A copy of a report for each of these individuals accompanies this Disclosure.

Dated: April 1, 2004

By ____________________

REED SMITH LLP
W. Thomas McGough, Jr.
Mary J. Hackett
Christopher J. Soller
435 Sixth Avenue
Pittsburgh, PA 15219-1886
(412) 288-3131

BASSFORD REMELE, P.A.
Lewis A. Remele, Jr.
Kevin P. Hickey
33 South Sixth Street, Suite 3800
Minneapolis, MN 55402-3707
(612) 333-3000

Attorneys for Defendant AdvancePCS

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 1st day of April, 2004, the undersigned caused a true and correct copy of the foregoing RULE 26(a)(2) DISCLOSURE to be served via electronic mail and first-class, U.S. mail, postage prepaid, upon the following counsel:

Michael J. Lyle, Esquire
WEIL, GOTSHAL & MANGES LLP
1501 K. Street NW, Suite 100
Washington, D.C. 2005

David B. Potter, Esquire
OPPENHEIMER WOLFF & DONNELLY LLP
Plaza VII, Suite 3300
45 South Seventh Street
Minneapolis, MN 55402

Counsel for Plaintiff United

Mark J. Briol, Esquire
BRIOL & ASSOCIATES, PLLC
3700 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

Counsel for Plaintiff AARP

Counsel for Defendant

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED HEALTHCARE INSURANCE CO. and AARP, Plaintiffs, v. ADVANCEPCS, Defendant. | ) ) ) ) ) ) ) ) ) ) | Civil Action No. 01-2320 RHK/AJB |

**RULE 26(a)(2) DISCLOSURE**

Pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure and the Second Amended Pretrial Scheduling Order in this matter, AdvancePCS discloses the following individuals who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence to respond to issues upon which Plaintiffs have the burden of proof: Jacob Jacoby, Ph.D., Debi A. Reissman, and Jeffrey H. Kinrich. A copy of a report for each of these individuals accompanies this Disclosure. In addition, depending on the witnesses called by and testimony admitted on behalf of the Plaintiffs, AdvancePCS may also call one or more of the following individuals to provide responsive or rebuttal testimony: Kirby Bessant, Jeff Sanders, Don Johnson, Brian Correia, Ren Elder, and Patrick Kenney.

Dated: May 4, 2004

By ______________________

REED SMITH LLP
W. Thomas McGough, Jr.
Mary J. Hackett
Christopher J. Soller
435 Sixth Avenue
Pittsburgh, PA 15219-1886
(412) 288-3131

BASSFORD REMELE, P.A.
Lewis A. Remele, Jr.
Kevin P. Hickey
33 South Sixth Street, Suite 3800
Minneapolis, MN 55402-3707
(612) 333-3000
Attorneys for Defendant AdvancePCS

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 4th day of May, 2004, the undersigned caused a true and correct copy of the foregoing RULE 26(a)(2) DISCLOSURE to be served via electronic mail and first-class, U.S. mail, postage prepaid, upon the following counsel:

Michael J. Lyle, Esquire
WEIL, GOTSHAL & MANGES LLP
1501 K. Street NW, Suite 100
Washington, D.C. 2005

David B. Potter, Esquire
OPPENHEIMER WOLFF & DONNELLY LLP
Plaza VII, Suite 3300
45 South Seventh Street
Minneapolis, MN 55402

Counsel for Plaintiff United

Mark J. Briol, Esquire
BRIOL & ASSOCIATES, PLLC
3700 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

Counsel for Plaintiff AARP

Counsel for Defendant

# EXHIBIT C

RECEIVED
AUG 12 2002
DAVID B. POTTER

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED HEALTHCARE INSURANCE CO. and AARP,<br><br>Plaintiffs,<br><br>vs.<br><br>ADVANCEPCS,<br><br>Defendant. | Case No. 01-CV-2320 RHK |

**PLAINTIFF UNITED HEALTHCARE INSURANCE CO.'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF UNITED HEALTHCARE INSURANCE CO.**

Pursuant to Federal Rule of Civil Procedure 33(b), Plaintiff United HealthCare Insurance Co. ("United") submits the following objections and responses to Defendant's First Set of Interrogatories Directed to Plaintiff United HealthCare Insurance Co.

## GENERAL OBJECTIONS

The following objections apply to each and every interrogatory in Defendant's First Set of Interrogatories Directed to Plaintiff United HealthCare Insurance Co., and each of the following objections is incorporated by reference into each response, pursuant to Rule 33(b) of the Federal Rules of Civil Procedure. United reserves the right to revise, amend, or add to any response.

1. United objects to each interrogatory to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable protection against discovery.

2. United objects to each interrogatory to the extent it is overly broad or seeks information not related to the claims and defenses of the parties to this lawsuit.

3. United objects to each interrogatory to the extent it is unduly burdensome.

4. United objects to each interrogatory to the extent it seeks information not reasonably calculated to lead to the discovery of admissible evidence.

5. United objects to each interrogatory to the extent it seeks confidential business information.

6. United objects to these requests to the extent that they seek information that is publicly available or on file with the Court, or has already been provided to Defendant.

7. Nothing in these responses is to be construed as waiving rights or objections that otherwise may be available to United, nor should United's response to any of these requests be deemed an admission of relevancy, materiality, and/or admissibility into evidence of either the interrogatories or the responses thereto.

8. United objects to each interrogatory, instruction or definition to the extent that they contain unwarranted factual and legal conclusions. A response by United that it will respond (or a response) to a particular request shall not be construed as an admission by United that any factual or legal conclusion or assertion contained therein is accurate.

9. United objects to the Definitions and Instructions stated by Defendant to the extent that they seek to impose obligations on United that are beyond what is required under the Federal Rules of Civil Procedure and/or the Local Rules of this Court. United specifically objects to the Definition of "document" and the Definition of "You," "Your," or "United" on the grounds that they are overly broad and unduly burdensome.

10. United objects to the Instruction purporting to require production of documents dating back to January 1, 1997. Such a timeframe imposes an undue and unnecessary

burden on United and requests documents that have no relevance or bearing on the claims or issues in this case.

11. United objects to Defendant's Definition of the "Express AARP Program" as inconsistent with the Amended Complaint and as a misstatement of the factual record. United's responses herein will use the terms "AARP Program" and "AdvancePCS Plan" as they are defined in the Amended Complaint.

12. United is continuing its investigation with respect to these interrogatories, which may result in the discovery of additional responsive information.

**SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES**

1-2 Other than those people identified in your Initial Disclosures, identify any person with United, Express or AARP who is likely to have discoverable information that AARP may use to support its claims or defenses, and, with regard to each, describe the knowledge which he/she has or claims to have.

RESPONSE:

See General Objections. United further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. United also objects to this interrogatory to the extent it purports to seek information not within United's possession, custody or control, and because it calls for speculation regarding the identity of individuals who may have relevant information regarding AARP's claims or defenses.

3-4 Regarding the allegation in paragraph 13 of the Complaint that "defendant is confusing pharmacists and AARP Participants":

a) identify each pharmacy and AARP participant, whom you contend has been confused; and

b) identify and describe each communication you, or anyone acting on your behalf, has had with each such person or entity.

RESPONSE:

See General Objections. Subject to and without waiver of the foregoing objections, United responds that, at this time, it is aware of several communications from pharmacists and AARP Program participants reporting confusion over Defendant's continued processing of AARP Program claims, including: (1) a September 27, 2001 call from "Clark" at Tahoka Drug in Texas, who reported that Defendant's actions caused a lot of "confusion and double work" for the pharmacies, (2) a call on or about March 1, 2002 from an AARP Program participant whose pharmacy, Drake's Pharmacy in Colorado, mistakenly processed her claim through Defendant's program because of Defendant's failure to reject AARP Program claims,

(3) a call received by Edwin C. Hedblom in late February 2002, during which Bob Stone of Stop n' Shop reported a complaint from an AARP Program participant whose prescription claim was processed through the AdvancePCS Plan, rather than through the AARP Program, and (4) a September 2001 voicemail from a CVS representative regarding the confusion caused by AdvancePCS's continued processing of AARP Program claims. Responsive and non-privileged documents will be produced pursuant to the protective order entered in this matter to the extent any exist in United's possession, custody, or control. United's investigation is continuing and ongoing, and United reserves the right to amend this response as appropriate.

5. Describe in detail each and every "recovery effort" or step you, AARP and/or Express have taken to address the alleged harm caused by AdvancePCS and/or to avoid the alleged confusion noted in paragraphs 27, 47, 48, and 55 of the Complaint.

RESPONSE:

See General Objections. United further objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, and vague and ambiguous. Subject to and without waiver of the foregoing objections, United states that its "recovery effort(s)" include but are not limited to those mentioned in the Affidavit of Thomas E. Erickson previously provided to Defendant in this litigation. Responsive and non-privileged documents substantiating these and other efforts will be produced pursuant to the protective order entered in this matter to the extent any exist in United's possession, custody, or control.

6-7. Regarding the allegation in paragraph 37 of the Complaint that "AARP program participants believe that they are receiving the full benefits of the AARP Program DUR system when, in fact, they are not,"

a) identify each AARP participant who has this belief and/or any individual(s) you believe has (have) knowledge regarding this allegation; and

b) identify and describe each communication you, or anyone acting on your behalf, has had with each such person or entity.

RESPONSE:

See General Objections and response to Interrogatories 3-4. Subject to and without waiver of the foregoing objections, United refers to Plaintiffs' Rule 26(a)(1) Initial Disclosures, which lists persons with knowledge of the allegations in the Complaint. Responsive and non-privileged documents will be produced pursuant to the protective order entered in this matter to the extent any exist in United's possession, custody, or control.

8. Please identify by name, address and phone number each and every individual, including the "pharmacists from United Health Group and Express Claims Inc." who communicated with Claude Martin as described in Paragraph 5 of Mr. Martin's affidavit.

RESPONSE:

See General Objections. United additionally objects to the extent that this Interrogatory seeks privileged information. Subject to and without waiver of the foregoing objections, United answers as follows:

Edwin C. Hedblom

Charles G. Kneese

Marjorie K. Simos

These individuals may be contacted through their respective counsel, as identified in Plaintiffs' Rule 26(a)(1) Initial Disclosures.

9. Identify all drug prescription programs or plans which provide the basis for your allegation in paragraph 26 of the Complaint that "established industry practice requires that Defendant stop processing claims carrying the unique carrier-group numbers assigned to the AARP Program," including but not limited to, the vendor or company which provided the program which is the basis for the claim of "industry practice," when the program terminated, and whether the programs were cash-card programs in which the PBM adjudicated the discount amount but did not have a plan sponsor that funded the cost of the prescription.

RESPONSE:

See General Objections. Subject to and without waiver of the foregoing objections, United responds that the allegations regarding "industry standard" are based on the experience of pharmacists in the industry, which includes experience with the transition of programs from one PBM to another, including but not limited to programs administered for: Deloitte Touche (claim processing electronically shut off as of January 1, 2001, when program transferred to Merck Medco from AdvancePCS); Delta Airlines (claim processing electronically shut off as of January 1, 2000, when program transferred from Cigna to Merck Medco); Dun & Bradstreet (claim processing electronically shut off as of January 1, 2001, when program transferred from DPS to AdvancePCS); and UHG Health Plans (claim processing electronically shut off as of December 31, 2000, when program transferred to Merck Medco from DPS). Responsive and non-privileged documents will be produced pursuant to the protective order entered in this matter to the extent any exist in United's possession, custody, or control. United's investigation is continuing and ongoing, and United reserves the right to amend this response as appropriate.

10. Please identify any AARP members who have raised, submitted, made or lodged a complaint or concern about the Express AARP Program or the AdvancePCS Plan.

RESPONSE:

See response to Interrogatories 3-4.

11-14. Please describe in detail the basis for your damage claim of approximately $30,000,000 in your Initial Disclosures, including identifying each and every "intermediary remedy" taken and the cost for each such remedy and setting forth in detail how you calculated the damage amount allocated for each damage category set forth in your Initial Disclosures and identifying who has knowledge of each component or category of your damage claim.

RESPONSE:

See General Objections. United further objects to this interrogatory on the grounds that the information it seeks was already provided to Defendant through Plaintiffs' Rule 26(a)(1) Initial Disclosures. Subject to and without waiver of the foregoing objections, United responds that additional workpapers supporting the amount of this damage claim will be produced pursuant to the protective order entered in this matter.

15. Provide the claim volume and other statistics set forth in the chart on page 16 of the Complaint for the month of January, 2002 and future months as those months end.

RESPONSE:

See General Objections. Subject to and without waiver of the foregoing objections, United states that, based on information currently available to it, the chart appearing on page 16 of the Complaint inadvertently omits the retail claim volume recorded by AdvancePCS in August 2001 for the independent pharmacies in the AdvancePCS network and the AdvancePCS network pharmacies that opted not to participate in Plaintiffs' network. Based on information currently available to it, United states that the following reflects the correct retail claim volume for the AdvancePCS pharmacy network in August 2001, and revises and updates the chart appearing on page 16 of the Complaint:

| 8/2001 Volume (PCS) | September 2001 Volume | | October 2001 Volume | | November 2001 Volume | |
|---|---|---|---|---|---|---|
| | United | % of 8/01 volume | United | % of 8/01 volume | United | % of 8/01 volume |
| 2,198,205 | 744,816 | 34% | 922,124 | 42% | 992,788 | 45% |

| December 2001 Volume | | January 2002 Volume | | February 2002 Volume | | March 2002 Volume | |
|---|---|---|---|---|---|---|---|
| United | % of 8/01 volume | United | % of 8/01 volume | United | % of 8/01 volume | United | % of 8/01 volume |
| 1,030,654 | 47% | 1,256,134 | 57% | 1,310,099 | 60% | 1,781,148 | 81% |

| April 2002 Volume | | May 2002 Volume | | June 2002 Volume | | July 2002 Volume | |
|---|---|---|---|---|---|---|---|
| United | % of 8/01 volume | United | % of 8/01 volume | United | % of 8/01 volume | United | % of 8/01 volume |
| 2,408,323 | 110% | 2,552,433 | 116% | 2,381,782 | 108% | 2,571,452 | 117% |

16. Provide the claim volume (i.e., the number of claims processed) for the Express AARP Program for each day of March, 2002.

RESPONSE:

See General Objections. Subject to and without waiver of the foregoing objections, United states that, based on information currently available to it, the following chart lists the daily volume for the month of March, 2002:

| | |
|---|---|
| 3/1/02 Friday | 68,240 |
| 3/2/02 Saturday | 31,423 |
| 3/3/02 Sunday | 13,830 |
| 3/4/02 Monday | 85,981 |
| 3/5/02 Tuesday | 70,075 |
| 3/6/02 Wednesday | 63,357 |
| 3/7/02 Thursday | 61,808 |
| 3/8/02 Friday | 59,920 |
| 3/9/02 Saturday | 30,316 |
| 3/10/02 Sunday | 13,047 |
| 3/11/02 Monday | 82,275 |
| 3/12/02 Tuesday | 65,707 |
| 3/13/02 Wednesday | 61,123 |
| 3/14/02 Thursday | 62,986 |
| 3/15/02 Friday | 62,578 |
| 3/16/02 Saturday | 32,802 |
| 3/17/02 Sunday | 14,041 |
| 3/18/02 Monday | 84,106 |
| 3/19/02 Tuesday | 69,757 |
| 3/20/02 Wednesday | 62,881 |
| 3/21/02 Thursday | 77,790 |
| 3/22/02 Friday | 77,107 |
| 3/23/02 Saturday | 41,626 |

| | |
|---|---|
| 3/24/02 Sunday | 16,933 |
| 3/25/02 Monday | 102,462 |
| 3/26/02 Tuesday | 82,900 |
| 3/27/02 Wednesday | 82,991 |
| 3/28/02 Thursday | 83,050 |
| 3/29/02 Friday | 72,226 |
| 3/30/02 Saturday | 39,229 |
| 3/31/02 Sunday | 8,581 |

17-20. Please identify by name, address and telephone number each of the pharmacies that had contracted with United and/or Express to be part of the Express AARP Program network by (a) June 1, 2001; (b) September 1, 2001; (c) December 31, 2001; and (d) as of the date of your response.

RESPONSE:

See General Objections. United further objects to this interrogatory on the grounds that seeks information not related to the claims and defenses of the parties to this lawsuit and it is not reasonably calculated to lead to the discovery of admissible evidence. United states that such information constitutes confidential business information that, to the extent it is relevant, will be produced pursuant to the protective order entered in this matter. Finally, United objects to this interrogatory as overbroad and unduly burdensome. Subject to and without waiver of the forgoing objections, United states as follows:

(a) 33,333 pharmacies signed by June 1, 2001

(b) 46,322 pharmacies signed by September 1, 2001

(c) 47,587 pharmacies signed by December 31, 2001

(d) 48,483 pharmacies signed to date

21. Identify each person whom you expect to call as an expert witness at trial.

RESPONSE:

See General Objections. United further objects to this interrogatory on the grounds that it purports to impose obligations on United that are beyond what is required under the Federal Rules of Civil Procedure and/or the Local Rules of this Court. A witness list will be provided to Defendant at the appropriate time pursuant to the Local Rules.

22. Identify all cases, hearings, or proceedings in which any experts you intend to offer at trial in this matter have previously testified as an expert or were proffered to the Court as an expert and for each matter, produce a transcript of the testimony.

RESPONSE:

See Response to Interrogatory No. 21.

Dated: August 9, 2002

Respectfully submitted,

Michael J. Lyle (admitted *pro hac vice*)
Christine P. Hsu (admitted *pro hac vice*)
Maureen Testoni
George J. Hazel (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
1501 K Street NW, Suite 100
Washington, D.C. 20005
(202) 682-7000
(202) 857-0940 (fax)

and

David B. Potter (MN #121642)
Bret A. Puls (MN #305157)
Bray Dohrwardt (MN #315151)
OPPENHEIMER WOLFF & DONNELLY LLP
Plaza VII, Suite 3300
45 South Seventh Street
Minneapolis, MN 55402
(612) 607-7000
(612) 607-7100 (fax)

Attorneys for Plaintiff United HealthCare Insurance Co.

## VERIFICATION

Personally appeared before me, the undersigned officer duly authorized by law to administer oaths, Thomas E. Erickson, who having first been sworn, deposes and states that he/she is familiar with the facts set forth in Plaintiff United HealthCare Insurance Co.'s Objections and Responses to Defendant's First Set of Interrogatories Directed to Plaintiff United HealthCare Insurance Co.; and that said facts are true and correct to the best of his/her knowledge, information, and belief based upon his/her personal knowledge, review of pertinent business records, and discussions with other individuals with knowledge of some of the topics referenced herein.

Thomas E. Erickson

this 9 th day of August, 2002

Sworn to and subscribed
before me on this
9 th day of August, 2002

Notary Public

KRISTINA L. GARIN
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2005

# CERTIFICATE OF SERVICE

The undersigned does hereby certify that she caused to be served a true and correct copy of the foregoing Plaintiff's Objections and Responses to Defendant's First Set of Interrogatories Directed to United HealthCare Insurance Co. by U.S. mail, first class, postage prepaid on this 9th day of August, 2002, to the following:

W. Thomas McGough
Mary J. Hackett
Christopher J. Soller
REED SMITH LLP
435 Sixth Avenue
Pittsburgh, PA 15219-1886
(412) 288-3088

and

Lewis A. Remele, Jr.
BASSFORD, LOCKHART, TRUESDELL & BRIGGS, P.A.
3550 Multifoods Tower
Minneapolis, MN 55402-3787
(612) 333-3000

Counsel for United HealthCare Insurance Co.

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED HEALTHCARE INSURANCE CO. and AARP,<br><br>Plaintiffs,<br><br>v.<br><br>ADVANCEPCS,<br><br>Defendant. | Civil Action No. 01-CV-2320 RHK/AJB |

**AARP'S RESPONSES AND OBJECTIONS TO**
**DEFENDANT'S FIRST SET OF INTERROGATORIES**

Plaintiff AARP, in response to Defendant's First Set of Interrogatories, hereby states and alleges as follows:

**General Objections**

1. AARP objects to each of Defendant's Interrogatories to the extent that they seek information protected by the attorney-client privilege, the work product doctrine, and/or other applicable privilege or rule of law.

2. AARP objects to each of Defendant's Interrogatories to the extent that they seek information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, or are otherwise outside the scope of permissible discovery.

3. AARP objects to each of Defendant's Interrogatories to the extent that compliance therewith would impose an undue burden on AARP, or to the extent that the Interrogatories are overly broad.

CONFIDENTIAL

4. AARP objects to these Interrogatories to the extent they seek information equally available to Defendant, such as information contained in Defendants' own files.

5. AARP objects to the definitions and instructions stated by Defendant to the extent that they seek to expand the scope of or impose upon AARP obligations greater than those required by the Federal Rules of Civil Procedure. AARP specifically objects to the instruction purporting to require production of "information and/or documents from on or after January 1, 1997." Such a time frame imposes an undue and unnecessary burden on AARP and requests information that has no relevance or bearing on the claims or issues in this case.

6. AARP objects to Definitions Nos. 1 & 5 to the extent that they purport to impose upon AARP an obligation that is unduly burdensome and contrary to the Federal Rules of Civil Procedure. AARP will respond to Defendant's Interrogatories based on information known to AARP and AARP Services, Inc., and/or to the individuals who are officers, directors, or employees of these entities.

7. AARP objects to Defendant's definition of the "Express AARP Program" as inconsistent with the Amended Complaint and as a misstatement of the factual record.

8. AARP's investigation is ongoing, and these Responses may be supplemented from time to time with additional information or documents. AARP reserves the right to revise, amend, or add to any response.

Subject to the foregoing objections, and without waiving the same, AARP responds as follows:



CONFIDENTIAL

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

**Interrogatories Nos. 1-2:**

*Other than those people identified in your Initial Disclosures, identify any person with United, Express or AARP who is likely to have discoverable information that AARP may use to support its claims or defenses, and, with regard to each, describe the knowledge which he/she has or claims to have.*

**RESPONSE:**

Subject to the general objections stated above, AARP states that it has previously identified, in its Initial Disclosures, the persons whom it believes are likely to have discoverable information that AARP may use to support its claims or defenses at trial. AARP will supplement this response, if necessary, as additional information becomes available, and/or after Defendant files its Answer to the Amended Complaint.

**Interrogatories Nos. 3-4:**

*Regarding the allegation in paragraph 13 of the Complaint that "defendant is confusing pharmacists and AARP Participants":*

*a) identify each pharmacy and AARP participant, whom you contend has been confused; and*

*b) identify and describe each communication you, or anyone acting on your behalf, has had with each such person or entity.*

**RESPONSE:**

AARP objects to this Interrogatory as overly broad and unduly burdensome. AARP further objects to this request as vague and ambiguous because paragraph 13 of the Amended Complaint does not include the quoted language.



CONFIDENTIAL

Subject to these objections, and to the general objections stated above, see United's response to this interrogatory, which enumerates several communications by AARP Program participants or pharmacies that reported confusion over Advance PCS's conduct, and which AARP hereby incorporates by reference. AARP further states that the pleadings on file in this case identify several pharmacies, including the CVS pharmacy chain, that were or have been confused by AdvancePCS's wrongful diversion of claims. Moreover, documents produced by AdvancePCS in the course of this litigation appear to provide further evidence of the substantial confusion or likely confusion caused by AdvancePCS. See, e.g., APCS 00701, APCS 01236. AARP will further supplement this response, if appropriate, as additional information becomes available.

**Interrogatory No. 5**

*Describe in detail each and every "recovery effort" or step you, United and/or Express have taken to address the alleged harm caused by AdvancePCS and/or to avoid the alleged confusion noted in paragraphs 27, 47, 48, and 55 of the Complaint.*

**RESPONSE:**

AARP objects to this Interrogatory as overly broad, unduly burdensome, vague and ambiguous. Subject to these objections, and to the general objections stated above, see United's response to this interrogatory, which AARP hereby incorporates by reference. AARP will further supplement this response, if appropriate, as additional information becomes available.



CONFIDENTIAL

**Interrogatory Nos. 6-7:**

*Regarding the allegation in paragraph 37 of the Complaint that "AARP program participants believe that they are receiving the full benefits of the AARP Program DUR system when, in fact, they are not,"*

a) *identify each AARP participant who has this belief and/or any individual(s) you believe has (have) knowledge regarding this allegation; and*

b) *identify and describe each communication you, or anyone acting on your behalf, has had with each such person or entity.*

**RESPONSE:**

AARP objects to this Interrogatory as overly broad and unduly burdensome. Subject to this objection, and to the general objections stated above, AARP states that the benefits of the DUR service offered by the AARP prescription drug program have been described in mailings to the AARP membership and are set forth on the AARP pharmacy website. Thus, it would be virtually impossible to "identify each AARP participant" who has relied on these statements and/or believes that the DUR service is providing them with protection from drug interactions. In response to this interrogatory, AARP further refers defendant to Plaintiff's Initial Disclosures, which provide a list of persons with knowledge of the allegations in the Complaint. AARP will further supplement this response, if appropriate, as additional information becomes available.

**Interrogatory No. 8:**

*Please identify by name, address and phone number each and every individual, including the "pharmacists from United Health Group and Express Claims Inc." who communicated with Claude Martin as described in Paragraph 5 of Mr. Martin's affidavit.*



CONFIDENTIAL

**RESPONSE:**

Subject to the general objections stated above, AARP states that it does not have information or knowledge sufficient to respond to this request.

**Interrogatory No. 9:**

*Please identify all litigation, whether filed or threatened, by an individual against AARP which related in any way to DUR. If filed, please set forth the case caption, including the names of the parties, the court in which the litigation took place and the case number.*

**RESPONSE:**

AARP objects to this request as overly broad and unduly burdensome. Subject to this objection, and to the general objections stated above, AARP states that, as of this date, and to the best of its knowledge, there has been no litigation filed or threatened by an individual against AARP which relates to the DUR performed for the retail pharmacy program by AdvancePCS or by Express Scripts, Inc. AARP will supplement this request, as appropriate, as additional information becomes available.

**Interrogatories Nos. 10-11:**

*Please identify any AARP members who have raised, submitted, made or lodged a complaint or concern about the Express AARP Program and describe in detail the complaint or concern.*

**RESPONSE:**

AARP objects to this Interrogatory as overly broad and unduly burdensome. AARP further objects to this request in that it seeks information that is not relevant to the claims in this case, and is not likely to lead to the discovery of relevant, admissible



CONFIDENTIAL

evidence. Subject to these objections, and to the general objections stated above, see United's response to this interrogatory, which AARP hereby incorporates by reference. AARP will further supplement this response, if appropriate, as additional information becomes available.

**Interrogatory No. 12:**

*Please describe in detail the basis for your damage claim of $2,500,000 in the Complaint and set forth in your Initial Disclosures, including providing the royalty amount used to calculate the number and the amount AARP would receive if the parties are unable to agree on a formula to be applied, and setting forth the precise numbers and calculations made to reach $2,500,000.*

**RESPONSE:**

AARP's claim for damages of approximately $2.5 million, as set forth in Count V of the Amended Complaint, is based on AARP's allegation and belief that AdvancePCS, through its wrongful diversion of claims, has tortiously interfered with AARP's prospective economic advantage and business opportunities under the AARP program. The amount of damages has been computed in accordance with the compensation formula set forth in the AARP HCO Pharmacy Service Agreement. (The same formula is set forth in the Trademark License Agreement for AARP Pharmacy Service.) It is derived by taking into account the minimum royalty contemplated by the parties to the Agreement ($8 million per annum), as stated in the Agreement, and subtracting the amount that AARP would receive in any event if the parties are unable to agree on a formula to be applied for the duration of the contract (slightly less than $7 million per annum, projected over a 2.5 year period). In sum, the $2.5 million damage claim is



CONFIDENTIAL

derived by the following computation: ($8 million x 2.5 years) – ($7 million x 2.5 years). As previously stated, AARP will produce copies of the HCO Pharmacy Service Agreement and the Trademark License Agreement once the Stipulation and Protective Order has been agreed to and signed by all parties.

There are other losses to AARP resulting from Defendant's conduct, including but not limited to legal fees and costs, that are not quantified in the $2.5 million damages claim described above. In both cases, these are funds that would otherwise be utilized for the benefit of AARP members, and AARP is seeking compensation for all of these losses in this lawsuit.

**Interrogatory No. 13:**

*Identify each person whom you expect to call as an expert witness at trial.*

**RESPONSE:**

AARP objects to this request as premature. AARP has not yet selected its testifying experts and will supplement this request at a later date, in accordance with the Federal Rules of Civil Procedure, the Local Rules, and the Court's scheduling orders in this case.

**Interrogatory No. 14:**

*Identify all cases, hearings, or proceedings in which any experts you intend to offer at trial in this matter have previously testified as an expert or were proffered to the Court as an expert and for each matter, produce a transcript of the testimony.*

**RESPONSE:**

AARP objects to this request as premature. AARP has not yet selected its testifying experts and will supplement this request at a later date, in accordance with the



CONFIDENTIAL

Federal Rules of Civil Procedure, the Local Rules, and the Court's scheduling orders in this case.

Respectfully submitted,

Mark J. Briol (MN #126731)
Vicki J. Bitner (MN #213998)
BRIOL & ASSOCIATES, PLLC
3700 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 337-8410
(612) 337-5151 (fax)

Attorneys for Plaintiff AARP

Dated: August 9, 2002

As to objections: ____________________
Vicki J. Bitner



CONFIDENTIAL

**VERIFICATION**

I, Roberta Milman, have reviewed AARP's Responses and Objections to Defendant's First Set of Interrogatories. I am familiar with the facts set forth therein, and I hereby verify under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the facts set forth therein are true and correct to the best of my knowledge, information, and belief.

Roberta J Milman
Roberta Milman

Executed on: August 9, 2002



CONFIDENTIAL

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of August, 2002, true and correct copies of AARP's Responses and Objections to Defendant's First Set of Interrogatories were served upon the following counsel via First-Class mail, postage prepaid:

W. Thomas McGough, Jr.
Mary J. Hackett
Christopher J. Soller
Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA 15219

Lewis A. Remele, Jr.
Bassford, Lockhart,
Truesdell & Briggs, P.A.
3550 Multifoods Tower
Minneapolis, MN 55402-3787

Scott G. Knudson
Briggs & Morgan
2200 First National Bank Building
332 Minnesota Street
St. Paul, MN 55101

Vicki J. Bitner