**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

UNITED HEALTHCARE INSURANCE COMPANY AND AARP,

Plaintiffs,

Civil No. 01-2320 RHK/AJB

v.

**ORDER ON EXPERTS**

ADVANCEPCS,

Defendant,

---

This matter came before the Court in a telephone conference on June 18, 2004. The parties sought clarity regarding the Court's position on expert witness numbers, identification, reports and depositions. Michael Lyle, Esq., and Bret A. Puls, Esq., argued on behalf of Plaintiff United. W. Thomas McGough, Jr., Esq., argued on behalf of Defendant AdvancePCS. Based on the arguments of the parties:

**IT IS HEREBY ORDERED THAT:**

1. Each side is limited to five Rule 702 expert witnesses.

2. There is no limit on the number of fact witnesses that may, at trial, be called upon to offer opinions pursuant to Rule 701. The parties shall provide notice of their intent to have fact witnesses offer opinions pursuant to Rule 701. For each such witness, a party shall:

   a. Identify the witness;

   b. Describe the substance of the opinion testimony that the witness will offer;

   c. Provide a report detailing the opinion testimony the witness will offer; and

d. To the extent that the opposing party has not had the opportunity to depose the fact witness on the opinion testimony that they may offer at trial under Rule 701, the party offering the testimony shall make the witness available for deposition.

3. The parties shall abide by the deadlines set forth in this Court's Order on Defendant's Motion to Compel, dated June 14, 2004, including the August 6, 2004, deposition deadline for both Rule 702 and prospective Rule 701 expert witnesses. [Docket No. 202].

Dated: June 18, 2004

s/Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge

**MEMORANDUM**

Federal Rule of Evidence 701 provides for opinion testimony by lay witnesses in limited circumstances. Plaintiffs have informed the court that they intend to call six pharmacists as fact witnesses who may also offer 701. It is the Court's understanding that Defendant also has such fact witnesses who may be called upon to offer Rule 701 lay opinion testimony.

The Court has cautioned counsel concerning cumulative evidence and the possibility that all proposed Rule 701 witnesses may not be permitted to testify at trial. Further, this decision does not prejudice an opposing party from bringing a motion in limine or a motion at trial objecting to the characterization of the opinion testimony as Rule 701 testimony. A party may seek exclusion of such testimony if it shows that it is really Rule 702 expert testimony for which the proper procedures have

not been filed and which is in excess of the limit of five Rule 702 expert witnesses. As the comments to Rule 701 make clear, the parties will not be allowed to evade Rule 702 by "proffering an expert in lay witness clothing."

AJB