# EXHIBIT B

OPPENHEIMER

OPPENHEIMER WOLFF & DONNELLY LLP
Plaza VII, Suite 3300
45 South Seventh Street
Minneapolis, MN 55402-1609

oppenheimer.com

612.607.7000
Fax 612.607.7100

Direct Dial: 612.607.7552
E-Mail: bpulse@oppenheimer.com

June 16, 2004

***VIA MESSENGER***

Honorable Arthur J. Boylan
United States District Court
District of Minnesota
316 North Robert
St. Paul, MN 55101

Re: United Health Care v. AdvancePCS; CIV. NO. 01-CV-2320 RHK/AJB

Dear Judge Boylan:

By this letter and pursuant to Rule 7.1(g) of the Local Rules, United HealthCare Insurance Co. and AARP request leave to file a motion to clarify/reconsider the Court's ruling at the June 7, 2004 hearing and the resulting June 14, 2004 Order on Defendant's Motion to Compel Identification of Experts who Will Be Called at Trial.

The basis for our seeking clarification/reconsideration of this matter stems from the five "expert" limit set forth in the initial March 13, 2002 scheduling order in this case. Plaintiffs have always understood that this limit applied only to "traditional" litigation experts (i.e. retained experts or party employee who are provided facts and other data outside their own knowledge and asked to render an opinion thereon for the purposes of trial). As was discussed in Plaintiffs' responsive papers and at oral argument, Plaintiffs have only three such "traditional" experts who will testify at trial. These are all retained experts who were provided litigation information and who were asked to render opinions. Each such expert generated and produced a Rule 26(a)(2)(B) report during expert disclosures in this matter setting forth their opinions and bases therefor. There are no other individuals to whom Plaintiffs provided litigation information and from whom they requested a traditional expert opinion for this litigation.

In their Rule 26(a)(2) disclosures, Plaintiffs also noted six non-party, lay witnesses who, during their depositions, provided some incidental opinion testimony (much of which was in response to questioning by Defendant's counsel). These fact witnesses include pharmacists from CVS and Wal-Mart who provided relevant testimony in this case. These individuals were neither retained by nor are they employees of Plaintiffs, but rather they are non-party witnesses over whom Plaintiffs have no control. They were not provided litigation information, documents or data outside their own personal knowledge, nor were they asked to create a report or render an opinion on behalf of Plaintiffs. Instead, these six individuals have testified and will testify only

OPPENHEIMER

OPPENHEIMER WOLFF & DONNELLY LLP



as to their own direct factual knowledge and any opinions they offer are incidental to that factual knowledge. In sum, Plaintiffs are not offering any of these witnesses as traditional experts, but rather as fact witnesses who *may* provide incidental opinion testimony under Rules 701 or 702.

While these six non-party, lay witnesses bear no resemblance to traditional litigation experts, AdvancePCS moved to compel Plaintiffs to identify every "expert" who Plaintiffs will call at trial in this matter. This Court ruled in favor of AdvancePCS during oral argument. Plaintiffs understood the Court's ruling to be consistent with their understanding of the prior scheduling order in that it simply required both parties to identify, provide a report for and make available for deposition a maximum of five "traditional experts," whether or not they be retained or otherwise specially employed.

Plaintiffs have identified a possible ambiguity in the Court's ruling, under which it could be suggested that even these lay witnesses could count toward the five expert limit at trial. Counsel for United contacted Defendant's counsel to confirm that none of the six lay witnesses will be offered to testify as a traditional expert and sought to confirm the understanding that the five expert limit applies only to traditional experts—not lay witnesses like the six above who may give incidental opinion testimony. Defendant, however, took the position that this Court intended to include even incidental Rule 702 opinion testimony from pure fact witnesses within the five "expert" limit. This places Plaintiffs in an untenable and prejudicial position because it arguably limits the number of *fact* witnesses they can call at trial simply because that individual *may* incidentally offer opinion testimony helpful to the understanding of their own factual testimony, if that testimony *may* be considered Rule 702 testimony.

Plaintiffs' proposed motion to clarify/reconsider would simply request that the Court make clear that the five expert limit under the scheduling order applies only to retained experts or their equivalents (i.e. "traditional experts"), and is not intended to apply to fact witnesses whose testimony on their own factual observations and personal knowledge may include incidental opinion testimony that may or may not fit Rule 702. Per the Court's prior instructions regarding issues such as this, Plaintiffs will contact chambers tomorrow morning to determine whether this matter can be resolved by a short telephone conference involving the parties and the Court.

Respectfully submitted,

Bret A. Puls

cc: W. Thomas McGough, Jr./Christopher J. Soller (via facsimile and U.S. Mail)
Kevin P. Hickey/Lewis A. Remele, Jr. (via facsimile and U.S. Mail)
Michael Lyle/Christine Hsu (via facsimile and U.S. Mail)
Vicki Bitner/Mark Briol (via facsimile and U.S. Mail)
David B. Potter

OPPENHEIMER

OPPENHEIMER WOLFF & DONNELLY LLP



bcc: Gaye Adams Massey
David Prange
Jana Freeburg