# EXHIBIT E

1

IN THE UNITED STATES DISTRICT COURT

FOR MINNESOTA

-----

UNITED HEALTHCARE INSURANCE COMPANY and AARP

Plaintiffs,

-vs-

ADVANCEPCS,

Defendant.

Case No. 01-CV-2320

-----

Video Deposition of CHARLES KNEESE, On Behalf of Defendant, ADVANCEPCS. Taken on November 25, 2003.

CAROLYN P. HILL, CCR No. 677

---

**HILL REPORTING SERVICE**
4702 Eagles Perch Drive
House Springs, Missouri 63051

(636) 671-0254

2

I n d e x

Video Deposition of Charles Kneese

Examination by Mr. Soller Page 5

E x h i b i t s

| Defendant's Exhibit | Description | Identified |
|---|---|---|
| 217 | United Healthcare Insurance Company programs including AARP | Page 22 |
| 218 | Affidavit of Charles G. Kneese | Page 25 |
| 219 | Privilege Log | Page 38 |
| 220 | AdvancePCS Prescription Plan | Page 65 |
| 221 | E-mails (3 pages) | Page 107 |
| 222 | E-mail, January 17, 2002 | Page 111 |
| 223 | E-mail, January 17, 2002 | Page 111 |

3

IN THE UNITED STATES DISTRICT COURT

FOR MINNESOTA

-----

UNITED HEALTHCARE INSURANCE COMPANY and AARP

Plaintiffs,

-vs-

ADVANCEPCS,

Defendant.

Case No. 01-CV-2320

-----

VIDEO DEPOSITION OF CHARLES KNEESE, produced, sworn, and examined on behalf of the Defendant, ADVANCE PCS, on the 25th day of November 2003, at the office of Express Scripts, 13900 Rivertport Drive, in the County of St. Louis, State of Missouri, before Carolyn P. Hill, C.C.R., and a Notary Public within and for the State of Missouri, in a certain cause now pending before the United States District Court for Minnesota, wherein UNITED HEALTHCARE INSURANCE COMPANY and AARP are Plaintiffs and ADVANCEPCS is Defendant.

-----

4

A p p e a r a n c e s:

Plaintiff United Healthcare Insurance Company was represented by:
Oppenheimer, Wolff & Donnelly, LLP,
Attorneys at Law,
Plaza VII, Suite 3300,
45 South Seventh Street,
Minneapolis, Minnesota 55402-1609.
By: David B. Potter, Esq.

Plaintiff AARP was represented by:
Briol & Associates, PLLC,
Attorneys at Law,
2700 IOS Center,
80 South Eighth Street,
Minneapolis, Minnesota 66402.
By: Mark J. Briol, Esq.

The Defendant was represented by:
Reed, Smith, LLP,
Attorneys at Law,
435 6th Avenue,
Pittsburgh, Pennsylvania 15219
By: Christopher J. Soller, Esq.
John Rasmussen, Esq.

The Witness was represented by:
Husch & Eppenberger, LLC,
Attorneys at Law,
190 Carondelet Plaza, Suite 600,
St. Louis, Missouri 63105.
By: David R. Dyroff, Jr., Esq.

-----

CHARLES KNEESE,

of lawful age, being produced, sworn, and examined on behalf of the Defendant, ADVANCEPCS, testified and deposed as follows:

MR. SOLLER: Q. Exhibit 220?
A. Yes, and a couple of internal memos. That was primarily it that I can recall.
Q. And you reviewed those last week?
A. Yes.
Q. Did you meet with anyone to discuss your -- meet with anyone prior to your deposition today about the case or the issues that would be addressed?
A. I met with Mr. Dyroff.
Q. How long did you meet with Mr. Dyroff?
A. An hour or two hours.
Q. Anyone else?
A. Yes. Mr. Potter, and I don't recall the other --
MR. DYROFF: Betsy Clark?
A. Betsy Clark.
MR. SOLLER: Q. What did you discuss with Mr. Potter and Ms. Clark?
A. Really didn't discuss much. They just kind of laid out for me -- was an interview. I don't know -- how can I -- what's the best way to describe it, not an interview. It was a conversation about what I could expect today, what might happen to me. The fact that I should get my affairs in order.
MR. POTTER: It's lucky it's on videotape, so



we know it was just a joke.
A. No, just basically to help me get comfortable with the process that was going to take place.
MR. SOLLER: Q. Okay. Other than -- did you discuss in substance any of the claims or any of the details of the litigation?
A. No.
Q. Did you discuss at all any prior testimony that had been provided in the litigation? And I don't mean by you. I mean by other people.
A. No, sir.
Q. How long did you talk to -- was this a telephone conversation?
A. No. It was a meeting here.
Q. When did you meet with Mr. Potter and Ms. Clark?
A. Last Friday.
Q. How long did you meet with them?
A. Probably, about an hour.
Q. Did they bring any documents for you to review?
A. Yes.
Q. Do you recall what those were?
A. The ones that I just mentioned.
Q. The same documents as before?



A. Yes.
Q. You had mentioned when we were talking this morning and in your affidavit about the rejection notice that you believe should have been sent by AdvancePCS. Is there a particular message that is required in this circumstance that AdvancePCS is to send?
A. I think the minimum in my opinion that should have been returned was the NCPDP standard that the member is not eligible.
Q. Do you know what code that is?
A. I don't know the number of it.
Q. That's a message, it would say member not eligible. That would be the message?
A. Yes.
Q. Does the NCPDP have a choice as to messages or is that the only acceptable message in that circumstance?
A. NCPDP establishes a menu of what they view as the acceptable standard of messaging that should be sent back. So there are a variety of other messages that AdvancePCS, according to its own interpretation, could choose.
My opinion is that it should have been member not eligible.



Q. So the NCPDP doesn't say this one has to be sent. It gives -- it has other messages that can be sent?
A. AdvancePCS or any other PBM for that matter does not have to go to NCPDP and say, "What message should we use?" I think there is a certain expectation, a certain standard, according to, you know, the industry and how business is conducted that would dictate that that message should have been the one used.
Q. But that's not -- that doesn't say anything in the NCPDP about that. Is that correct?
A. No, no.
Q. We're at 221, yeah.
Mr. Kneese, what I want to direct your attention to on -- I placed before you a document that's marked Exhibit 221, which has a series of electronic mails and then an attachment. I actually want to direct your attention to the attachment first.
First of all, can you tell me what this document is?
A. The attachment?
Q. Yes.
A. I'm not all that familiar with it. I can surmise that it was a report that was run to determine