IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED HEALTHCARE INSURANCE CO. and AARP, Plaintiffs, | ) | |
| v. | ) | Civil Action No. 01-2320 RHK/AJB |
| ADVANCEPCS, Defendant. | ) | |

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' OBJECTIONS/APPEAL OF THE JUNE 14 AND JUNE 18, 2004 ORDERS OF COURT**

REED SMITH LLP
W. Thomas McGough, Jr.
Mary J. Hackett
Christopher J. Soller
435 Sixth Avenue
Pittsburgh, PA 15219-1886
(412) 288-3131

BASSFORD REMELE, P.A.
Lewis A. Remele, Jr.
Kevin P. Hickey
33 South Sixth Street, Suite 3800
Minneapolis, MN 55402-3707
(612) 333-3000

Attorneys for Defendant AdvancePCS

## BACKGROUND

On March 11, 2002, the parties filed their Rule 26(f) Report. Relevant to this issue, Plaintiffs stated that, at time of trial, they anticipated "calling 5 affirmative experts in the general fields of: (a)[sic] industry practice, (2) pharmacy services, (3) consumer behavior/marketing, (4) drug utilization review, and (5) damages." Soller Aff., Ex. A. On March 13, 2002, Magistrate Judge John M. Mason issued the initial Pretrial Scheduling Order, which provided that, "Each party may call no more than 5 experts at trial." Soller Aff., Ex. B. Plaintiffs did not object to or appeal this Pretrial Scheduling Order.

On July 30, 2003, the parties agreed to a Stipulated Pretrial Scheduling Order, which provided that, "Each party may call no more than 5 affirmative experts at trial." Soller Aff., Ex. C. On August 11, 2003, Magistrate Judge Boylan issued an Amended Pretrial Scheduling Order. As before, the Amended Pretrial Order provided that, "Each side may call no more than 5 expert witnesses." Soller Aff., Ex. D.

On December 11, 2003, the parties agreed to a Stipulated Second Amended Pretrial Scheduling Order, which provided that, "Each side may call no more than 5 expert witnesses." Soller Aff., Ex. E. On December 17, 2003, a Second Amended Pretrial Scheduling Order was issued, which provided, in pertinent part, that by April 1, 2004, the party bearing the burden of proof on an issue should provide the "identity of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B) . . . ." Soller Aff., Ex. F. As before, the Second Amended Pretrial Scheduling Order also provided that, "Each side may call no more than 5 expert witnesses." Id.

Despite Court Orders and Stipulations that each side is permitted to call only five experts at trial, on April 1, 2004, Plaintiffs disclosed nine individuals "pursuant to Fed. R. Civ. P. 26(a)(2)(A)" (i.e. persons who would provide testimony under Rules 702, 703 or 705 of the Federal Rules of Evidence). Soller Aff., Ex. G. For three of the individuals, Messrs. Cobb, Maxwell and Martin, Plaintiffs provided reports pursuant to Rule 26(a)(2)(B). For the other persons, one employee of Wal-Mart (Mr. Dufour), two employees of CVS (Mr. Morrison and Ms. Mitchell), two employees of Express Scripts, Inc. (Ms. Simos and Mr. Kneese), and one former employee of United

(Mr. Hedblom), Plaintiffs failed to provide any report or indication of the opinions that these witnesses intended to offer at trial.

Because Plaintiffs' expert witnesses clearly exceeded the number of witnesses that could be called to testify at trial, AdvancePCS moved to compel Plaintiffs to identify the five expert witnesses that they are calling at trial. On June 7, 2004, at the conclusion of the argument on AdvancePCS's Motion to Compel, the Court granted AdvancePCS' Motion and asked that the parties provide a proposed order to the Court. A proposed order, reviewed and consented to by both parties, was provided to the Court on June 10, 2004, and entered by the Court on June 14, 2004. Soller Aff., Ex. H. In pertinent part, the Order required that: (i) Plaintiffs and AdvancePCS must identify the five experts that they will call at trial; (ii) even if a person was not specifically retained as an expert to provide testimony in the case, these persons still must submit a report of the opinions to be offered to the opposing side; and (iii) all persons providing expert testimony, whether they be retained experts or employees or non-employees providing expert testimony, would count toward the five experts that could be called to testify at trial. Id. Finally, as had been stated numerous times before, the Order provided that, "Each side may call no more than five (5) expert witnesses at trial." Id.

On June 17, 2004, Plaintiffs sought "clarification" of the Order, upon which the parties had agreed. Plaintiffs contended that although they had designated nine individuals to provide testimony under Rules 702, 703 or 705, the non-retained experts would instead be providing testimony under Rule 701 and may be providing "incidental" testimony under Rule 702. AdvancePCS opposed the "clarification" in the belief that the opinions offered by these witnesses might actually be based on "technical [] or other specialized knowledge" as governed by Rule 702, rather than "lay" testimony governed by Rule 701. In either event, AdvancePCS felt it was entitled to further information regarding the opinions to be offered by the six individuals for whom Plaintiffs had submitted no report.

On June 18, 2004, the Court issued an Order on the request for "clarification." The Court limited each side to five witnesses who would provide testimony under Rule 702. Soller Aff., Ex. I. The Court also ordered that there would not be a limit on the number of fact witnesses at trial,

who may "be called upon to offer opinions pursuant to Rule 701." Id. ¶ 2. To avoid surprise, however, for each such witness, the party must "provide notice of their intent to have fact witnesses offer opinions pursuant to Rule 701", "[d]escribe the substance of the opinion testimony that the witness will offer" and "[p]rovide a report detailing the opinion testimony the witness will offer." Id. ¶ 3. In its Opinion, the Court noted:

> Further, this decision does not prejudice an opposing party from bringing a motion in limine or a motion at trial objecting to the characterization of the opinion testimony as Rule 701 testimony. A party may seek exclusion of such testimony if it shows that it is really Rule 702 expert testimony for which the proper procedures have not been filed and which is in excess of the limit of five Rule 702 expert witnesses. As the comments to Rule 701 make clear, the parties will not be allowed to evade Rule 702 by "proffering an expert in lay witness clothing."

Soller Aff., Ex. I, pp. 2-3.

On June 21, 2004, Plaintiffs served "Plaintiffs' Amended Rule 26(a)(2) Disclosure". Soller Aff., Ex. J. As to witnesses who will provide testimony under Rule 702, Plaintiffs identified three individuals (Messrs. Cobb, Martin and Maxwell). In violation of the Court's Order, Plaintiffs insisted that they "reserve the right to call any witness, whether on direct or rebuttal, to offer any testimony and/or evidence, including Rule 702 testimony, as may be warranted in Plaintiffs' discretion, in response to testimony offered or positions taken by Defendant." Id.

With respect to testimony to be provided under Rule 701, Plaintiffs designated twenty-four persons, eighteen more than they had designated before. Id. Even worse, and despite this Court's Order of June 18, no description of the substance of the testimony these witnesses would offer under Rule 701 was provided and no report accompanied the disclosure. Plaintiffs again insisted that they "reserve the right to call any witness, whether on direct or rebuttal, to offer any testimony and/or evidence, including Rule 701 and/or 702 testimony, as may be warranted at Plaintiffs' discretion in response to testimony offered or positions taken by Defendant." Id.

On June 28, 2004, Plaintiffs filed their "Objections/Appeal from June 14, 2004 and June 18, 2004 Orders of Magistrate Judge Boylan." Plaintiffs assert that Magistrate Judge Boylan committed error when he ordered that: (a) the parties are limited to five witnesses who would provide

testimony under Rule 702; and (b) if a witness is providing testimony under Rule 701, each party must identify and disclose the opinions that would be offered under Rule 701.

No such error has been committed by the Magistrate Judge.

Since the outset of this case, each party has been limited – by stipulation and by court order – to calling only five expert witnesses at trial. Expert witnesses are plainly defined, by specific reference to Fed. R. Civ. P. 26(a)(2)(A), as those individuals who "may be used at trial to present evidence under Rules 702, 703 or 705 of the Federal Rules of Evidence." Fed. R. Civ. P. 26(a)(2)(A); Soller Aff., Ex. F. Thus, Plaintiffs should not be permitted to object to a limitation to which they agreed and which has been the law of this case since March 2002.

Further, no error was committed by Magistrate Judge Boylan when he ruled that, if Plaintiffs' supposed "pure fact witnesses" with "incidental Rule 702 opinion testimony" will in fact provide Rule 702 testimony, those persons must disclose their opinions and count toward the limitation on persons providing expert testimony. Indeed, contrary to Plaintiffs' suggestion, there is no such thing as "incidental 702 testimony," and if such testimony is submitted, the testimony must meet the requirements of Rule 702 and be disclosed in accordance with the Court's Orders. Accordingly, Magistrate Judge Boylan has made clear to Plaintiffs that while there is no limit on the number of witnesses who may offer "lay opinion" testimony under Rule 701, Plaintiffs will not be permitted to proffer "experts in lay witness clothing" without being subject to Rule 702's requirements and the Court's pretrial orders, including the limit of 5 expert witnesses. There is no error in this ruling.

Finally, Magistrate Judge Boylan is well within his discretion to require that additional information be provided concerning Rule 701 witnesses. Indeed, Magistrate Judge Boylan has broad discretion to manage the pretrial matters in this case, especially where he is attempting to avoid any surprise as to the opinion testimony that may be proffered at trial and to manage pretrial disclosures in the case.

## ARGUMENT

### A. No Error of Law Has Occurred Regarding The Limit of Five Experts Per Side.

Plaintiffs' first claim is that Magistrate Judge Boylan erred when he ordered that each side may call no more than five witnesses who will provide testimony under Rule 702. Soller Aff., Ex. I. No error has been committed in this ruling.

Since the beginning of this case, an order has been in effect that each side could only call five expert witnesses at trial. See Soller Aff., Exs. B, D, F, H. Two of these orders were the result of a stipulation between the parties. Soller Aff., Exs. C, E. One of the Orders – the June 14, 2004 Order – was the result of a proposed order that the parties drafted, agreed upon, submitted to the Court and was adopted verbatim. Soller Aff., Ex. H. Plaintiffs have no basis to complain now about long-standing orders to which they stipulated and to which they never objected.[1]

Thus, because the limit on persons providing expert testimony under Rule 702 has existed in this case since the outset – by stipulation and order, without objection – and because Defendant has relied upon and complied with this limitation, Magistrate Judge Boylan's Order should not be overturned.

### B. Plaintiffs' "Incidental 702" Witnesses Properly Count Toward The Five Expert Limit.

As a second point of error, Plaintiffs claim that Magistrate Judge Boylan committed error by ordering that all witnesses who provide testimony under Rule 702 count toward the parties

---

1 Plaintiffs' assertion that they "did not object to the limit placed on the number of expert witnesses, because Plaintiffs always understood the limit applied to traditional litigation experts (i.e. retained experts or other individuals who are provided facts and data outside their own knowledge and asked to render an opinion thereon for purposes of trial)" is nonsense. Plaintiffs' Memorandum, p. 5. There is no support in the Federal Rules of Civil Procedure or Rules of Evidence for such a distinction. Indeed, the Scheduling Order of December 17, 2003, specifically referenced Fed.R.Civ.P. 26(a)(2)(A), which in turn defines an expert as an individual who provides testimony under Rule 702, 703 or 705. See Rule 26(a)(2)(A). There is no separate category for "traditional litigation experts" as Plaintiffs propose. Moreover, the Rules of Civil Procedure and Rules of Evidence do not focus upon the person offering evidence, but rather upon the testimony being provided. As the comments to the 2000 Amendments to Rule 701 make clear, "The amendment does not distinguish between expert and lay *witnesses*, but rather between expert and lay *testimony*." Fed. R. Evid. 701, Advisory Committee Notes for the 2000 Amendments (emphasis in original).

agreed upon five witness limit. In particular, Plaintiffs assert that they have a category of "pure fact witnesses" who will provide "incidental Rule 702 opinion testimony" that should not count toward the limit. Plaintiffs' Memorandum, pp. 2,4. As noted above, despite Court Order, Plaintiffs have refused to provide any report indicating what opinions under Rule 701, or what "incidental Rule 702 opinion testimony," these witnesses will provide at trial. See Soller Aff., Ex. H; Soller Aff., Ex. I. In any event, no error has been committed by Magistrate Judge Boylan in this regard.

First, as before, Plaintiffs complain about an order that they themselves proposed to the Court. As noted in the Background, at the conclusion of the argument on June 7, 2004, the Court granted AdvancePCS' Motion to Compel and asked that the parties provide a proposed order to the Court. Counsel for AdvancePCS drafted a proposed order and presented it to Plaintiffs' counsel. See Soller Aff., Ex. K. Plaintiffs' counsel made certain corrections to the Order, the majority of which were incorporated, and a new draft was circulated. See Soller Aff., Exs. L, M. Plaintiffs' counsel then approved the new draft proposed order. Soller Aff., Ex. N. The proposed order was submitted to the Court (see Soller Aff., Ex. O) and entered verbatim on June 14, 2004. Paragraph 4 of the proposed order and the June 14, 2004 Order provide:

> Each side may call no more than five (5) expert witnesses at trial and all expert witnesses, including employee and non-employee expert witnesses who have not been retained or specially employed to provide expert testimony, shall count toward the five (5) experts that may be called to testify at trial.

Soller Aff., Ex. H.

Thus, by their consent to this Order, Plaintiffs agreed that all witnesses who provide expert testimony count toward the five-expert-witness limit. Accordingly, Plaintiffs cannot legitimately claim an error has occurred from a proposed order to which they consented.

Second, even if the Court were to disregard Plaintiffs' consent to the June 14 Order, no error was committed by Magistrate Judge Boylan when he ruled that witnesses who provide expert testimony under Rule 702 must count toward the limitation on the number of experts at trial. Rule 701, which governs "Opinion Testimony by Lay Witnesses," provides that:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701 (emphasis added). According to the Advisory Committee Notes, Rule 701 was amended in 2000:

> [T]o eliminate the risk that the reliability requirements set forth in Rule 702 ["Testimony by Experts"] will be evaded through the simple expedient of proffering an expert in lay witness clothing. Under the amendment, a witness' testimony must be scrutinized under the rules regulating expert opinion to the extent that the witness is providing testimony based on scientific, technical, or other specialized knowledge within the scope of Rule 702. By channeling testimony that is actually expert testimony to Rule 702, the amendment also ensures that a party will not evade the expert witness disclosure requirements set forth in Fed.R.Civ.P. 26 and Fed.R.Crim.P. 16 by simply calling an expert witness in the guise of a layperson. . . . The amendment makes clear that any part of a witness' testimony that is based upon scientific, technical, or other specialized knowledge within the scope of Rule 702 is governed by the standards of Rule 702 and the corresponding disclosure requirements of the Civil and Criminal Rules.

Fed. R. Evid. 701, Advisory Committee Notes for the 2000 Amendments (internal citations omitted; emphasis added). In Asplundh Mfg. Div. v. Benton Harbor Engineering, 57 F.3d 1190 (3d Cir. 1995), a case noted in the comments of the Advisory Committee, the Third Circuit described the type of lay opinion testimony contemplated under Rule 701:

> The prototypical example of the type of evidence contemplated by the adoption of Rule 701 relates to the appearance of persons or things, identity, the manner of conduct, competency of a person, degrees of light or darkness, sound, size, weight, distance, and an endless number of items that cannot be described factually in words apart from inferences. . . . Other examples of this type of quintessential Rule 701 opinion testimony include identification of an individual, the speed of a vehicle, the mental state or responsibility of another, whether another was healthy, the value of one's property. . . .

Asplundh, 57 F.3d at 1196-98. See also U.S. v. Conn, 297 F.3d 548, 554 (11th Cir. 2002) (quoting U.S. v. Peoples, 250 F.3d 630, 641 (8th Cir. 2001)); Fed. R. Evid. 701, Advisory Committee Notes to the 2000 Amendments (citing State v. Brown, 836 S.W.2d 530, 549 (1992) (lay testimony "results

from a process of reasoning familiar in everyday life," while expert testimony "results from a process of reasoning which can be mastered only by specialists in the field.").

In this situation, it is evident that Plaintiffs seek to blur the distinction between testimony provided under Rule 701 with testimony provided under Rule 702 by creating the new moniker of "incidental Rule 702 testimony." There is no such animal under the rules. Rather, where an opinion is based upon scientific, technical, or other specialized knowledge and not solely upon the perception of the witness, the testimony is properly subject to the requirements of Rule 702 -- including notice to the opposing party and the opposing party's right to challenge the reliability of the opinion being offered. To create an exception for “incidental” opinions under Rule 702 would, in addition, eliminate the "trial judge[’]s. . . responsibility of acting as gatekeepers to exclude unreliable expert testimony." Fed.R.Evid. 702, Advisory Committee issues for the 2000 Amendments; see also Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 149 (1999).

In addition, while Plaintiffs refuse to disclose the opinion testimony that they intend to offer under Rule 701, despite being ordered to do so, it is evident that one main area of opinion testimony will be the assertion by pharmacists of an "industry practice" or “industry standard” to which AdvancePCS should have allegedly adhered in September 2001.[2] Testimony of an "industry practice" or "industry standard" is plainly testimony provided under and subject to Rule 702. See, e.g., Bank of China v. NBM, LLC, 359 F.3d 171 (2d Cir. 2004).

In Bank of China, for example, plaintiff called a bank employee to testify that, inter alia, certain transaction of the defendants "did not comport with the business community's understanding of normal, true, trade transactions between a buyer and seller." Bank of China, 359 F.3d at 180. The district court permitted the testimony under Rule 701 because of the witness' many years of experience in international banking and trade. On appeal, the Circuit Court found that the

---

2 Plaintiffs’ suggestion at pages 7 and 9 of their Memorandum that because AdvancePCS cross-examined witnesses at their depositions on these subjects, the testimony should be exempt from any examination under the Rules of Civil Procedure or Evidence has no support in any rule or decision.

district court erred in allowing the testimony under Rule 701. Noting that testimony could not be submitted under Rule 701 where opinions are based on experience and specialized knowledge, the Court ruled that the witness' testimony, based upon his experience in international banking, could not be considered Rule 701 testimony. Accordingly, the witness' "explanations regarding typical international business transactions," "definitions of banking terms" and conclusions made from his experience were improperly admitted under Rule 701. Bank of China, 359 F.3d at 182. Rather, the Court noted that if such an opinion was to be offered, it may have been admissible under Rule 702 if the reliability requirements were met and the proper disclosures were made.

Here, as in Bank of China, the anticipated opinion testimony concerning an "industry standard" or an "industry practice" will be based, not on perception under Rule 701, but rather upon specialized knowledge, presumably of pharmacists. It is, therefore, properly governed by Rule 702 and is subject to the notice and reliability requirements before admission.

Thus, to the extent that the formerly six, and now twenty-four, witnesses that Plaintiffs have recently named provide opinion testimony that is "based on scientific, technical, or other specialized knowledge" these witnesses are providing testimony outside of Rule 701 – incidental or not – and properly count toward the limit of experts who may be offered in this case. No error of law, therefore, has been committed.[3]

---

3 Plaintiffs' authority also misses the mark. Three of the decisions applied Rules 701 and 702 prior to the amendment in 2000 that sharpened the distinction between lay and expert testimony. See Hartzell Manufacturing, Inc. v. American Chem. Tech., Inc., 899 F. Supp. 405 (D. Minn. 1995); Duluth Lighthouse for the Blind v. C.G. Bretting Manu. Co., Inc., 199 F.R.D. 320 (D. Minn. 2000); Teen-Ed, Inc. v. Kimball Int'l, Inc., 620 F.2d 399 (3d Cir. 1980). As for Allied Systems, Ltd. v. Teamsters Automobile Transport Chauffeurs, 304 F.3d 785 (8th Cir. 2002), which is both mis-cited and misquoted, the language upon which Plaintiffs rely is drawn from a pre-amendment decision of the Eighth Circuit. Allied Systems is also distinguishable as the testimony offered– the opinion of an owner or officer of a business as to value or projected profits of the business – is a recognized exception under the Advisory Committee Notes to Rule 701. No such exception applies to Plaintiffs' witnesses. Similarly, U.S. v. Martinez-Figueroa, 363 F.3d 679 (8th Cir. 2004), is distinguishable in that the court ruled that an error had not occurred in the admission of opinion testimony because the testimony was either not based on technical knowledge or was already in evidence without objection, circumstances not present here. Express One Int'l, Inc. v. Sochata, 2001 WL 363073 (N.D. Tex. March 2, 2001), an unreported special master recommendation decided recently after the amended Rules came into effect is simply unreliable, non-precedential, and inconsistent with the manner in which the amended Rules have been interpreted by the federal district and circuit courts.

### C. Magistrate Judge Boylan Did Not Act Contrary to Law When He Required Disclosures of the Opinions to Be Offered Under Rule 701.

In their final claim of error, Plaintiffs contend that Magistrate Judge Boylan's Order is "contrary to law *on its face*" where he required that each party identify and disclose the opinions that would be offered under Rule 701. Plaintiffs' Memorandum, p. 9. Plaintiffs' claim is without merit.

Rule 26 of the Federal Rules of Civil Procedure provides the Court with discretion to determine the pretrial proceedings and the disclosures that will be required by the Court. See also Fed. R. Civ. P. 1; Fed. R. Civ. P. 16. Accord Lomascolo v. Otto Oldsmobile-Cadillac, Inc., 253 F. Supp. 2d 354, 357 (N.D.N.Y. 2003) ("magistrate judge has broad discretion in resolving nondispositive matters"). Thus, while the federal rules themselves do not require that a report be submitted for a witness providing testimony under Rule 701, there is nothing in the Rules of Civil Procedure, nor in the law, that would prohibit the Court from requiring such a disclosure. See also Rule 16, Advisory Committee Notes to 1993 Amendments ("In many cases the court should also specify the times and sequence for disclosure of written reports from experts under revised Rule 26(a)(2)(B) and perhaps direct changes in the types of experts from whom written reports are required.").

This is especially true here, where Plaintiffs themselves have offered a constantly expanding list of witnesses who will supposedly offer such opinion testimony. Magistrate Judge Boylan's stated purpose in requiring these disclosures was to ensure that there are no surprises at trial and for trial management purposes. Satisfaction of these goals are well within his discretion and supported by the Federal Rules. See Fed. R. Civ. P. 16; Fed. R. Civ. P. 26. No error of law, therefore, has been committed.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Objections should be overruled.

Respectfully submitted,

Dated: July 6, 2004

By s/ Lewis A. Remele, Jr.

REED SMITH LLP
W. Thomas McGough, Jr.
Mary J. Hackett
Christopher J. Soller
435 Sixth Avenue
Pittsburgh, PA 15219-1886
(412) 288-3131

BASSFORD REMELE, P.A.
Lewis A. Remele, Jr.
Kevin P. Hickey
33 South Sixth Street, Suite 3800
Minneapolis, MN 55402-3707
(612) 333-3000
Attorneys for Defendant AdvancePCS