# EXHIBIT A

RECEIVED
02 MAR 11 PM 4:00
CLERK, U.S. DIST. COURT
ST. PAUL, MN

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

UNITED HEALTHCARE INSURANCE CO. and AARP,

Plaintiffs,

v.

ADVANCEPCS,

Defendant.

CASE NO. 01-CV-2320 RHK/JMM

**RULE 26(f) REPORT**

The counsel identified below participated in the meeting required by Fed. R. Civ. P. 26(f), via teleconference, on March 6, 2002, and prepared the following report.

The pretrial conference in this matter is scheduled for March 13, 2002, at 11:00 a.m. before United States Magistrate Judge John M. Mason in Room 610, 316 North Robert Street, St. Paul, Minnesota. The parties **do not request** that the pretrial be held by telephone.

(a) Description of the Case

(1) Concise Factual Summary of Plaintiffs' Claims:

Plaintiffs, United HealthCare Insurance Co. ("United") and AARP, bring this action for injunctive relief and damages under the Minnesota Deceptive Trade Practices Act, Minn. Stat. § 325F.71, and Minnesota common law. Plaintiffs seek to enjoin Defendant from continuing to engage in various deceptive trade practices that are causing, or threatening to cause, irreparable harm to United, AARP, and AARP's members. In particular, Defendant is intentionally creating confusion in the pharmacy marketplace, especially among senior citizens, for the sole purpose of wrongfully generating revenues for itself.

Defendant is a company that administers pharmacy benefit plans, known as a pharmacy benefit manager, or "PBM." Beginning in September 1997, Defendant was the PBM for the "AARP Program," a prescription drug discount card program for AARP members. Approximately 3.5 million AARP members are enrolled in the AARP Program, thereby enabling them to obtain discounts on a wide range of prescription drugs, as well as other benefits provided by the program.

3.11.02

In April 2001, AARP selected United to assume operational responsibility for the AARP Program. United conducted a competitive review process, and determined that Defendant's bid to continue servicing the program was not competitive. Therefore, Defendant was terminated as the PBM for the AARP Program, effective September 1, 2001.

After it was advised of its termination, Defendant responded by contriving and executing a scheme of deception to recover its lost revenues. Defendant is currently approving, instead of rejecting, claims that are intended for the AARP Program and that include the H020 access code and unique group numbers previously assigned to AARP Program participants. By continuing to process such claims, Defendant is misleading pharmacists and consumers into thinking that they are doing business with the AARP Program, when in fact their claims have been improperly diverted and processed by Defendant under Defendant's new prescription drug discount card program. Defendant wrongfully collects fees for each diverted consumer, yet these consumers selected, paid for, and intended to use Plaintiffs' program. As a result of Defendant's artifice, these intentions are not realized and consumers are deceived into believing they have used Plaintiffs' program, when in fact they have not.

Defendant's wrongful conduct is irreparably harming Plaintiffs in various respects, including: (1) Defendant is depriving Plaintiffs of prescription information necessary for Plaintiffs to provide the highest level of protection they can offer against the risk of physical harm caused by drug interactions; (2) AARP's outstanding reputation, credibility, and goodwill among its members is at imminent risk of deteriorating; (3) the usefulness and integrity of certain services provided by the AARP Program for the benefit and protection of AARP members are at risk of being permanently impaired; and (4) Defendant is improperly eroding the competitive business advantage United obtained by entering into an exclusive arrangement with AARP. In addition to injunctive relief, Plaintiffs seek damages for Defendant's tortious interference with their prospective business opportunities, and United seeks restitution for Defendant's unjust enrichment resulting from its wrongful conduct.

(2) Concise Factual Summary of Defendant AdvancePCS' defense:

AdvancePCS was one of the pioneers of prescription discount card programs. In 1995, AdvancePCS designed, implemented and piloted an innovative and unique prescription drug discount program for AARP through a cooperative effort with Retired Persons Services, Inc. ("RPS"). In 1997, through the prior efforts of AdvancePCS, AARP launched its Member Choice Program (the "AARP Program"). The AARP Program was very successful mainly because of the extensive amount of time and resources spent by AdvancePCS to contract with pharmacists to join its network and with various drug manufacturers to obtain volume discounts for participants in its programs.

In 2000, the parties, including AARP, RPS, United and AdvancePCS, began discussions to determine a new course given RPS' bleak financial picture. AARP then chose United to replace RPS as the program administrator, and United selected Express Scripts to replace AdvancePCS. RPS and United, however, asked AdvancePCS to continue to act as the PBM through September 1, 2001 because apparently United and Express were not ready to assume management responsibility. In particular, because of the short time frame, Express could not have had a large enough network of pharmacies for the AARP Program. To assist United and Express, AdvancePCS agreed to serve as the manager through September 1, 2001. Also, for three months after September 1, 2001, AdvancePCS gave Express access to AARP Program participants' claim history prior to September 1, 2001.

In mid-2001, because of the established network that AdvancePCS had created as a PBM, it decided to launch its own prescription card discount program to compete with the other discount cards on the market, including the AARP card. AdvancePCS spent considerable time, effort and resources to create its new program and to introduce it to the market. AdvancePCS made presentations to pharmacy associations and conventions across the United States during the summer of 2001 concerning its new program and has continued with a marketing campaign to seek the assistance of pharmacies to enroll customers in the AdvancePCS

plan. It also sent numerous notices to more than 40,000 pharmacies in advance of September 1, 2001 about its new program and the fact that it would no longer be administering the AARP Program. AdvancePCS told United in advance of September 1, 2001 that it intended to launch a new program. During discussions with United, AdvancePCS also repeatedly warned United that it was underestimating the time it would take to build the required pharmacy network and support to adjudicate AARP participant claims after September 1, 2001.

Plaintiffs dispute the use of the H020 carrier number by AdvancePCS in its new consumer discount card program. Plaintiffs claim that AdvancePCS' continued use of its number creates customer confusion and is contrary to industry standard. However, the H020 number is AdvancePCS' number and plaintiffs have no contractual right to stop AdvancePCS from using it. Moreover, there is no applicable industry standard here.

Plaintiffs also claim that confusion has been caused to AARP members and pharmacists due to the introduction of the AdvancePCS card. Allegedly, this has caused a drop in adjudicated claims. Any alleged confusion and purported drop in claims, however, is the result of plaintiffs' inability to effectively take over the AARP Program. Plaintiffs caused their own alleged damages in this case. Additionally, despite the blame cast upon AdvancePCS, plaintiffs have always had the ability to make sure that there was no drop in claims or any customer confusion. In this, they failed. Moreover, if AdvancePCS' carrier number had been blocked on September 1, 2001, all claims, including AARP member claims and non-member claims, would have been rejected.

(3) Statement of Jurisdiction.

Jurisdiction over this controversy is pursuant to 28 U.S.C. § 1332 and § 1367.

(4) Summary of Factual Stipulations or Agreement.

**None at this time**.

(5) Statement of whether a jury trial has been timely demanded by any party.

A jury trial has been timely demanded on Counts III, IV and V of the Amended Complaint.

(b) Pleadings

(1) Statement of whether all process has been served, all pleadings filed and any plan for any party to amend pleadings or add additional parties to the action:

All process has been served on the parties to the action. AdvancePCS has moved to dismiss plaintiffs' Amended Complaint. If the plaintiffs' claims continue, AdvancePCS will file an answer and is considering a counterclaim. AdvancePCS is also considering claims against additional defendants, including Express Scripts, Inc.

(2) Proposed date by which all hearings on motions to amend and/or to add parties shall be heard:

Date: **90 days after the ruling on AdvancePCS' Motion to Dismiss.**

(c) Discovery limitations:

(1) The parties agree and recommend that the Court limit the use and numbers of discovery procedures as follows:

(A) Interrogatories – As per the Federal Rules.

(B) Document requests – As per the Federal Rules.

(C) 25 depositions for plaintiffs (i.e., 25 depositions in total for both plaintiffs) and 25 for defendant;

(D) Requests for admission – As per the Federal Rules.

(E) Rule 35 medical examinations – As per the Federal Rules.

(d) Discovery Schedule/Deadlines

(1) The parties recommend that the Court establish the following discovery deadlines:

(A) **August 12, 2002** deadline for completion of non-expert discovery, including service and response to interrogatories, document requests, requests for admission, and factual depositions;

(e) Experts

The parties anticipate that they will require expert witnesses at time of trial.

(1) Plaintiff United anticipates calling 5 affirmative experts in the general fields of: (a) industry practice, (2) pharmacy services, (3) consumer behavior/marketing, (4) drug utilization review, and (5) damages.

(2) Plaintiff AARP anticipates calling 5 affirmative experts in the general fields of: (a) industry practice, (2) pharmacy services, (3) consumer behavior/marketing, (4) drug utilization review, and (5) damages.

(3) The defendant anticipates calling 5 affirmative experts in the field of: (a) business evaluation and assessment of alleged damages; (b) "Industry practice"; (c) drug utilization review; (d) consumer behavior/marketing; and (e) pharmacy services.

All parties reserve the right to call rebuttal experts in addition to the affirmative experts listed above.

(4) The parties recommend that the Court establish the following deadlines for disclosure of experts and experts' opinions consistent with Rule 26(a)(2) as modified by Local Rule 26.3:

(A) Deadline for all parties' identification of expert witnesses (initial) and disclosure of report: **September 2, 2002**.

(B) Deadline for all parties' identification of expert witnesses (rebuttal) and disclosure of report: **September 30, 2002**.

(C) Deadline for the completion of expert witness depositions: **October 31, 2002**.

(f) Motion Schedule

(1) The parties recommend that the motions be served upon opposing counsel with the appropriate notification to the Clerk on or before the following date:

(A) **November 15, 2002** – dispositive motions;

(B) **December 20, 2002** – non-dispositive motions.

(g) Trial-Ready Date

(1) The parties agree that the case will be ready for trial on or after **January 27, 2003.**

(2) The final pretrial conference should be held on or before **January 13, 2003**.

(h) Insurance – Not applicable.

(i) Settlement

(1) The parties will discuss settlement before March 13, 2002, the date of the initial pretrial conference, by the plaintiffs making a written demand for settlement and defendant making a written response/offer to the plaintiffs' demand.

(2) The parties believe that a settlement conference is appropriate and should be scheduled on or before: **November 1, 2002**.

(3) The parties have discussed whether alternative dispute resolution (ADR) will be helpful to the resolution of this case and recommend the following to the Court:

**The parties agree that a mediation proceeding may be helpful in the resolution of this matter.**

(j) Trial by Magistrate Judge

(1) The parties **have not agreed to consent** to jurisdiction by the Magistrate Judge pursuant to Title 28, United States Code, Section 636(c).

By ______________________
WEIL, GOTSHAL & MANGES LLP
Michael J. Lyle
Christine P. Hsu
Maureen Testoni
George J. Hazel
1501 K Street NW, Suite 100
Washington, D.C. 20005
(202) 682-7000

OPPENHEIMER WOLFF & DONNELLY LLP
David B. Potter (MN#121642)
Bret A. Puls (MN#305157)
Bray M. Dohrwardt (MN#315151)
Plaza VII, Suite 3300
45 South Seventh Street
Minneapolis, MN 55402
(612) 607-7000

**Counsel for Plaintiff United HealthCare Insurance Co.**

Dated: This 11th day of March, 2002

By ______________________
BRIOL & ASSOCIATES, PLLC
Mark J. Briol (MN #126731)
Amy J. Ihlan (MN #162905)
Vicki J. Bitner (MN #213998)
3700 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 337-8410

**Counsel for Plaintiff AARP**

Dated: This 11th day of March, 2002

By ______________________
REED SMITH LLP
W. Thomas McGough, Jr.
Mary J. Hackett
Christopher J. Soller
435 Sixth Avenue
Pittsburgh, PA 15219
(412) 288-3088/3250/7286

BRIGGS & MORGAN
Scott G. Knudson (MN#141987)
Patrick S. Williams (MN#196502)
2200 First National Bank Building
332 Minnesota Street
St. Paul, MN 55101
(651) 223-6600

BASSFORD, LOCKHART, TRUESDELL & BRIGGS, P.A.
Lewis A. Remele, Jr.
3550 Multifoods Tower
Minneapolis, MN 55402-3787
(612) 333-3000

**Counsel for Defendant AdvancePCS**

Dated: This 11th day of March, 2002

By_______________________________
WEIL, GOTSHAL & MANGES LLP
Michael J. Lyle
Christine P. Hsu
Maureen Testoni
George J. Hazel
1501 K Street NW, Suite 100
Washington, D.C. 20005
(202) 682-7000

OPPENHEIMER WOLFF & DONNELLY LLP
David B. Potter (MN#121642)
Bret A. Puls (MN#305157)
Bray M. Dohrwardt (MN#315151)
Plaza VII, Suite 3300
45 South Seventh Street
Minneapolis, MN 55402
(612) 607-7000

**Counsel for Plaintiff United HealthCare Insurance Co.**

Dated: This 11th day of March, 2002

By_______________________________
BRIOL & ASSOCIATES, PLLC
Mark J. Briol (MN #126731)
Amy J. Ihlan (MN #162905)
Vicki J. Bitner (MN #213998)
3700 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 337-8410

**Counsel for Plaintiff AARP**

Dated: This 11th day of March, 2002

By_______________________________
REED SMITH LLP
W. Thomas McGough, Jr.
Mary J. Hackett
Christopher J. Soller
435 Sixth Avenue
Pittsburgh, PA 15219
(412) 288-3088/3250/7286

BRIGGS & MORGAN
Scott G. Knudson (MN#141987)
Patrick S. Williams (MN#196502)
2200 First National Bank Building
332 Minnesota Street
St. Paul, MN 55101
(651) 223-6600

BASSFORD, LOCKHART, TRUESDELL & BRIGGS, P.A.
Lewis A. Remele, Jr.
3550 Multifoods Tower
Minneapolis, MN 55402-3787
(612) 333-3000

**Counsel for Defendant AdvancePCS**

Dated: This 11th day of March, 2002

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED HEALTHCARE
INSURANCE COMPANY and
AARP,

CIVIL NO. 01-2320 (RHK/JMM)

Plaintiffs,

v.

PRETRIAL SCHEDULING ORDER

ADVANCEPCS,

Defendant.

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy and inexpensive determination of this action, the following schedule shall govern these proceedings. The schedule may be modified only upon formal motion and a showing of good cause as required by Local Rule 16.3.

Pleadings/Disclosures

April 12, 2002 - All pre-discovery disclosures required by Rule 26(a)(1) shall be completed.

Ten days after the date on which the District Court rules on Defendant's Motion to Dismiss, all motions which seek to amend the pleadings or add parties must be served and filed.

Discovery/Nondispositive Motions

September 1, 2002 - All non-expert discovery shall be commenced in time to be completed by this date.

Disclosure of the identity of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B), accompanied by the written report prepared and signed by the expert witness, shall be made as follows:

Filed MAR 13 2002
Richard D. Sletten, Clerk
Judgment Entered ____________
Deputy Clerk's Initials ____________

September 1, 2002 - By Plaintiffs
October 1, 2002 - By Defendant

November 1, 2002 - All discovery of any kind shall be commenced in time to be completed by this date.

November 5, 2002 - All non-dispositive motions and supporting documents, including those which relate to discovery, shall be served and filed. Nondispositive motions may be scheduled for hearing by calling Katherine Haagenson, Calendar Clerk to Magistrate Judge John M. Mason, (651) 848-1190. All nondispositive motions shall be scheduled, filed and served in compliance with Local Rules 7.1, 37.1 and 37.2. A Reply Memorandum not exceeding five pages may be delivered to opposing counsel and the chambers of this Court no later than 9:00 a.m. on the business day preceding the hearing.

Dispositive Motions/Trial

January 1, 2003 - All dispositive motions shall be served and filed by the parties and heard by the Court. Counsel are reminded that they must anticipate the time required for scheduling this hearing by calling Calendar Clerk Deb Siebrecht, (651) 848-1166. All dispositive motions shall be scheduled, filed and served in compliance with Local Rule 7.1. See particularly Local Rule 7.1(b)(2)(A) through (E).

This case shall be ready for Jury trial at the conclusion of discovery or upon resolution of any dispositive motion, and no later than March 1, 2003.

General

The Court does not expressly limit the number of depositions or written discovery devices which may be employed by the parties. The attention of the parties is called to the provisions of Rule 26(g). If necessary, the Court will rule on objections to specific discovery. See also Rule 37(a)(4).

Each party may depose no more than 5 experts.

Each party may call no more than 5 experts at trial.

Dated: March 13, 2002

JOHN M. MASON
United States Magistrate Judge