# EXHIBIT I

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

UNITED HEALTHCARE INSURANCE COMPANY AND AARP,

Plaintiffs,

Civil No. 01-2320 RHK/AJB

v.

**ORDER ON EXPERTS**

ADVANCEPCS,

Defendant,

This matter came before the Court in a telephone conference on June 18, 2004. The parties sought clarity regarding the Court's position on expert witness numbers, identification, reports and depositions. Michael Lyle, Esq., and Bret A. Puls, Esq., argued on behalf of Plaintiff United. W. Thomas McGough, Jr., Esq., argued on behalf of Defendant AdvancePCS. Based on the arguments of the parties:

**IT IS HEREBY ORDERED THAT:**

1. Each side is limited to five Rule 702 expert witnesses.

2. There is no limit on the number of fact witnesses that may, at trial, be called upon to offer opinions pursuant to Rule 701. The parties shall provide notice of their intent to have fact witnesses offer opinions pursuant to Rule 701. For each such witness, a party shall:

   a. Identify the witness;

   b. Describe the substance of the opinion testimony that the witness will offer;

   c. Provide a report detailing the opinion testimony the witness will offer; and

d. To the extent that the opposing party has not had the opportunity to depose the fact witness on the opinion testimony that they may offer at trial under Rule 701, the party offering the testimony shall make the witness available for deposition.

3. The parties shall abide by the deadlines set forth in this Court's Order on Defendant's Motion to Compel, dated June 14, 2004, including the August 6, 2004, deposition deadline for both Rule 702 and prospective Rule 701 expert witnesses. [Docket No. 202].

Dated: June 18, 2004

s/Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge

MEMORANDUM

Federal Rule of Evidence 701 provides for opinion testimony by lay witnesses in limited circumstances. Plaintiffs have informed the court that they intend to call six pharmacists as fact witnesses who may also offer 701. It is the Court's understanding that Defendant also has such fact witnesses who may be called upon to offer Rule 701 lay opinion testimony.

The Court has cautioned counsel concerning cumulative evidence and the possibility that all proposed Rule 701 witnesses may not be permitted to testify at trial. Further, this decision does not prejudice an opposing party from bringing a motion in limine or a motion at trial objecting to the characterization of the opinion testimony as Rule 701 testimony. A party may seek exclusion of such testimony if it shows that it is really Rule 702 expert testimony for which the proper procedures have

not been filed and which is in excess of the limit of five Rule 702 expert witnesses. As the comments to Rule 701 make clear, the parties will not be allowed to evade Rule 702 by "proffering an expert in lay witness clothing."

AJB

# EXHIBIT J

6.21.04

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| UNITED HEALTHCARE INSURANCE CO. and AARP, | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 01-CV-2320 RHK/AJB |
| ADVANCEPCS, | ) |
| Defendant. | ) |

**PLAINTIFFS' AMENDED RULE 26(a)(2) DISCLOSURE**

Pursuant to Federal Rule of Civil Procedure 26(a)(2); the Second Amended Pretrial Scheduling Order, as amended; Order on Defendant's Motion to Compel, dated June 14, 2002; and the Order on Experts, dated June 18, 2004, United HealthCare Insurance Co. ("United") and AARP respectfully submit ***UNDER PROTEST AND OBJECTION***,[1] the following disclosure relating to the above-captioned case.

***I. Disclosure Pursuant to Fed. R. Civ. P. 26(a)(2) and the Second Amended Scheduling Order:***

Plaintiffs may call the following retained expert witnesses at trial to provide expert testimony under Federal Rule of Evidence 702. Plaintiffs have already served on Defendant the required disclosures and reports under the Second Amended Scheduling Order and Federal Rule of Civil Procedure 26(a)(2)(B) for these individuals:

Arthur H. Cobb, C.P.A.;

Claude R. Martin, Jr., Ph.D.; and

John W. Maxwell, M.S., R.Ph.

[1] Plaintiffs reserve their right to object to and bring an appeal based on the Order on Experts, dated June 18, 2004 and the Order on Defendant's Motion to Compel dated June 14, 2004, which it modified, pursuant to Local Rule 72.1, on the grounds that the rulings together are clearly erroneous and contrary to law. This disclosure is submitted in the interim, under objection and protest, and with all rights reserved.

Plaintiffs reserve any and all rights under the Federal Rules of Civil Procedure, Federal Rules of Evidence and any Local Rules, statutes, case law and any other applicable rule relating to the offering, admissibility and introduction of evidence and testimony at trial. Plaintiffs expressly reserve the right to call in the adverse any witness offered by Defendant. Plaintiffs further expressly reserve the right to call any witness, whether on direct or rebuttal, to offer any testimony and/or evidence, including Rule 702 testimony, as may be warranted in Plaintiffs' discretion, in response to testimony offered or positions taken by Defendant.

## *II. Disclosure Pursuant to Order on Experts, para. 2, dated June 18, 2004:*

Plaintiffs offer the following disclosures pursuant to the Order on Experts, dated June 18, 2004, under protest and objection. Plaintiffs presently intend to offer opinion testimony from the following individuals that may meet the definition of Rule 701 lay opinion testimony:

Julie Alexis;

Stuart Bascomb;

Bob Dufour;

Tom Erickson;

Edwin C. Hedblom;

Kristin Johnson;

Charles G. Kneese;

Mark Lindsay;

Tom Luft;

Cathy McDougle;

Sheila McMillan;

Sandra Coffey Mead;

Roberta Milman;

Mary Ellen Mitchell;

Inez Montgomery;

Thomas E. Morrison;

Lois Quam;

Michelle Renaud;

Marjorie K. Simos;

Scott Tierney;

Elizabeth Wingate;

Michelle Wolf;

Paula Woolley; and

Steve Zaleznick.

The opinion testimony of which Plaintiffs are presently aware and which Plaintiffs presently intend to introduce at trial is contained within and/or is consistent with the affidavits, deposition transcripts and/or deposition exhibits relating to each above listed individual.

Plaintiffs reserve any and all rights under the Federal Rules of Civil Procedure, Federal Rules of Evidence and any Local Rules, statutes, case law and any other applicable rule relating to the offering, admissibility and introduction of evidence and testimony at trial. Plaintiffs expressly reserve the right to call in the adverse any witness offered by Defendant. Plaintiffs further expressly reserve the right to call any witness, whether on direct or rebuttal, to offer any testimony and/or evidence, including Rule 701 and/or 702 testimony, as may be warranted at Plaintiffs' discretion in response to testimony offered or positions taken by Defendant.

Dated: June 21, 2004

Respectfully submitted,

David B. Potter (MN #121642)
Bret A. Puls (MN #305157)
OPPENHEIMER WOLFF & DONNELLY LLP
Plaza VII, Suite 3300
45 South Seventh Street
Minneapolis, MN 55402
(612) 607-7000
(612) 607-7100 (fax)

and

Michael J. Lyle
Holly E. Loiseau
Christine P. Hsu
WEIL, GOTSHAL & MANGES LLP
1501 K Street NW, Suite 100
Washington, D.C. 20005
(202) 682-7000
(202) 857-0940 (fax)

Attorneys for Plaintiff United HealthCare Insurance Co.

Mark J. Briol (MN #126731)
Vicki J. Bitner (MN #213998)
BRIOL & ASSOCIATES, PLLC
3700 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 337-8410
(612) 337-5151 (fax)

Attorneys for Plaintiff AARP

**CERTIFICATE OF SERVICE**
**VIA MESSENGER/FEDERAL EXPRESS**

I hereby certify that on the 21st day of June, 2004, I caused to be served via Messenger/Federal Express a true and correct copy of the attached:

1. Plaintiffs' Amended Rule 26(a)(2) Disclosure,

upon the within named counsel referenced below:

Kevin P. Hickey, Esq.
Lewis A. Remele, Jr., Esq.
BASSFORD, REMELE.
33 South Sixth Street, Suite 3550
Minneapolis, MN 55402-3787
*Attorneys for Defendant AdvancePCS*

**VIA MESSENGER**

Christopher J. Soller, Esq..
Mary J. Hackett.
REED SMITH LLP
435 Sixth Avenue
Pittsburgh, PA 15219-1886
*Attorneys for Defendant AdvancePCS*

**VIA FEDERAL EXPRESS**

Bret A. Puls