**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| UNITED HEALTHCARE INSURANCE CO. and AARP,<br><br>Plaintiffs,<br><br>v.<br><br>ADVANCEPCS,<br><br>Defendant. | Civil Action No. 01-CV-2320 RHK/AJB |

**AARP'S SUPPLEMENTARY RESPONSE TO**
**DEFENDANT'S INTERROGATORY NO. 12**

Plaintiff AARP, to supplement its response to Defendant's Interrogatory No. 12, hereby states and alleges as follows:

**INTERROGATORY NO. 12:**

*Please describe in detail the basis for your damage claim of $2,500,000 in the Complaint and set forth in your Initial Disclosures, including providing the royalty amount used to calculate the number and the amount AARP would receive if the parties are unable to agree on a formula to be applied, and setting forth the precise numbers and calculations made to reach $2,500,000.*

**SUPPLEMENTARY RESPONSE:**

Without waiving any of the General Objections as stated in AARP's initial responses to defendant's interrogatories, AARP supplements its response to this interrogatory as follows:

EXHIBIT B

AARP has revised its damage claim to include at least $4.0 million in lost royalty payments, and approximately $7.4 million by the unjust enrichment measure, in addition to attorneys' fees and punitive damages. These amounts are set forth below:

(1) Lost royalty: $4,000,000. According to the calculation performed by AARP's expert, AARP lost at least $4 million in royalty payments in 2003 as a result of AdvancePCS's diversion of claims from the AARP Program beginning on September 1, 2001. The Second Amendment to Trademark License Agreement for AARP Pharmacy Service between AARP and United dated December 16, 2002 provided for an $8 million floor for royalty payments in calendar year 2003. Previously, at or about the time the initial agreements between United and AARP (and United and ASI) were entered into, the parties had expected that royalty payments would reach $12 million to $15 million annually by 2003. However, because of AdvancePCS's diversion of claims, United suffered diminished revenues from the AARP Program in 2001 and 2002 and incurred substantial costs in responding to the diversion of claims in 2001 and 2002. Consequently, United could not agree to pay AARP a royalty for 2003 in the $12 million to $15 million range. The figure of $4 million dollars in damages results from subtracting $8 million in actual royalty for 2003 from the minimum anticipated royalty of $12 million. The lost royalty calculation is greater than $4 million if (a) a number higher than $12 million is used for the anticipated royalty for 2003, or (b) the period in which the loss of royalty was suffered is extended beyond 2003.

(2) Unjust Enrichment: $7,432,514. According to the calculation performed by AARP's expert, AdvancePCS was unjustly enriched in the amount of $7,432,514 due to its wrongful diversion of AARP member claims. Whether this amount is characterized as

money damages, as improper profit that must be disgorged to prevent unjust enrichment of AdvancePCS, as an amount that equitably should have been paid to the plaintiffs and not to AdvancePCS, or as a royalty for the improper use of AARP's name, carrier number, group numbers, and participant identification numbers, it should be awarded to the plaintiffs. The unjust enrichment amount is higher if, as is probable, the period of improper gain by AdvancePCS is extended beyond March 2002.

(3) Attorneys' fees: AARP is also seeking reimbursement for attorneys' fees and costs. These amounts will be proven at the appropriate time.

(4) Punitive damages. AARP will also seek an award of punitive damages, if Plaintiffs' motion for leave to amend the complaint is granted and the Court permits the Plaintiffs to seek such damages.

AARP also believes that its reputation and good will were harmed and threatened with harm by the wrongful and deceptive conduct of AdvancePCS, which was enjoined by the Court in March 2002. AARP has not quantified the damages that resulted from such harm to its reputation and good will.

Dated: April ~~12~~ 14, 2004

Vicki J. Bitner

Mark J. Briol (MN #126731)
Vicki J. Bitner (MN #213998)
BRIOL & ASSOCIATES, PLLC
3700 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 337-8410
(612) 337-5151 (fax)

Attorneys for Plaintiff AARP

**VERIFICATION**

I, Roberta Milman, have reviewed AARP's Supplementary Response and Objections to Defendant's Interrogatory No. 12. I am familiar with the facts set forth therein, and I hereby verify under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the facts set forth therein are true and correct to the best of my knowledge, information, and belief.

Roberta Milman

Executed on: April 14, 2004

As to Objections: ______________________

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of April, 2004, true and correct copies of AARP's Supplementary Response to Defendant's Interrogatory No. 12 was served upon the following counsel via Facsimile and First-Class mail, postage prepaid:

W. Thomas McGough, Jr.
Mary J. Hackett
Christopher J. Soller
Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA 15219

Kevin Hickey
Lewis A. Remele, Jr.
Bassford, Remele
33 South Sixth St., Suite 3800
Minneapolis, MN 55402-3787

Michael J. Lyle
Christine P. Hsu
Weil Gotschal & Manges, LLP
1501 K Street N.W., Suite 100
Washington, D.C. 20005

David B. Potter
Bret A. Puls
Oppenheimer Wolff & Donnelly, LLP
Plaza VII, Suite 3300
45 South Seventh Street
Minneapolis, MN 55402

Stephanie Bourgeois