**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| UNITED HEALTHCARE INSURANCE CO. and AARP, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 01-CV-2320 RHK/AJB |
| ADVANCEPCS, | ) | |
| Defendant. | ) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO QUASH THE DEPOSITION NOTICE TO LOIS QUAM AND THE SUBPOENAS TO BOB DUFOUR AND MARY ELLEN MITCHELL**

Plaintiffs United HealthCare Insurance Co. ("United") and AARP ("AARP") respectfully submit this Memorandum of Law in Support of their Motion to Quash the Deposition Notice to Lois Quam, and the Subpoenas to Bob Dufour and Mary Ellen Mitchell (collectively, the "Notices"), attached hereto as Exhibits A and B to Affidavit of Bret A. Puls ("Puls Aff."). The parties met and conferred by telephone on June 29, 2004, and were unable to resolve their dispute.

## INTRODUCTION

Through its Orders dated June 14 and 18, 2004, this Court decreed that the parties to this case must, inter alia, disclose the identity and substance of the lay opinion testimony that may be presented at trial by fact witnesses. As Plaintiffs anticipated, AdvancePCS is now attempting to use this unusual requirement as an excuse to re-take the depositions of three fact witnesses: Lois Quam, the CEO of Ovations (a business division of United), who has already been disposed and who does not have any opinion testimony that could qualify as expert testimony under Federal Rule of Evidence 702, and two non-party witnesses who have also already been deposed at

length in this matter. Plaintiffs have not disclosed any potential new lay opinion testimony for Ms. Quam (or any other witness) that AdvancePCS has not already had the opportunity to explore through depositions during the fact discovery period.

Moreover, this Court made clear during the conference call with the parties on June 18, 2004 that its ruling was not to be construed as a blank check to re-notice depositions of fact witnesses where the disclosures ordered by the Court did not indicate the presence of information beyond that which was available at the time of the initial depositions. Accordingly, this transparently abusive demand for additional depositions must be stricken.

## ARGUMENT

AdvancePCS does not and cannot contend that, since the conclusion of Ms. Quam's, Mr. Dufour's and Ms. Mitchell's depositions, the Plaintiffs disclosed new opinion testimony that must be explored in a new deposition. The Court has provided no other basis for re-taking depositions at this time – four months after the close of fact discovery. June 18, 2004 Order at § 2.d, Puls Aff. Exhibit D. In fact, Magistrate Judge Boylan explicitly stated during the June 18, 2004 conference call with the parties that the Court's Orders were not to be used as justification to re-take depositions for the purpose of eliciting testimony that was, or could have been, explored in the original deposition. June 18, 2004 Order ("6/18 Order"), Puls Aff. Exhibit C. For this reason, the Plaintiffs pointedly stated in their required disclosure that any known opinion testimony to be presented at trial was "contained within and/or is consistent with the affidavits, deposition transcripts and/or deposition exhibits." See Puls Aff. Exhibit D. In making this disclosure, the Plaintiffs sought only to ensure that, in light of this Court's Orders, the factual and lay opinion testimony already provided to the parties through depositions and affidavits could be used at trial. No new testimony of any kind was disclosed for any witness. As a result,

AdvancePCS has no basis whatsoever for seeking to reconvene these depositions.

The period provided in this case for fact discovery closed March 1, 2004. The parties are now engaged in expert discovery, and the alleged basis for the new Notices arose in the context of a dispute over whether the Plaintiffs had adequately disclosed opinion testimony that could arguably be considered expert testimony. It is apparent that AdvancePCS is not seeking to redepose these individuals in order to discern what their expert opinion testimony may be, but rather, AdvancePCS is seeking to get a second opportunity to gather factual testimony and to attempt to neutralize fact testimony that AdvancePCS's counsel believes hurt their case. This is plainly improper, and should not be allowed.

***Lois Quam***

The stated purpose of the Court's Orders was to prevent the use of lay witnesses as "Trojan Horses" to introduce expert opinion testimony. See Puls Aff. Exhibit C at 3 (noting that "the parties will not be allowed to evade Rule 702 by 'proffering an expert in lay witness clothing.'") There has never been any suggestion by anyone in this case that Ms. Quam has any testimony to offer based on expertise or specialized knowledge that would qualify as Rule 702 expert opinion testimony. Ms. Quam is the CEO of Ovations, a business unit of United, who was responsible for high-level oversight of Ovations' businesses, including the AARP prescription drug discount card program that is the subject of this case (the "AARP Program"). Because Ms. Quam did not have day-to-day involvement or expertise in the technical aspects of the AARP Program, United sought to quash AdvancePCS's attempt to take her deposition. See Plaintiff United HealthCare Insurance Co.'s Motion to Quash AdvancePCS's Deposition Notice,

Puls Aff. Exhibit E at 9-11.[1]

The only justification that AdvancePCS offered during the meet and confer session for re-taking Ms. Quam's deposition was the vague assertion that "Ms. Quam expressed opinions during her deposition that surprised us." Clearly, if AdvancePCS was surprised by anything that Ms. Quam stated during her deposition, it was AdvancePCS's responsibility to follow up on those responses while still at the deposition. AdvancePCS's self-avowed failure to adequately follow-up Ms. Quam's testimony during her deposition is not a justification for recalling her for an additional deposition.

In fact, the topics to be explored in Ms. Quam's deposition were well known to all. In oral argument on the motion to quash Ms. Quam's individual deposition, counsel for AdvancePCS set forth in detail exactly what he intended to cover in her deposition, and the Court allowed AdvancePCS 7 hours to pursue such testimony on that basis. Puls Aff. Exhibit F. Ms. Quam was also offered as United's 30(b)(6) witness on a very specific issue: "The prior and current status of negotiations and any agreements concerning the royalty AARP receives for the AARP Program and the nature and computation of the royalty based on the AARP Program." Notice of Rule 30(b)(6) Deposition of United HealthCare Insurance Co., Puls Aff. Exhibit G. With regard to both of these deposition notices, AdvancePCS clearly stated what it intended to cover, and presumably questioned Ms. Quam accordingly. The Plaintiffs conducted no questioning of Ms. Quam and thus opened up no new areas requiring follow-up questions. The possibility that AdvancePCS did not expect Ms. Quam's responses or was not satisfied with

---

[1] Although this Court denied United's motion to quash, it did so in recognition of the fact that "there is a higher standard for depositions of CEOs." Order on Plaintiff's Motion for Protective Order, Puls Aff. Exhibit F at 3, citing Cardenas v. The Prudential Ins. Co., 2003 WL 21293757 at *1 (D. Minn. 2003). AdvancePCS's current improper attempt to re-depose Ms. Quam must be subject to the same higher standard.

them is not a reason to re-open her deposition now. There was never any suggestion during Ms. Quam's the deposition, or at any time during the fact discovery period, that AdvancePCS did not have a fair opportunity to question Ms. Quam, or that she might need to be deposed again about anything. Ms. Quam's depositions are both closed and fact discovery has concluded. AdvancePCS cannot use this Court's Orders as leverage to alter these facts.

***Bob Dufour and Mary Ellen Mitchell***

AdvancePCS's new subpoenas to Mr. Dufour and Ms. Mitchell are also improper. Mr. Dufour and Ms. Mitchell are pharmacists who hold executive positions with non-parties Wal-Mart and CVS.[2] Their depositions were taken by both Plaintiffs and AdvancePCS. At AdvancePCS's insistence, Ms. Mitchell was even made available for a second day of depositions. Since the close of those depositions,[3] AdvancePCS has never raised any argument that additional deposition time would be needed or claimed that it did not have a fair opportunity to question these witnesses.

In disclosing Mr. Dufour and Ms. Mitchell, along with Ms. Quam, as witnesses who may provide lay opinion testimony, the Plaintiffs specifically stated that "[t]he opinion testimony of which Plaintiffs are presently aware and which Plaintiffs presently intend to introduce at trial is contained within and/or is consistent with the affidavits, deposition transcripts and/or deposition exhibits relating to each above listed individual." Puls Aff. Exhibit D. No new opinion testimony, lay or expert, was disclosed or intended to be disclosed. As such, there is no justification for AdvancePCS to now re-open their depositions. See Puls Aff. Exhibit C at § 2.d.

[2] These individuals are separately represented by counsel and Plaintiffs understand that they may object to the subpoenas in their respective jurisdictions. However, in the likely event that those courts will defer to the judgment of this Court, Plaintiffs address these subpoenas here.

[3] Mr. Dufour was deposed October 21, 2003, and Ms. Mitchell was deposed on January 22, 2004 and February 20, 2004.

Moreover, a review of the subpoenas at issue indicates that the real purpose for seeking to retake the depositions of Ms. Mitchell and Mr. Dufour is to get a second bite at the fact discovery apple. Puls Aff. Exhibit B. The exhibits to the subpoenas list four document requests for each witness. These are not boilerplate exhibits – the requests are specific and tailored demands for documents that AdvancePCS evidently believes it still needs regarding fact issues in this case. Id. These new requests have nothing to do with the recent disclosures ordered by this Court. Thus, these subpoenas represent a plainly improper attempt by AdvancePCS to take factual discovery outside the prescribed discovery period without leave of Court.

## CONCLUSION

In a transparent and unjustified effort to harass one of United's key executives and two third-party witnesses from two of the largest pharmacy chains in AARP Program pharmacy network, AdvancePCS has willfully violated this Court's Orders, including the scheduling order prescribing the time allowed for taking fact discovery. The Plaintiffs raised their objections in a conference call with AdvanvePCS on June 29, 2004, but AdvancePCS refused to withdraw the deposition notice and subpoenas and directed the Plaintiffs to seek relief from this Court.[4] It cannot be a coincidence that out of all the party witnesses Plaintiffs listed on their Rule 26 disclosures, including pharmacists with far more technical knowledge, AdvancePCS chose to seek the re-deposition of the CEO of the United entity managing the AARP Program. Notably, her deposition was noticed by AdvancePCS for the day after the July 12, 2004 mediation in this case. Despite the clear warning that its orders were not to be construed as a blank check to re-open fact discovery, AdvancePCS has offered no reasonable explanation for seeking to enforce

---

[4] AdvancePCS's refusal to withdraw the subject notice and subpoenas has necessitated this filing, and the Plaintiffs (and Wal-Mart and CVS) have incurred significant attorneys' fees and costs thereby.

Ms. Quam's deposition notice and the third-party subpoenas and flatly refused to retract them during the parties' meet and confer.

For the foregoing reasons, Plaintiffs United and AARP respectfully request that the Court grant their Motion to Quash the Deposition Notice to Lois Quam, and the Subpoenas to Bob Dufour and Mary Ellen Mitchell.

Respectfully submitted,

/s Bret A. Puls
David B. Potter (MN #121642)
Bret A. Puls (MN #305157)
OPPENHEIMER WOLFF & DONNELLY LLP
Plaza VII, Suite 3300
45 South Seventh Street
Minneapolis, MN 55402
(612) 607-7000
(612) 607-7100 (fax)

Michael J. Lyle
Holly E. Loiseau
Christine P. Hsu
Eric C. Lyttle
WEIL, GOTSHAL & MANGES LLP
1501 K Street NW, Suite 100
Washington, DC 20005
(202) 682-7000
(202) 857-0940 (fax)

*Attorneys for Plaintiff United HealthCare Ins. Co.*

/s Mark J. Briol
Mark J. Briol (MN #126731)
Vicki J. Bitner (MN #213998)
Amy J. Ihlan (MN #162905)
BRIOL & ASSOCIATES, PLLC
3700 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 337-8410
(612) 337-5151 (fax)

*Attorneys for Plaintiff AARP*

Dated: July 7, 2004