# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| UNITED HEALTHCARE INSURANCE CO. and AARP,<br><br>Plaintiffs,<br><br>v.<br><br>ADVANCEPCS,<br><br>Defendant. | Civil Action No. 01-CV-2320 RHK/AJB |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO QUASH THE DEPOSITION OF LOIS QUAM, AND TO QUASH ADVANCEPCS'S NOTICES TO RECONVENE THE DEPOSITIONS OF MARK LINDSAY, THOMAS ERICKSON AND KRISTIN JOHNSON AND FOR A PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiff United HealthCare Insurance Co. ("United") respectfully submits this Memorandum in support of its Motion to Quash the Deposition of Lois Quam and to Quash AdvancePCS's Notices to Reconvene the Depositions of Mark Lindsay, Thomas Erickson and Kristin Johnson and for a Protective Order. Counsel for United conferred with counsel for AdvancePCS on December 17, 2003 in a good faith effort to resolve this dispute without the intervention of the Court and has been unable to reach an agreement.

## PRELIMINARY STATEMENT

Plaintiff seeks this protective order to prevent AdvancePCS's unjustifiable attempt to depose Lois Quam, the Chief Executive Officer ("CEO") of Ovations, a division of Plaintiff United, and to prevent AdvancePCS's attempt to reconvene the depositions of Mark Lindsay, Tom Erickson and Kristin Johnson.

## ARGUMENT

### I. AS CEO, MS. QUAM IS ENTITLED TO HEIGHTENED PROTECTION FROM THE BURDEN OF AN UNNECESSARY DEPOSITION.

The standard for permitting a party to depose the CEO of a corporation is a strict one. AdvancePCS must establish that (1) Ms. Quam possesses "unique or superior" personal knowledge of discoverable information and (2) that the discoverable information is not available through "less intrusive means." *See Cardenas v. The Prudential Ins. Co.*, 2003 WL 21293757, *1 (D. Minn. 2003) (slip copy) (denying motion to compel depositions because "plaintiffs' affidavits do not demonstrate that [the executives] possess any information that could not be obtained from lower level employees or other sources, much less that their knowledge of plaintiffs' allegations is unique") (Puls Aff., Ex. 8); *see also In re Burlington Northern and Santa Fe Railway Co.*, 99 S.W.3d 323, 326 (Tex. App. 2003); *Ford Motor Co. v. Messina*, 71 S.W.3d 602, 607 (Mo. 2002), *Crown Central Petroleum Corp. v. Garcia*, 904 S.W.2d 125, 128 (Tex. 1995). As discussed below, AdvancePCS cannot meet this standard.

Accordingly, this Court should exercise its broad discretion under the Federal Rule of Civil Procedure 26(c) to quash AdvancePCS's deposition notice and enter a protective order prohibiting AdvancePCS from deposing Ms. Quam unless and until the heightened standard is satisfied. Indeed, granting the requested relief would protect Ms. Quam from annoyance, undue burden, and expense and would further the well-established goals of the discovery rules. *See* Fed. R. Civ. P. 26(c) (providing that "for good cause shown, the court … in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense").

**A. Ms. Quam Does Not Possess Unique or Superior Knowledge of Discoverable Information Regarding the Transition from AdvancePCS to ESI.**

Ms. Quam does not possess the *unique or superior* knowledge required to justify burdening her with a deposition. AdvancePCS premises its professed need to depose Ms. Quam on her involvement "in planning for the transition and in a variety of transition issues." *See* Puls Aff., Ex. 2. Ms. Quam's mere involvement in the transition is not, on its own, a sufficient basis to require her deposition. AdvancePCS must establish that Ms. Quam "is the *only* person with personal knowledge of the information sought or that [she] possesses relevant knowledge *greater in quality or quantity* than other available sources." *In re Alcatel USA, Inc.*, 11 S.W.3d 173, 178 (Tex. 2000) (emphasis added). That is simply not the case here. Although Ms. Quam may possess knowledge of discoverable information regarding the transition from AdvancePCS to ESI, such knowledge is no greater in quality or quantity than the knowledge possessed by other individuals that AdvancePCS has noticed for depositions.

Indeed, each time that either Mr. Lindsay or Mr. Erickson identified Ms. Quam as having knowledge of a particular relevant issue,[3] they noted at least one other high-ranking executive who was privy to the same relevant information. *See, e.g.*, Puls Aff., Ex. 3. For example, when asked by AdvancePCS who at AARP and United had discussed the impact of AdvancePCS's claims diversion on AARP Program's Drug Utilization Review ("DUR") service, Mr. Erickson mentioned Lois Quam, along with individuals employed by ESI and United. *See* Puls Aff., Ex. 3. Both of the executives mentioned by Mr. Erickson – Messrs. Ed Hedblom and Stuart Bascomb –have already been deposed by AdvancePCS. Mr. Hedblom, who was the Chief

[3] Neither Ms. Johnson, Ms. Montgomery, Mr. Hedblom, nor Ms. Renaud identified Ms. Quam as uniquely having information about any particular subject.

Pharmacy Officer at Ovations during the relevant period, and Mr. Bascomb, who is the Executive Vice President, Self-Funded/Carrier Division at ESI, have more direct knowledge than Ms. Quam of the effect of AdvancePCS's actions on the DUR Service. AdvancePCS cannot establish that Ms. Quam possesses unique or superior information and, therefore, this Court should quash AdvancePCS's notice of deposition and enter a protective order prohibiting AdvancePCS from taking Ms. Quam's deposition until further order of this court.

**B. AdvancePCS Has Not Exhausted Less Intrusive Means to Obtain the Information It Now Seeks to Obtain From Ms. Quam.**

Even if Ms. Quam did possess unique or superior knowledge, a deposition of Ms. Quam would be premature at this juncture. AdvancePCS noticed the deposition of Ms. Quam prior to making a good faith effort to exhaust less intrusive means of obtaining the information that it now seeks from Ms. Quam. *See Ford Motor Co. v. Messina*, 71 S.W.3d 602, 608 (Mo. 2002) ("For top-level employee depositions, the court should consider: whether other methods of discovery have been pursued . . ."); *Frozen Food Indust., Inc. v. Goodwin*, 921 S.W.2d 547, 549 (Tex. 1996) (same). AdvancePCS noticed Ms. Quam's deposition after deposing *only three* of the many individuals that it is scheduled to depose. As with Messrs. Lindsay and Erickson, and Ms. Johnson, each of the remaining individuals to be deposed possesses personal knowledge of issues relevant to this litigation. Together, these depositions make the deposition of Ms. Quam wholly unnecessary.

AdvancePCS also has not explored its option of issuing supplemental interrogatories, requests for admissions or supplemental requests for production to obtain the information that it prematurely seeks from Ms. Quam. *See, e.g., Frozen Food*, 921 S.W.2d at 549. Each of these less intrusive methods of discovery must be explored before this Court can