# EXHIBIT G

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| UNITED HEALTHCARE INSURANCE CO. and AARP, | ) | |
| Plaintiffs, | ) | Civil Action No. 01-2320 RHK/AJB |
| v. | ) | |
| ADVANCEPCS, | ) | |
| Defendant. | ) | |

**NOTICE OF RULE 30(b)(6) DEPOSITION OF UNITED HEALTHCARE INSURANCE CO.**

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant AdvancePCS, will conduct the deposition upon oral examination of United Healthcare Insurance Co. ("United"). This deposition shall proceed on February 24, 2004 at 8:30 a.m. at the law offices of Bassford Remle, P.A., 33 South Sixth Street, Suite 3800, Minneapolis, MN 55402, or such location as may be agreed to by the parties and shall continue thereafter from day to day during normal business hours until complete.

This is a deposition under Rule 30(b)(6) of the Federal Rules of Civil Procedure. Under that Rule, AARP is requested to designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.

The following is a description of the matters into which AdvancePCS will inquire at the depositions:

1. United's damages in this case, including, (a) the injury or injuries allegedly suffered by United as a result of the actions of AdvancePCS, (b) the nature and category of all damages or injury for which United is seeking compensation in this case, (c) the

calculation, computation and amount of damages claimed in this case for all damage areas that can be liquidated to a monetary amount, (d) identification of and testimony concerning the documents United believes support its damage claim and calculation, (e) all costs and expenses associated with or expended in earning the lost revenue claimed in this case, (f) the cause or causes of such injury, and (g) revenue, costs and expenses for the AARP program;

2. Any out-of-pocket costs, including but not limited to amounts paid to third parties, incurred by United in response to alleged wrongdoing by AdvancePCS;

3. Any payment of attorneys' fees in connection with this litigation;

4. Any internal efforts and costs expended in response to alleged wrongdoing by AdvancePCS;

5. The prior and current status of negotiations and any agreements concerning the royalty AARP receives for the AARP Program and the nature and computation of the royalty based on the AARP program;

6. Projections and assessments prior to September 1, 2001 of the number of claims to be processed under the AARP program, the amount of revenue to be earned, the growth rate of the program, and any attrition rate of members in the program.

February 10, 2004

By: [signature]

W. Thomas McGough, Jr.
Mary J. Hackett
Christopher J. Soller
REED SMITH LLP
435 Sixth Avenue
Pittsburgh, PA 15219
(412) 288-3088/3250/7286

Lewis A. Remele, Jr.
Kevin P. Hickey, Jr.
BASSFORD REMLE, P.A.
33 South Sixth Street, Suite 3800
Minneapolis, MN 55402
(612) 333-3000

Attorneys for Defendant AdvancePCS