UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United Healthcare Insurance Company
and AARP,

Plaintiffs, Civil No. 01-2320 (RHK/AJB)

vs. **O R D E R**

AdvancePCS,

Defendant.

---

Plaintiffs have appealed from Magistrate Judge Arthur J. Boylan's June 18, 2004 Order on Experts and assert that Judge Boylan "has arbitrarily limited the testimony of fact witnesses." As the undersigned reads Judge Boylan's Order, it says the following:

1. Only 5 witnesses per side (and there are only two sides) will be permitted to give Rule 702 testimony; and
2. There is no limit on the number of witnesses who may give Rule 701 testimony, although Judge Boylan has stated, and the undersigned concurs, that cumulative testimony may well prevent many of the designated Rule 701 witnesses from testifying.

The Order is neither clearly erroneous nor contrary to law; rather it is consistent with the long-standing agreements of the parties with respect to Rule 702 testimony and represents a sound and common sense approach to managing the trial of a case which has all of the earmarks of "overlawyering."

Plaintiffs also take issue with Judge Boylan's directive that the parties must disclose the identity and proposed opinion testimony of any witnesses who will be called to give

Rule 701 opinion testimony. To this Plaintiffs object and assert that the disclosure requirements are "fundamentally contrary to the Rules of Civil Procedure and Rules of Evidence." The Court finds this argument without merit. Having a party identify witnesses and the substance of their testimony is a standard provision in every pretrial order this Court has issued. It is even more compelling in the context of this litigation in which there may well be dispute with respect to whether the proposed testimony of a fact witness is Rule 701 or 702 testimony and if Rule 702 testimony, whether the disclosure requirements of Rule 26 have been complied with. It would appear that Plaintiffs are of the view that any fact witness can offer testimony under Rule 702–conveniently described as "incidental opinion testimony." On that proposition, they are wrong.

Upon all the files, records and proceedings herein, **IT IS ORDERED**:

1. Plaintiffs' Appeal from Judge Boylan's Order on Experts (Doc. No. 204) is **DISMISSED**; and

2. The Order on Experts (Doc. No. 203) is **AFFIRMED.**

Dated: July 13, 2004

s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge