# ReedSmith

Mary J. Hackett
Direct Phone: 412.288.3250
Email: mhackett@reedsmith.com

Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA 15219-1886
412.288.3131
Fax 412.288.3063

July 9, 2004

**VIA FACSIMILE AND REGULAR MAIL**

Michael J. Lyle, Esquire
Weil, Gotshal & Manges LLP
1501 K Street N.W. Suite 100
Washington, DC 20005

Mark J. Briol, Esquire
Briol & Associates PLLC
3700 IDS Center 80 South Eighth Street
Minneapolis, MN 55402

David B. Potter, Esquire
Oppenheimer Wolff & Donnelly LLP
Plaza VII, Suite 3300
45 South Seventh Street
Minneapolis, MN 55402

**Re: United Healthcare, Ins. et al. v. AdvancePCS, Civil Action No. 01-2320 (U.S. District Court for the District of Minnesota)**

Dear Counsel:

In response to Defendant AdvancePCS' Expert Document Requests, Plaintiffs produced thousands of pages of documents including customer satisfaction surveys and supporting data. Among the production were documents bates labeled "Martin 4115-4949, 4996-4997." After a review of the documents plaintiffs produced during fact discovery, it does not appear that these documents were previously produced, although the Court ordered plaintiffs to do so.

In advance of filing a Motion to Strike Claude Martin's Report and Testimony, we wanted to confirm with you that the documents referenced have not been produced.

If you believe the documents were previously produced, please provide the Bates stamp numbers of the prior production within the next few days.

Very truly yours,

**REED SMITH LLP**

By: [signature]
Mary J. Hackett



EXHIBIT
10

ReedSmith

bcc: John P. Rasmussen, Esq.
Reed Smith Team

WEIL, GOTSHAL & MANGES LLP
1501 K STREET, NW
SUITE 100
WASHINGTON, DC 20005
(202) 682-7000
FAX: (202) 857-0939

AUSTIN
BOSTON
BRUSSELS
BUDAPEST
DALLAS
FRANKFURT
HOUSTON
LONDON
MIAMI
NEW YORK
PARIS
PRAGUE
SILICON VALLEY
SINGAPORE
WARSAW

WRITER'S DIRECT LINE
(202) 682-7126
eric.lyttle@weil.com

June 4, 2004

**BY FEDERAL EXPRESS**

Christopher Soller, Esq.
Reed Smith
435 Sixth Avenue
Pittsburgh, Pennsylvania 15219-1886

**Re: United HealthCare Ins. Co. and AARP v. AdvancePCS**
**Civil Action No. 01-2320 (D. Minn.)**

Dear Chris:

Enclosed please find documents responsive to Defendant AdvancePCS' Document Requests Directed to Plaintiffs United HealthCare Insurance Co. and AARP. These documents are from Plaintiffs' experts John Maxwell (Maxwell 0001-4249) and Claude Martin (Martin 0001-4999). Documents from Plaintiffs' expert Arthur Cobb will arrive under separate cover. Please do not hesitate to contact me with any questions.

Very truly yours,

Eric C. Lyttle

cc: WGM Team
David B. Potter/Bret A. Puls
Mark J. Briol/Vicki J. Bitner
Lewis A. Remele/Kevin P. Hickey

Enclosure

EXHIBIT
tabbies
11

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

- - - - - - - - - - - - - - - - - - - - - - - - - -

United HealthCare Insurance, et al., COPY

Plaintiffs,

vs. Case No. 01-2320

AdvancePCS,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - -

THE HONORABLE ARTHUR J. BOYLAN

United States Magistrate Judge

* * * *

TAPE-RECORDED HEARING

TRANSCRIPT OF PROCEEDINGS

* * * *

Date: 3/31/04

Reporter: Lisa M. Thorsgaard

EXHIBIT 12

The Court told you to produce documents supporting your damage claim and they didn't do it. And after that there's not much more I can do.

THE COURT: Well, let me, first of all, respond to the question of the manner in which this is brought up before me. I always tell the parties that if there's a dispute about discovery, I always encourage some informal contact with the court in an effort to resolve it. I usually, a lot of times maybe, and I think we've done in this case, even entertained it by telephone on a moment's notice. And so I don't think it's inappropriate that you seek my guidance which is essentially asking me to inform the parties as to what I meant when I said you've got to provide all the documents in reference to damage analysis. And so let me respond in the informal fashion that I think that it's being brought before me, and I want to make clear on the record that by so responding, I am not precluding either party from raising this in the future if you think that you want a more formal motion practice briefing and order that



I would issue. Here's my response in the informal fashion that it's brought before me and in the informal response as to what my thinking is.

I don't think that -- I shouldn't preface by saying I don't think. I'll just tell you what my thoughts are. The question of attorneys' fees, in my estimation, is something that comes up later on. It is not, I don't believe, the question of damage analysis in the classic sense of the word. I was more concerned about the damages that would be brought to issue at the trial, and I wanted to make sure that the defendants were not surprised and that you had an adequate opportunity by getting the documents that you thought were -- plaintiffs were using to base those damage calculations prior to the close of discovery. I wanted to make sure all that was disclosed to you.

The question of attorneys' fees I always view as something that comes up, as both parties described, posttrial if, in fact, one, party's prevailed as to whether or not attorneys' fees should be awarded; and number



two, to the extent that determination that attorneys' fees should be awarded, what the amount of reasonable attorneys' fees should be. And it's after trial, I think, that that comes before the Court, and that's the best response I can give to both parties at this time. I don't want to preclude either of you from making a more formal motion, and if you think you can change my mind, feel free to do it.

But I do think, and I'll say this, that it's important when you start talking about settlement that there at least be some idea as to what the amount of attorneys' fees claims are, and I would suspect that it would be well worth the parties' while to informally engage in at least some meet and confer concerning what the various claims are for attorneys' fees and costs if that, in fact, is going to be an element of any settlement discussions that may take place hereafter. But I recognize that this is really, to a certain extent on attorneys' fees, a real early stage because you've got a long way to go. You have to go through a set of dispositive motions and



the practice that is connected with that and gearing up for trial, actual trial work and any posttrial motions that may take place thereafter. So I understand that you're a long way from the end of the journey.

Anything further from either side in reference to that issue?

MR. BRIOL: For the record, Your Honor, in our correspondence to them wherein we said we believe it inappropriate at this time, we gave them the amount of our fees and the amount of our costs to date and said that that was appropriate and so they know that number.

THE COURT: Sure. Okay.

MR. BRIOL: Thank you, Your Honor.

THE COURT: Sounds great. I'll take these matters under advisement.

* * *